# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**MICHAEL LUNNON,**

       **Plaintiff,**

     **vs.**                          **Civ. No. 16-1152  MV/JFR**

**UNITED STATES OF AMERICA,** *et al.*,

       **Defendants.**


## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on the United States' Rule (12)(b)(1) Motion to

Dismiss Counts I-III of Plaintiff's Amended Complaint, filed October 2, 2018.  Doc. 105.

Plaintiff filed a Response on October 16, 2018.  Doc. 106.  The United States filed a Reply on

October 23, 2018.  Doc. 107.  This matter is also before the Court on Plaintiff's Motion to Strike

Exhibits from United States' Reply Brief, or Alternatively to Allow a Response by Plaintiff, filed

October 25, 2018.  Doc. 109.  The United States filed a Response on November 2, 2018.

Doc. 111.  Having reviewed the parties' submissions and the relevant law, and for the reasons set

forth herein, the Court finds and recommends that the United States' Motion to Dismiss Counts

I-III of Plaintiff's Amended Complaint (Doc. 105) be **GRANTED in part and DENIED in**

**part**; it is well taken regarding Count I as alleged under 5 U.S.C. §§ 702-706 of the

Administrative Procedures Act ("APA"); is not well taken regarding Count II as alleged under 26

U.S.C. § 6213; and it is well taken in part regarding Count III as alleged under 26 U.S.C. § 7433.

---

[1] By an Order of Reference filed June 4, 2019 (Doc. 121), the presiding judge referred this matter to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the motions.

The Court further finds that because the Court did not convert the United States' Motion to Dismiss into a summary judgment motion, and did not consider the United States' arguments raised for the first time in its Reply, Plaintiff's Motion to Strike is rendered moot. *See* Section II.A., *infra*. The Court, therefore, recommends that Plaintiff's Motion to Strike (Doc. 109) be **DENIED AS MOOT.**

## I. Background Information

For the purpose of ruling on Defendant United States' Motion to Dismiss Counts I-III, the Court assumes that the following well-pled facts taken from Plaintiff's Amended Complaint are true.[2] *Holt v. U.S.,* 46 F.3d 1000, 1002-1003 (10th Cir. 1995) (explaining that in reviewing a Rule 12(b)(1) facial attack on the complaint's allegations as to subject matter jurisdiction, a district court must accept the allegations in the complaint as true.) In addition to the Complaint, the court may consider documents referred to in the Complaint if the documents are central to the Plaintiff's claims and the parties do not dispute the documents' authenticity. *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir. 2002).

Plaintiff states that LG Kendrick, LLC ("Kendrick LLC"), has a franchise agreement with Defendant The UPS Store, Inc. ("TUPSS"), and is a franchisee of TUPSS with a store located in New Mexico.[3] Doc. 104 at 2. On March 15, 2011, the IRS, through its agent, Defendant T.W.

---

[2] Although a court must generally take the allegations in a complaint as true no matter how skeptical the court may be, "[t]he sole exception to this rule lies with the allegations that are sufficiently fantastic to defy reality as we know it[,]" for example, those related to "experiences in time travel." *Ashcraft v. Iqbal,* 556 U.S. 662, 696 (2009) (Souter, J., dissenting); *Valdez v. Nat'l Sec. Agency,* 228 F.Supp.3d 1271, 1280 (D. Utah 2017) ("At the pre-discovery motion to dismiss stage, [the district court] must assume the truth of well-pleaded factual allegations that are not simply legal conclusions or bare assertions of the elements of a claim – so long as the allegations do not defy reality as we know it[.]")

[3] TUPSS is a Georgia corporation operating out San Diego, California, which conducted business with New Mexico franchisee Kendrick LLC. Doc. 104 at 2. Kendrick LLC is a New Mexico limited liability company, and Plaintiff asserts that Kendrick LLC assigned its rights to claims in this case to him in July 2018. *Id.* It appears that Plaintiff Lunnon was the manager and sole member of Kendrick LLC. Doc. 105 at 2-3. While formerly named as a Plaintiff, Kendrick LLC is no longer a party to this action. Doc. 104. Plaintiff Lunnon is proceeding *pro se*. The Court notified Plaintiff on October 25, 2016, that the corporate entity Kendrick LLC was precluded from proceeding *pro*

Lyons, issued a Notice of Federal Tax Lien against "LG Kendrick LLC as the alter ego of Michael E. Lunnon." *Id.* at 2-3, 12 (Exh. 1). The Notice indicated that Plaintiff owed $30,506.49 in unpaid taxes for years 1998, 1999 and 2008 (sic).[4] *Id*. at 12 (Exh. 1). The Notice of Federal Tax Lien stated as follows:

> As provided in sections 6321,[5] 6322,[6] and 6323[7] of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

---

*se* by Local Rule 83.7. Doc. 7. Although counsel briefly entered an appearance on behalf of Kendrick LLC on July 26, 2017 (Doc. 59), he later withdrew (Doc. 88). District Judge Martha Vázquez issued an order informing Plaintiff that any pleading that included the corporate entity Kendrick LLC would be stricken, and default judgment or sanctions may be imposed if Kendrick LLC appeared again without an attorney. Doc. 89. The pursuit of Kendrick LLC's interests would require its representation by counsel in this case in accordance with Local Rule 83.7. Because Kendrick LLC is not a party, its interests, if any, are not properly before the Court.

[4] The Notice of Levy indicates taxes are owed for the years 1998, 1999 and *2005*; however, the amount stated therein is the same amount associated with the taxes owed for 2008 that are subject to the Notice of Federal Tax Lien. Doc. 104 at 12-13 (Exhs. 1, 2). It appears the proper tax year for the Notice of Federal Tax Lien is, therefore, 2005, rather than 2008.

[5] A statutory tax lien in favor of the United States arises with respect to all property and rights to property of a taxpayer upon failure to pay a tax liability after demand. 26 U.S.C. § 6321. However, a federal tax lien is not self-executing; the IRS must take affirmative action to enforce collection of the unpaid tax. *See United States v. National Bank of Commerc*e, 105 S. Ct. 2919, 2924 (1985).

[6] A tax lien arises automatically at the time of the assessment and continues thereafter until the underlying tax liability is satisfied or collection is barred by the statute of limitations. See 26 U.S.C. § 6322; se*e In re Berg,* 188 B.R. at 618 ("A Notice of Federal Tax Lien must, however, be filed before a tax lien will be effective against third parties."); *Walker v. United States,* No. 04–5448, 2008 WL 576791, at *1 (D.N.J. Feb.29, 2008) (The notices of federal tax liens protect the government from third-party claims against the taxpayer's property in accordance with the provisions of § 6323. The notices do not affect the statutory liens that arose automatically.); *Gass v. U.S. Dept. of Treas.,* No. 98–0075, 1999 WL 250890, at *8 (D. Colo. Mar.30, 1999) (holding that any procedural irregularities with respect to a notice of federal tax lien do not affect the validity of the statutory tax lien).

[7] A notice of federal tax lien is separate and distinct from the statutory tax lien. *See Polite v. United States,* No. 07-CV-1950-AJB (WVG), 2012 WL 965996, at *6 (S.D. Cal. March 21, 2012). The § 6321 statutory tax lien creates the United States' interest, and the notice of federal tax lien recorded in the county recorder's offices establishes priority against certain enumerated creditors under § 6323. *Id.* The notice of the alter ego tax lien at issue in this case did not create the tax lien on Plaintiff's property, but merely protected the government's interest in his property and priority against other creditors. *See id.*

*Id*.  The Notice of Federal Tax Lien was filed in McKinley County, Gallup, New Mexico.  *Id*.

The Notice of Federal Tax Lien identified a Date of Assessment for each tax period, specifically

7/12/2004 (for 1998 taxes), 2/3/2003 (for 1999 taxes), and 7/21/2008 (for 2005 taxes).  *Id*.

On March 10, 2011, IRS Revenue Officer Defendant Lyons sent a "Notice of Levy on

Wages, Salary, and Other Income" to TUPSS and identified the taxpayer as "LG Kendrick LLC

as the Alter-Ego of Michael E. Lunnon."  Doc. 104 at 13 (Exh. 2).  The Notice of Levy indicated

that Plaintiff owed $44,528.81 in unpaid taxes and statutory additions for years 1998, 1999 and

2005.  *Id*.  The Notice of Levy demanded that TUPSS surrender payments owed to Kendrick,

LLC, for tax claims that were asserted to exist solely against Plaintiff.  *Id*.  The Notice of Tax

Levy stated

> [w]e figured the interest and late payment penalty to 04/21/2011.  Although we
> asked you to pay the amount you owe, it is still not paid.
>
> This is your copy of a Notice of Levy we have sent to collect the unpaid amount.
> We will send other levies if we don't get sufficient funds to pay the total amount
> you owe.
>
> This levy requires the person who received it to turn over to us: your wages and
> salary that have been earned but not paid, as well as wages and salary earned in
> the future until the levy is released; and (2) your other income that the person has
> now or is obligated to pay you.  This money is levied to the extent it isn't exempt,
> as explained on the back of Part 5 of this form.
>
> If you decide to pay the amount you owe now, please **bring** a guaranteed payment
> (*cash, cashier's check or money order*) to the nearest IRS office with this form, so
> we can tell the person who received this levy not to send us your money.  . . .

*Id*. (emphasis in original).  Between March 2011 and February 2018, TUPSS diverted $65,000

from Kendrick LLC to the IRS.  *Id*. at 9.[8]

---

[8] Plaintiff states that since February 2013 (sic) TUPSS diverted "at least $65,000 from LG Kendrick to the IRS."
Doc. 104 at 9.  The government claims that it seized $51,252.40 from TUPSS in connection with the Notice of Levy
at issue here.  Doc. 105 at 3.  *See* fn. 17, *infra*.

Based on the foregoing facts, Plaintiff's Amended Complaint states claims in Counts I – III for (1) judicial review of the IRS's "alter ego" determination and a ruling that sets it aside as arbitrary and capricious pursuant to 5 U.S.C. § 706; (2) a refund of levied taxes pursuant to 26 U.S.C. § 6213(a); and (3) damages for unauthorized collection of taxes pursuant to 26 U.S.C. § 7433.  Doc. 104.

## II.    Analysis

In its Motion to Dismiss, the United States argues that the Court lacks subject matter jurisdiction over Counts I, II and III of Plaintiff's Amended Complaint.  As to Count I, the United States argues that the relief Plaintiff seeks pursuant to 5 U.S.C. §§ 702-706 is barred by the Declaratory Judgment Act.  Doc. 105 at 2, 3-5.  As to Count II, the United States argues that the relief Plaintiff seeks pursuant to 26 U.S.C. § 6213 creates a cause of action only in Tax Court, and that even if the Court were to liberally construe Plaintiff's Count II as bringing a claim pursuant to 26 U.S.C. § 7426(a)(1), that Plaintiff lacks standing to seek a refund of funds seized from another legal entity and that any refund action under that statute is time-barred.  *Id.* at 2, 5-7.  As to Count III, the United States argues that the relief Plaintiff seeks pursuant to 26 U.S.C. § 7433 is time-barred.  *Id.* at 2, 9-10.

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress."  *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted).  A plaintiff generally bears the burden of demonstrating the court's jurisdiction to hear his claims.  *See Steel Co. v. Citizens for a Better Env't*, 118 S. Ct. 1003, 1017 (1998).  Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss a complaint for "lack of subject-matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).

An attack against a complaint under Rule 12(b)(1), may either challenge (1) the complaint's facial allegations concerning the existence of subject matter jurisdiction, *see Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013), or (2) the moving party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based, *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (distinguishing "facial" attacks and "factual" attacks); *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005). In a facial challenge, the district court limits its review to the sufficiency of the complaint, and it accepts the allegations in the complaint as true. *Id.*; *Peterson*, 707 F.3d at 1205-06. In a factual attack, a court has wide discretion to review "affidavits, other documents, and a limited evidence hearing to resolve disputed jurisdictional facts." *Id.* at 1002-03; *see also Sanchez v. Ward*, No. 13-00246 RB/RHS, 2013 WL 12328914, at *2 (D.N.M. Oct. 29, 2013) (assuming defendant intends a facial attack where they included no affidavits or documentation for the court to consider); *Continental Carbon Co.*, 428 F.3d at 1292 (recognizing discretion to allow documentary and testimonial evidence under 12(b)(1)).

A court's reference to evidence outside the pleadings does not necessarily convert such a motion to a Rule 56 motion for summary judgment. *See Davis v. United States,* 343 F.3d 1282, 1296 (10th Cir. 2003) ("the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts" without converting the motion to dismiss to a Rule 56 motion)*; Alto Eldorado Partners v. City of Santa Fe*, No. 08-0175 JB/ACT, 2009 WL 1312856, at *8-9 (D.N.M. Mar. 11, 2009) (no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims). In

evaluating a Rule 12 motion, a court "may look beyond the complaint to matters of public record, including court files and records [and] documents referenced in the complaint or essential to a plaintiff's claim which are attached to either the complaint or the defendant's motion." *Id.* (citations omitted).  A district court may consider evidence and make findings of fact necessary to rule on subject matter jurisdiction before trial if the jurisdictional facts are not intertwined with the merits. *KMG Props. v. Internal Revenue Service*, No. 08-1544, 2009 WL 1885930, at *4 (W.D. Pa. 2009) (citing 12 Moore's Federal Practice § 12.30 (Matthew Bender 3d. ed)).

Where the court determines that jurisdictional issues raised in Rule 12(b)(1) motions are intertwined with the case's merits, the court should resolve the motion under either 12(b)(6) or Rule 56. *Holt*, 46 F.3d at 1003.  When deciding whether jurisdiction is intertwined with the merits of a particular case, "the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *Id.* (citation omitted).  The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case. *Id.* (citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987)).  If the Court must review exhibits submitted with the United States' briefing to determine whether the United States is entitled to dismissal due to any procedural irregularities,[9] then the Court may need to treat the motion as one for summary judgment.

Where, as here, a party is proceeding *pro se*, the Court is to liberally construe his pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). "But the court [is] not

---

[9] Procedural irregularities with respect to a notice of federal tax lien do not affect the validity of the statutory tax lien. *Gass v. U.S. Dept. of Treas.*, No. 98-0075, 1999 WL 250890, at *8 (D. Colo. Mar. 30, 1999).

[to] 'assume the role of advocate for the pro se litigant.'" *Baker v. Holt*, 498 F. App'x 770, 772 (10th Cir. 2012) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Accordingly, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). In other words, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110.

### A.   The Court Will Not Convert the United States' Motion to Dismiss into One for Summary Judgment and Does Not Consider Arguments Raised for the First Time in the United States' Reply

As an initial matter, under Rule 12(d), a court has broad discretion to refuse to accept the extra-pleading materials and to resolve a motion to dismiss solely on the basis of the pleading itself. *See Lowe v. Town of Fairland, Okl.,* 143 F.3d 1378, 1381 (10th Cir.1998). Reversible error may occur if a court considers matters outside the pleadings but fails to convert the motion to dismiss into a motion for summary judgment. *Id.* No conversion is required, however, when the court considers information that is subject to proper judicial notice or exhibits attached to the complaint, unless their authenticity is questioned. *See Geinosky v. City of Chicago,* 675 F.3d 743, 745 n. 1 (7th Cir.2012). *See also Rose v. Utah State Bar,* 471 F. App'x 818, 820 (10th Cir. Mar. 23, 2012) (unpublished opinion) (no conversion required where court takes judicial notice of its own files and records and facts that are matter of public record). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assoc. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir.1993).

Here, the Court will not convert the United States' motion to dismiss into one for summary judgment. To do so would require the Court to give notice to the parties and allow Plaintiff an opportunity to present his own extra-pleading evidence, an inefficient process better left for a motion for summary judgment filed in the normal course of the discovery process. Therefore, the Court will not consider the exhibits attached to the United States' Reply that constitute extra-pleading material that are not properly the subject of judicial notice or that are not documents referred to in Plaintiff's Amended Complaint and central to his claim. Nor will the Court consider the United States' arguments raised for the first time in its Reply. *See Kee v. Raemisch*, No. 18-1467, 2019 WL 5549327, at *5 (10th Cir. Oct. 28, 2019) (explaining that "[t[he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief," and "[w]e see no reason to depart from that rule here.") (quoting *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) (internal quotation marks omitted)); *see also Headrick v. Rockwell Intern. Corp.*, 24 F.3d 1272, 1278 (10th Cir. 1994) (applying rule to appellate procedure recognizing unfairness to opposing party and the court); *Pippin v. Burlington Resources Oil and Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006) (recognizing opposing party's right to respond to arguments raised in reply unless the court decides not to rely on the new materials and arguments); *Plottner v. AT&T Corp.*, 224 F.3d 1161, 1175 (10th Cir. 2000) (refusing to consider issues raised for first time in reply brief).

## B.    Count I - Plaintiff's Claim for Administrative Review/ Declaratory Judgment of the Alter Ego Determination

In Count I of Plaintiff's Amended Complaint, Plaintiff seeks judicial review of the IRS's administrative determination identifying Kendrick LLC as his alter ego, and requests a ruling to "set aside the agency['s] 'alter ego' decision as arbitrary and capricious under [5 U.S.C.] § 706." Doc. 104 at 3-4. Plaintiff argues that the IRS "made some sort of administrative adjudication or

agency decision that the 'alter ego' circumstance existed," but that he was never notified of the proposed agency action to pursue Kendrick LLC as an alter ego. *Id.* at 3. Plaintiff argues that the IRS's designation was without statutory authority and violated his right to due process. *Id.*, Doc. 106 at 2. Plaintiff does not argue that the taxes collected were *not* owed or that Kendrick LLC was *not* his alter ego.

In its Motion to Dismiss, the United States contends that it is entitled to dismissal of Plaintiff's first cause of action based on the Court's lack of subject matter jurisdiction because (1) Plaintiff has failed to establish a waiver of sovereign immunity; (2) the APA does not confer subject matter jurisdiction; and (3) the Declaratory Judgment Act ("the DJA"), 28 U.S.C. § 2201, prohibits any court of the United States from declaring the rights of any interested party seeking a declaration in matters related to federal tax claims. Doc. 105 at 3-5. The United States does not substantively address Plaintiff's alter ego contention because it believes the Court lacks jurisdiction to hear the issue in the first instance.

In his Response, Plaintiff asserts, without more, that it is the combination of 28 U.S.C. § 1331(a) and the APA that provides for jurisdiction and a waiver of sovereign immunity for the Court to address Count I. Doc. 106 at 7. Plaintiff further asserts that the United States has failed to explain how § 2201 bars review of the IRS's "alter ego" determination or how that review would have any impact whatsoever on a legitimate tax collection. *Id.*

In its Reply, the United States restates its arguments, and adds that to the extent Plaintiff asserts the APA must grant subject matter jurisdiction because he would have no recourse to challenge this agency action, that Plaintiff and Kendrick LLC had remedies available to them

following service of the Notice of Levy, including a wrongful levy suit in which the alter ego determination could have been challenged.[10]  Doc. 107 at 3-4.

Under the doctrine of sovereign immunity, the United States "may not be sued without its consent and … the existence of consent is a prerequisite to jurisdiction."  *Rivera v. IRS*, 708 Fed. App'x 508, 510 (10th Cir. 2017).  By depriving courts of subject matter jurisdiction over claims against the United States, its agencies, and officers acting in their official capacity, "[s]overeign immunity generally shields [these entities] from suit." *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002)*; see also United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) ("[T]he terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.").  Jurisdiction should be decided as a threshold matter.  *Steel Co. v. Citizens for a Better Environment*, 118 S. Ct. 1003, 1012 (1998).  The burden is on Plaintiff "to find and prove an explicit waiver of sovereign immunity."  *Id*. (citation omitted).  A waiver of sovereign immunity is strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute.  *Fostvedt v. United States*, 978 F.2d 1201, 1202 (10th Cir. 1992).  Jurisdiction is not conveyed, and sovereign immunity is not waived by general statutes such as 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1340 (jurisdiction arising under the Internal Revenue Code).  *Id*. at 1203.

Here, Plaintiff has failed to establish that 28 U.S.C. § 1331 waives sovereign immunity or that the APA confers subject matter jurisdiction on this Court for his cause of action and relief sought under Count I; *i.e.,* to review the IRS's "alter ego" determination and declare that

---

[10] Plaintiff has not alleged or argued violations and/or remedies pursuant to any other Internal Revenue Code statutes related to Count I of his Amended Complaint.  The Court's analysis, therefore, addresses only whether Plaintiff's claim for judicial review and a ruling related to the IRS's determination is properly before this Court pursuant to 5 U.S.C. §§ 702-706 as alleged.  *See* Section II.A., *supra*.

it was arbitrary and capricious and denied him due process.  As an initial matter, 28 U.S.C.

§ 1331 is a general jurisdictional statute conferring district courts with original jurisdiction over

federal questions, but it does not waive sovereign immunity.  *Kansas by & through Kansas*

*Dep't for Children & Families v. SourceAmerica*, 874 F.3d 1226, 1240 (10th Cir. 2017); *see*

*also Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295

(10th Cir. 2009) (explaining that general jurisdictional statutes, such as 28 U.S.C. § 1331, do not

waive the government's sovereign immunity, and that a party seeking to assert a claim against

the government under such a statute must also point to a specific wavier of immunity in order

to establish jurisdiction); *Neighbors for Rational Dev., Inc. v. Norton*, 379 F.3d 956, 960-61

(10th Cir. 2004) (explaining that "district court jurisdiction cannot be based on § 1331 unless

some other statute waives sovereign immunity").  Here, Plaintiff relies on the APA for a

specific waiver of immunity in this case, but his reliance is misplaced.

Under section 702 of the APA, Congress waived the United States' immunity from suit

for actions "seeking relief other than money damages and stating a claim that an agency or an

officer or employee thereof acted or failed to act in an official capacity or under color of legal

authority."  5 U.S.C. § 702.  The Tenth Circuit has recognized that this language "waive[s]

sovereign immunity in most suits for nonmonetary relief" against the United States, its

agencies, and its officers.  *Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1080 (10th

Cir. 2006) (quoting *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1233 (10th Cir. 2005)).

Thus, because Plaintiff's Count I does not seek monetary relief, it falls within the APA's

waiver of sovereign immunity unless there is "'any other statute that grants consent to suit

expressly or impliedly forbids the relief which is sought.'"  *Id.* (quoting *Neighbors for Rational*

*Dev., Inc. v. Norton*, 379 F.3d 956, 961 (10th Cir. 2004) (quoting 5 U.S.C. § 702(2))).  In other

words, the APA must be read "'in conjunction with other jurisdictional statutes waiving

sovereign immunity'" to determine whether those statutes forbid the relief Plaintiff seeks. *Id.*

(quoting *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 907 (10th Cir. 2004)

(quoting *New Mexico v. Regan*, 745 F.2d 1318, 1321-22 (10th Cir. 1984))).

Here, the APA's sovereign immunity waiver does not apply to Plaintiff's Count I because

another statute, the DJA, expressly prohibits declaratory judgments "with respect to Federal

taxes."[11]  28 U.S.C. § 2201(a); *see also Fostvedt*, 978 F.2d at 1203-04 (the DJA "specifically

prohibits declaratory judgments in matters relating to federal taxes" and citing prohibition of

such suits under the AIA and DJA); *Flora v. United States*, 80 S. Ct. 630, 640 (1960) (citing

legislative history rationale for excluding federal tax disputes from the DJA); *Commercial Nat'l*

*Bank of Chicago v. Demos*, 18 F.3d 485, 490 (7th Cir. 1994) (noting the DJA precludes a suit to

declare a party's rights with respect to tax issues); *see also Lonsdale v. United States*, 919 F.2d

1440, 1444 (10th Cir. 1990) (§ 702 does not provide authority to grant relief where other statutes

forbid the relief sought); *Califano v. Sanders*, 97 S. Ct. 980, 985 (1977) ("[T]he APA does not

afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency

action.").  Although Plaintiff characterizes his claim as a "review" of an agency determination

and argues that such a review would have no impact on a legitimate tax collection, his

characterization and argument do not alter that the IRS made its determination to levy the funds

of Plaintiff's "alter ego" as part of its tax assessment and collection efforts against Plaintiff and

therefore falls within the prohibition of the DJA.[12]  *See Green Sol. Retail, Inc. v. United States,*

---

[11] The Anti-Injunction Act ("the AIA"), 26 U.S.C. § 7421(a) also bars suits in federal district court for the purposes of restraining the assessment or collection of any tax.  *See Rivera*, 708 Fed. App'x at 511 (noting the AIA applies broadly to assessment and collection of taxes, as well as activities leading up to, and culminating in, such assessment and collection).

[12] *See Mama's Enters., LLC v. United States*, 883 F. Supp. 2d 1128, 1133 (N.D. Ala. 2012) ("The IRS may levy the funds of a taxpayer's "alter ego" because the property owned by a delinquent taxpayer includes property owned by a

855 F.3d 1111, 1116 (10th Cir. 2017) (explaining that the DJA (and AIA) prohibitions apply "not only to the actual assessment or collection of a tax, but [are] equally applicable to activities leading up to, and culminating in, such assessment and collection."). Accordingly, Plaintiff's Count I in which he seeks review of the IRS's "alter ego" determination and a ruling that the determination was arbitrary and capricious and denied him due process falls within the prohibitions stated in the DJA and therefore is outside of the waiver of sovereign immunity provided in the APA. *Id.*

For the foregoing reasons, the Court finds that Count I of Plaintiff's Amended Complaint fails to demonstrate the existence of a waiver of sovereign immunity under the APA. As such, the Court finds that the United States' Motion to Dismiss Count I is well taken and that the United States is entitled to sovereign immunity from Plaintiff's claim for judicial review of its alter ego determination and ruling pursuant to 5 U.S.C. §§ 702-706. The Court, therefore, recommends that the United States' Motion to Dismiss Count I be **GRANTED** for lack of subject matter jurisdiction.

### C.    Count II - Tax Refund Pursuant to 26 U.S.C. § 6213(a)

In Count II of Plaintiff's Amended Complaint, Plaintiff claims that "[p]rior to issuing its Notice of Levy, no district director or service center director had issued any Notice(s) of Deficiency to plaintiff regarding the claims made, as required by § 6212 and 26 C.F.R. § 301.6212-1" (Doc. 104 at 4), thereby establishing the basis of his refund claim pursuant to § 6213(a). Plaintiff further claims under Count II that "[p]rior to issuing its Notice of Levy, [the

---

third party that is an alter-ego of the taxpayer.") (citing *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350-51, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977); *Shades Ridge Holding Co., Inc. v. United States*, 888 F.2d 725, 728 (11th Cir. 1989) ("Property of the nominee or alter ego of a taxpayer is subject to the collection of the taxpayer's tax liability.")).

IRS] also did not issue plaintiff (or LG Kendrick) a Notice of Right To a Collection Due Process

Hearing regarding its claims, as required under 26 U.S.C. § 6330," also establishing the basis of

his refund claim.  *Id.*  Plaintiff therefore seeks an automatic refund of all funds collected by the

IRS, plus any statutory interest.  *Id.* at 4-5.

The United States moves to dismiss Count II of Plaintiff's Complaint on the grounds

that the Court lacks subject matter jurisdiction because (1) § 6213 allows taxpayers to challenge

a tax assessment only in Tax Court; and (2) even if Plaintiff's claim were liberally viewed as a

wrongful levy action under 26 U.S.C. § 7426(a)(1), it still fails because Plaintiff lacks standing

to bring a third-party claim and any action pursuant to 26 U.S.C. § 7426(a)(1) is time-barred by

the 90-day statute of limitations provided in 26 U.S.C. § 6532(c).[13]  Doc. 105 at 5-6.

In his Response, Plaintiff argues that the plain language of § 6213 provides for both

injunctive relief and "refunds of amounts levied in violation of the deficiency notice

requirements . . . *in the proper court*, including Tax Court."   Doc. 106 at 5 (emphasis in

original).  He contends that § 6213 provides that proceedings in Tax Court only pertain to

deficiency redeterminations, and that here the United States failed to provide him with a notice

---

[13] 26 U.S.C. § 7426 addresses civil actions by persons other than taxpayers.  26 U.S.C. § 7426(a)(1) addresses
wrongful levies and states that

> [i]f a levy has been made on property or property has been sold pursuant to a levy, any person
> (other than the person against whom is assessed the tax out of which such levy arose) who claims
> an interest in or lien on such property and that such property was wrongfully levied upon may
> bring a civil action against the United States in a district court of the United States.  Such action
> may be brought without regard to whether such property has been surrendered to or sold by the
> Secretary.

26 U.S.C. § 7426(a)(1).

  26 U.S.C. § 6532(c) provides that unless an extension has been agreed to upon writing between the taxpayer and
the Secretary, "no suit proceeding under section 7426 shall be begun after the expiration of 2 years from the date of
the levy or agreement giving rise to such action."  26 U.S.C. § 6532(c)(1).

of deficiency.  *Id.*  As such, he argues that his refund claim for improperly collected funds falls within the collection prohibition of § 6213 and is properly before this Court.  *Id.* at 5-6.

In its Reply, the United States concedes that at least one district court has held that a refund suit under § 6213 need not be brought exclusively in Tax Court.[14]  Doc. 107 at 4.  In light of its concession, the United States newly argues that even if this Court had authority to entertain a § 6213 suit for refund, Plaintiff cannot seek a refund under the facts of this case.  *Id.*  The United States asserts that (1) § 6213 is only triggered after the issuance of a notice of deficiency, which Plaintiff alleges he never received; (2) refunds under § 6213 are limited to instances where the IRS levies funds during a ninety-day prohibition period described therein; *i.e.,* during the ninety-day period following a notice of deficiency during which the taxpayer is seeking a redetermination; and (3) the funds at issue here were levied from Kendrick LLC, and not Plaintiff, such that Plaintiff lacks standing to pursue a claim under § 6213.  *Id.* at 5.  The United States also argues, for the first time in its Reply, that it has established by Declaration that notices of deficiency were sent to Plaintiff years before the IRS levied any funds, that Plaintiff did not seek a redetermination of the deficiency, and that no funds were levied during the prohibited ninety-day window pursuant to § 6213.  *Id.* at 5-6.  As such, a refund suit under § 6213 cannot proceed.  *Id.* at 6.  Finally, the United States argues that to the extent Plaintiff is bringing a civil action for refund pursuant to 26 U.S.C. § 7422, Plaintiff has failed to exhaust his administrative remedies, and it is time-barred.[15]  *Id.* at 5-6, n. 5.

---

[14] *Walcott v. United States*, No. 15-cv-02630 MSK/STV, 2017 WL 2901712, at *3-5 (D. Colo. July 7, 2017).

[15] Plaintiff moved to strike the United States' Reply and accompanying declaration or, in the alternative, sought leave to file a surreply addressing the United States' arguments and evidence.  Doc. 109.   The Court, however, is not converting Defendant's Motion to Dismiss into a motion for summary judgment and is not considering Defendant's arguments raised for the first time in its Reply.  *See* Section II.A., *supra.*  Plaintiff's Motion to Strike is, therefore, rendered moot.

The Court does not agree with the United States that a refund claim for improperly levied funds pursuant to 26 U.S.C. § 6213 is limited to Tax Court. To the contrary, the Court is persuaded that, on its face, § 6213 contemplates a proceeding by which a taxpayer can seek a refund of funds that were collected by a levy in violation of that section's terms "in the proper court, including the Tax Court." 26 U.S.C. § 6213. *In Walcott v. United States*, No. 15-cv-02639-MSK/STV, 2017 WL 2901712 (D. Colo. July 7, 2017), the court assumed the IRS levy occurred (and collections were made) *without any notice of deficiency* being mailed to the taxpayer, thereby imposing a levy before the expiration date for a petition to be filed under § 6213(a). *Walcott*, 2017 WL 2901712, at *4. The district court explained that

> Section 6213(a) can be parsed as follows. The first sentence of that section sets forth a deadline, measured from the Notice of Deficiency, by which the taxpayer must "file a petition in the Tax Court for a redetermination of the deficiency." *Id.* The second sentence of the section prohibits the IRS from undertaking collection activities, including a levy, until the deadline established by the first section has passed. *Id.* The third sentence provides the relief the taxpayer may obtain if the prohibition in the second sentence is violated: the levy or other collection effort "may be enjoined by a proceeding in the proper court, including the Tax Court, and a refund may be ordered by such court of any amount collected." *Id.* (emphasis added). *If Congress intended that a suit for an injunction and/or refund under § 6213(a) could only be maintained in the Tax Court, the third sentence's reference to "the proper court, including the Tax Court" would be redundant.* It is clear that although the Tax Court is the sole venue in which a taxpayer can request a redetermination of a deficiency under the first sentence of § 6213(a), the statute permits the taxpayer to enjoin improper levies and seek a refund of improperly levied funds from any "proper court" capable of granting such relief. The Court does not understand the Government to argue that the District Courts lack jurisdiction to entertain suits for injunctions or refunds under § 6213(a). Thus, the Court disagrees with the Magistrate Judge's conclusion that Ms. Walcott cannot maintain a suit for a refund under § 6213(a) in this Court.

*Id.* (emphasis added). The district court then held that it could lawfully impose the remedy of a refund pursuant to § 6213(a). *Id.* ("a taxpayer aggrieved by collection activities that occur before the date specified in [§ 6213(a)] may sue . . . to recover the funds that had already been collected unlawfully (via a refund)"). Similarly here, this Court agrees with Plaintiff that § 6213(a)

contemplates a proceeding "in the proper court, including the Tax Court," by which a taxpayer can seek a refund of funds that were collected by a levy in violation of that section's terms, even if the taxpayer is not seeking injunctive relief. *See id.* at *5. That said, whether Plaintiff's claim has merit is not addressed and remains to be determined. *Id.* For now, however, the Court finds that the United States' Motion to Dismiss Count II for lack of subject matter jurisdiction on the grounds that § 6213 does not create a cause of action in district court is not supported.

The Court also finds the United States' second argument for lack of subject matter jurisdiction as to Count II is unavailing. The United States argues that if the Court were to liberally construe Plaintiff's action as refund claim pursuant to 26 U.S.C. § 7426(a), that such an action would also fail because the relief available under that statute is available only to those persons other than the taxpayer against whom the tax has been assessed; *i.e.,* in this case Kendrick LLC. Doc. 105 at 6. In other words, Plaintiff would lack standing to bring an action pursuant to 26 U.S.C. § 7426(a). Here, however, Plaintiff clearly articulates the basis for his refund claim in his Amended Complaint and in his Response as 26 U.S.C. § 6213 and does not refer to 26 U.S.C. § 7426(a) anywhere in his Amended Complaint or his Response. Doc. 104 at 4-5; Doc. 106 at 5-6. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (explaining that liberally construing a *pro se* litigant's pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements). As such, the Court does not construe Plaintiff's Amended Complaint as stating a claim pursuant to 26 U.S.C. § 7426(a).

For the foregoing reasons, the Court finds that the United States' Motion to Dismiss as to Count II is not well taken because the grounds for dismissal are not supported. The Court further finds that Plaintiff's Amended Complaint has alleged sufficient facts on which a recognized legal claim could be based. The Court, therefore, recommends that the United States' Motion to Dismiss as to Count II be **DENIED**.

### D.   Count III - Damages for Unauthorized Taxes Under 26 U.S.C. § 7433

Plaintiff's third claim for relief seeks damages under § 7433 based on allegations that the United States negligently and recklessly disregarded certain provisions of the Internal Revenue Code and engaged in the unauthorized collection of taxes. Doc. 104 at 5-6. In particular, Plaintiff argues that the United States violated § 6213(a) (the IRS collected funds absent a deficiency notice); § 6303 (the IRS collected funds without providing a notice and demand for tax); § 6330 (the IRS collected funds without a notice of right to a collection due process hearing); § 6334(a)(9) and (d) (the IRS failed to make certain exemptions from the levy and exceeded the amount it should have collected); § 6343 (the IRS failed to issue a levy notice release once the levy was satisfied); and § 6342(b) (the IRS failed to return surplus proceeds to the person or persons legally entitled thereto). *Id.*

The United States moves to dismiss Count III of Plaintiff's Complaint on the grounds that the Court lacks subject matter jurisdiction because the time for bringing a § 7433 claim has expired. Doc. 105 at 9-10. The United States argues that "[a]n aggrieved taxpayer must bring his Section 7433 action 'within 2 years after the date the right of action accrues,'" and that a cause of action "accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." *Id.* Here, the United States contends that

Plaintiff's cause of action accrued in March 2011, when the Notice of Levy was served on Kendrick LLC. *Id.* As such, the time for filing a claim has long since expired. *Id.*

In his Response, Plaintiff asserts that the cause of action accrued when actual damages occurred; *i.e.,* when funds were actually diverted to the United States in response to the Notice of Levy. Doc. 106 at 6. Plaintiff further asserts that "[a]ccording to the complaint any damages only accrued from month to month – as each payment diversion actually occurred," and that the contention that damages accrued merely due to the date of issuance of the levy notice must be rejected. *Id.*

In its Reply, the United States contends that Plaintiff, without any legal authority, incorrectly argues that the statute of limitations does not begin to run until the last of the damages has accrued. Doc 107 at 6-7. It further contends that pursuant to the Transcript of Account attached to its Reply, funds were levied multiple times in 2013, beginning on July 22, 2013. *Id.* Thus, even if the Court were to assume that actual damages had to occur for the statute of limitations to begin to run, the United States argues that Plaintiff began incurring actual damages on July 22, 2013. *Id.* Finally, the United States argues that prior to filing a civil action under § 7433, Plaintiff was required to file an administrative claim which he has not done.[16] *Id.*

Section 7433 provides for the recovery of damages resulting from unauthorized collection activities when "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title." 26 U.S.C. § 7433; *Sachs v. US ex rel IRS*, 59 Fed. App'x 116 (6th Cir. 2003). A successful claim under § 7433 can only occur when Title 26, or a

---

[16] *See* fn. 15, *supra*, and Section II.A., *supra*.

regulation promulgated thereunder, is violated.  Here, Plaintiff alleges violation of 26

U.S.C.§§ 6213, 6303, 6330, 6334(a)(9) and (d), 6342 and 6343.  Doc. 104 at 5.

Section 7433 constitutes a limited waiver of the United States' sovereign immunity

from tax refund suits, but limits taxpayer suits to "within 2 years after the date the right of

action accrues."  26 U.S.C. § 7433(d)(3); *see Shipley v. Internal Revenue Service,* No. 05-3273,

2006 WL 497720, at *1 (10th Cir. March 2, 2006) (unpublished).  As such, the statute must be

read narrowly.  *Allied/Royal Parking L.P. v. United States*, 166 F.3d 1000, 1003 (9th Cir. 1999)

("[S]ection 7433's limited waiver to the government's sovereign immunity must be read

narrowly.").  The "time-bar qualifies a waiver of sovereign immunity," and thus constitutes a

limitation on subject matter jurisdiction.  *Dahn v. United States*, 127 F.3d 1249, 1252 (10th Cir.

1997).

The right of action accrues "when the taxpayer has had a reasonable opportunity to

discover all essential elements of a possible cause of action."  26 C.F.R. § 7433-1(g)(2).  "The

language in the regulation – a 'reasonable opportunity' – sets a relatively low bar."  *Keohane v.

U.S.*, 669 F.3d 325, 329 (D.C. Cir. 2012).  Courts have found this "reasonable opportunity"

language "bars a suit if the plaintiff had such notice as would lead a reasonable person either to

sue or to launch an investigation that would likely uncover the requisite facts."  *Id.* (internal

quotations omitted).  Further, "[i]t does not matter whether the plaintiff knows the injury is

actionable – he need only know that he has been injured."  *Kovacs v. U.S.*, 614 F.3d 666, 674

(7th Cir. 2010) (quoting *Fayoade v. Spratte*, 284 F. App'x 345, 347 (7th Cir. 2008) (citing

*Central States v. Navco*, 3 F.3d 167, 171 (7th Cir. 1993) (noting that claim accrues even though

victim does not know he is legally entitled to recover)).  Moreover, litigants are charged with

knowledge of the law.  *See Dziura v. U.S.,* 168 F.3d 581, 583 (1st Cir. 1999) ("taxpayers – like

the IRS – [are] chargeable with knowledge of the law, and thus with knowledge that the IRS had a duty to return [levied property]").

A number of courts have found that a taxpayer has a "reasonable opportunity" to know of the essential elements of a cause of action and that the two-year statute of limitations for a § 7433(a) suit begins to run when a plaintiff receives notice of the IRS levy giving rise to a claim under the statute. *See Portsmouth Ambulance, Inc. v. U.S.*, 756 F.3d 494, 503 (6th Cir. 2014); *Keohane*, 669 F.3d at 330; *Kovacs*, 614 F.3d at 674-75; *Copeland v. U.S.*, No. 1:14cv1152, 2014 WL 6775425, at *4 (N.D. Ohio, Dec. 2, 2014). Alternatively, other courts, including courts within the Tenth Circuit, have held that the statute of limitations begins to run when a plaintiff learns that the IRS has commenced collection efforts pursuant to the levy. *See Gandy Nursery, Inc. v. U.S.*, 318 F.3d 631, 637 (5th Cir. 2003); *Wallace v. U.S.*, 372 F. App'x 826, 829 (10th Cir. 2010), *Shipley*, 2006 WL 497720, at *1; *Voulgaris v. Internal Revenue Service*, No. 17-13129, 2018 WL 4220392, at *4 (E.D. Mich. Sept. 5, 2018); *Walcott v. U.S.*, No. 14-cv-01758 RED/KMT, 2015 WL 5532081, at *3-4 (D. Colo. June 19, 2015); *Moline v. U.S.*, No. 09-4145-RDR, 2010 WL 5600996, at *1 (D. Kan. Feb. 16, 2010).

a.   <u>**The Statute of Limitations for Plaintiff's Alleged Violations of §§ 6213(a), 6303, 6330 and 6334(a)(9) and (d) Began to Run in March 2011 and Should Be Dismissed as Time-Barred**</u>

Plaintiff does not dispute that he was aware of the Notice of Levy in March 2011, and clearly states in his Amended Complaint that the IRS began collecting funds in March 2011 and continued to do so through February 2018. Doc. 104 at 3. Thus, under either theory of "reasonable opportunity" discussed above, the date on which the statute of limitations began to

run, at least as to certain of his allegations, was March 2011.[17]  Plaintiff nonetheless argues that

his damages accrued month to month, as each collection occurred.  Doc. 106 at 6.  In other

words, Plaintiff argues that the continuing nature of the damages he incurred should determine

when the statute of limitations began to run.  Plaintiff's argument, however, necessarily fails

because the continuing wrong doctrine does not apply when the injury is "definite and

discoverable, and nothing prevented the plaintiff from coming forward to seek redress."

*Wallace*, 372 F. App'x at 830 (quoting *Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1430-31 (10th Cir.

1996)); *see also  Keohane*, 669 F.3d at 329 (explaining that a continuing violation "is one that

could not reasonably have been expected to be made the subject of a lawsuit when it first

occurred because its character as a violation did not become clear until it was repeated during

the limitations period, typically because it is only its cumulative impact [] that reveals its

illegality") (internal citations omitted)).  Here, Plaintiff knew of the IRS's allegedly illegal levy

in March 2011, more than five years before he filed suit in October 2016, and "nothing

prevented him from recognizing the potential injury at that time, nor would later events provide

any greater insight into his possible cause of action."  *Keohane*, 669 F.3d at 330 (quoting

*Macklin v. United States*, 300 F.3d 814, 824 (7th Cir. 2002)).

    For these reasons, the Court finds that the United States' Motion to Dismiss Count III

pursuant to § 7433 is well taken with respect to Plaintiff's alleged violations of §§ 6213(a),

6303, 6330 and 6334(a)(9) and (d) and that Plaintiff's claim as to these alleged violations is

time-barred.  The Court, therefore, recommends that the United States' Motion to Dismiss

---

[17] Elsewhere in Plaintiff's Amended Complaint, he states that the IRS collected funds since February 2013.  Doc. 104 at 9.  But even if the statute of limitations began to run in February 2013, Plaintiff's claim would still be time-barred as he did not file his original complaint until October 2016.  Doc. 1.

Count III pursuant to § 7433 as to Plaintiff's alleged violations of §§ 6213(a), 6303, 6330 and 6334(a)(9) and (d) be **GRANTED** for lack of subject matter jurisdiction.

    **b.**  <u>Sections 6343 and 6342(b) Should Not Be Dismissed as Time-Barred</u>

   Considering the legal standards as discussed above, the Court is not prepared to find that Plaintiff's § 7433 claim with respect to his alleged violations of §§ 6343 and 6342(b) should be dismissed.  Here, Plaintiff could not have known in March 2011 that the IRS would fail to release the levy once it was satisfied and exceed the amount it should have collected in violation of § 6343, or that the IRS would fail to return any surplus funds collected as required in violation of § 6342(b).  Further, the Court cannot determine from the facts alleged in Plaintiff's Amended Complaint when Plaintiff had a "reasonable opportunity" to know of the essential elements of a cause of action pursuant to §§ 6343 and 6342(b).[18]  For these reasons, the Court finds that the United States' Motion to Dismiss Count III pursuant to § 7433 as it relates to Plaintiff's alleged violations of §§ 6343 and 6342(b) is not well taken.  The Court, therefore, recommends that Defendant's Motion to Dismiss Count III pursuant to § 7433 as to Plaintiff's alleged violations of §§ 6343 and 6342(b) be **DENIED.**

      **III.**  <u>**RECOMMENDATION**</u>

   For the foregoing reasons, the Court recommends that the United States' Motion to Dismiss Counts I-III of Plaintiff's Amended Complaint (Doc. 105) should be **GRANTED in part and DENIED in part** as follows:

---

[18] In the absence of this information, the Court only determines that Plaintiff's Amended Complaint as to these claimed violations has alleged sufficient facts on which a recognized legal claim could be based.  Whether Plaintiff's claim has any merit is not addressed and remains to be determined.

1.      It is well taken regarding Count I as alleged under 5 U.S.C. §§ 702-706 of the Administrative Procedures Act ("APA");

2.      It is not well taken regarding Count II as alleged under 26 U.S.C. § 6213; and

3.      It is well taken in part regarding Count III as alleged under 26 U.S.C. § 7433.

The Court further recommends that Plaintiff's Motion to Strike (Doc. 109) be **DENIED AS MOOT**.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**