IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL LUNNON,

    Plaintiff,

vs.                               Civ. No. 16-1152 MV/JFR

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on United States' Rule (12)(b)(1) Motion to Dismiss Counts I-III of Plaintiff's Amended Complaint, filed October 2, 2018. Doc. 105. This matter is also before the Court on Plaintiff's Motion to Strike Exhibits from United States' Reply Brief, or Alternatively to Allow a Response by Plaintiff, filed October 25, 2018. Doc. 109. In his Proposed Findings and Recommended Disposition ("PFRD"), filed November 19, 2019, United States Magistrate Judge John F. Robbenhaar recommended that the Court grant in part and deny in part the United States' Motion to Dismiss Counts I-III of Plaintiff's Amended Complaint. Doc. 139. Judge Robbenhaar also recommended that the Court deny as moot Plaintiff's Motion to Strike. On November 26, 2019, the United States filed a notice of no objections. Doc. 140. On December 3, 2019, Plaintiff timely filed Objections to Magistrate Findings & Recommendation (Doc. 142) ("Objections").[1]

---

[1] The United States did not file a response to Plaintiff's Objections.

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

The Court has considered the United States' Motion to Dismiss, Plaintiff's Response, the Magistrate Judge's PFRD, and Plaintiff's Objections in light of the foregoing standards, and has conducted a *de novo* review. Based on this review, the Court finds that Plaintiff's Objections to the Magistrate Judge's PFRD are unfounded.

### A. Count I – Plaintiff's Claim for Administrative Review/Declaratory Judgment of the Alter Ego Determination

In Count I of his Amended Complaint, Plaintiff seeks judicial review of the IRS's administrative determination identifying Kendrick LLC as his alter ego, and requests a ruling to "set aside the agency['s] 'alter ego' decision as arbitrary and capricious under [5 U.S.C.] § 706." Doc. 104 at 3-4. Plaintiff argued that the IRS "made some sort of administrative adjudication or agency decision that the 'alter ego' circumstance existed," but that he was never notified of the proposed agency action to pursue Kendrick LLC as an alter ego. *Id.* at 3. Plaintiff further argued that the IRS's designation of an alter ego was without statutory authority and violated his right to due process. *Id.*, Doc. 106 at 2.

#### 1. Anti-Injunction Act

In the PFRD, the magistrate judge found that because the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"), expressly prohibits declaratory judgments with respect to Federal taxes, Plaintiff's request for a review of the IRS's "alter ego" determination and a ruling that the determination was arbitrary and capricious and denied him due process fell within the DJA's prohibitions. Doc. 139 at 9-14. As such, the magistrate judge found that Plaintiff had failed to demonstrate the existence of a waiver of sovereign immunity under the Administrative Procedures Act and that the Court, therefore, lacked subject matter jurisdiction.[2] *Id.* In making this finding, the magistrate judge inserted a footnote stating that the Anti-Injunction Act, 26 U.S.C. § 7421 ("AIA"), "also bars suits in federal district court for the purposes of restraining the assessment or collection of any tax." *Id.* 13, fn. 11.

---

[2] In his analysis, the magistrate judge explained that the APA's sovereign immunity waiver for suits seeking nonmonetary relief did not apply to Plaintiff's Count I because the DJA expressly prohibits declaratory judgments "with respect to Federal taxes." Doc. 139 at 12-13.

Citing *Green Solution Retail, Inc. v. United States*, 855 F.3d 1111, 1115 (10th Cir. 2017), Plaintiff objects to the PFRD recommending dismissal of Count I by arguing that because the AIA, referred to in the footnote, does not apply to his case, and because the AIA and the DJA, pursuant to *Green*, are "coterminous," that the DJA cannot apply to his case either. Doc. 142 at 1-2. In other words, Plaintiff asserts that the only way the DJA can apply to his claim is if the AIA also applies because the two acts "cover the same circumstances." *Id.* Plaintiff contends that the AIA does not apply to his case because at the time he filed his Complaint, the funds at issue were already collected; *i.e,* he was not seeking to enjoin the IRS from any collection action because the collection had already occurred. *Id.* In sum, Plaintiff contends that because the AIA could not possibly have any application in this case, pursuant to *Green*, the DJA does not apply either. *Id.* Plaintiff asks the Court to reject the PFRD with respect to Count I. *Id.*

Plaintiff's argument is misplaced. In *Green*, the plaintiff sought to enjoin the IRS from investigating whether it trafficked in a controlled substance in violation of federal law, and sought a declaratory judgment that the IRS was acting outside its statutory authority when it made findings that a taxpayer had trafficked in a controlled substance. 855 F.3d at 1113. The IRS moved to dismiss for lack of subject matter jurisdiction, arguing that the AIA barred suit "for the purpose of restraining the assessment or collection of any tax," and that the DJA prohibited declaratory judgments "with respect to Federal taxes." *Id.* The Tenth Circuit affirmed the district court's decision that the IRS's investigation was an "activity leading up to" an assessment and that plaintiff's lawsuit was filed for the purpose of restraining any such assessment. *Id.* at 1121. As such, plaintiff's lawsuit was barred by the AIA and the DJA. *Id*. The Tenth Circuit explained, after discussing the jurisdictional nature of the AIA, that the plaintiff could not "make an end-run around the AIA through its request for declaratory relief"

4

because the DJA's tax exception is "coterminous" with the AIA's prohibiting the collection of federal taxes. *Id.* at 1115. To explain its meaning, the Court stated that the words "with respect to Federal Taxes" contained in the DJA means "restraining the assessment or collection of any tax" as found in the AIA. *Id.* In other words, the DJA *also* bars lawsuits that attempt to restrain the assessment or collection of any tax by seeking a declaratory judgment, making the AIA and DJA the same only in that respect. The Tenth Circuit did not, as Plaintiff argues, state that "coterminous" meant that the AIA and DJA "cover the same circumstances," and if both provisions do not apply to the facts of a case, neither provision applies.

Here, the magistrate judge correctly found that the DJA expressly prohibits declaratory judgments "with respect to Federal taxes," and that Plaintiff's claim in Count I of his Amended Complaint fell within the prohibitions of the DJA because the IRS's determination to levy the funds of Plaintiff's "alter ego" was part of its tax assessment and collection efforts against Plaintiff. Doc. 139 at 13. Further, the magistrate judge did not in any way explicitly or implicitly suggest that the AIA was applicable to the facts of this case. Instead, in explaining that the DJA expressly prohibits declaratory judgments "with respect to Federal taxes," the magistrate judge merely dropped a footnote to state that another statute, the AIA, "also bars suits in federal district court for the purposes of restraining the assessment or collection of any tax." Doc. 139 at 13, fn. 11. Plaintiff's argument, therefore, necessarily fails.

### 2. **Due Process Violation**

Next, citing *Scheafnocker v. Comm'r of Internal Revenue*, 642 F.3d 428, 436 (3rd Cir. 2011),[3] Plaintiff also objects to the PFRD recommending dismissal of Count I arguing, without more, that he raised a due process violation and that the Court has jurisdiction to consider that claim. Doc. 142 at 3. In his Amended Complaint, Plaintiff titled Count I as a "Judicial Review of Administrative Decision." Doc. 104 at 2. After alleging certain facts to support his claim for review, including, *inter alia*, that he did not receive notice of or get to participate in whatever process the agency engaged in to arrive at its decision to identify and proceed with collecting taxes from Plaintiff's alter ego, Plaintiff concluded and explicitly stated he was seeking "*review* of the agency record and decision pursuant to 5 U.S.C. § 702, and a *ruling* that sets aside the agency 'alter ego' decision as arbitrary and capricious under § 706." *Id.* at 4 (emphasis added). Plaintiff, therefore, argued the Court had jurisdiction to review the agency decision pursuant to 5 U.S.C. §§ 702-706 of the Administrative Procedures Act.[4] *Id.*

Plaintiff did not characterize or present his claim in Count I as a constitutional violation. To the extent that Plaintiff is attempting to do so now, the Court finds his argument unavailing. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Hinzo v. N.M. Dep't of Corr.*, No. Civ. 10-506 JB/CG, 2013 U.S. Dist. LEXIS 55104, at *2-4 (D.N.M. Mar. 29, 2013) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *United States v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001) ("In this circuit,

---

[3] The opinion in *Scheafnocker* was vacated on April 24, 2012. *Scheafnocker v. Comm'r of Internal Revenue*, 2012 WL 1854183, (3rd Cir. Apr. 24, 2012).

[4] In his Response, Plaintiff asserted that the Court also had jurisdiction pursuant to 28 U.S.C. § 1331(a). Doc. 106 at 7.

theories raised for the first time in objections to the magistrate judge's report are deemed waived.")). That said, even if the Court were to construe Plaintiff's mere use of the words "due process" as alleging a constitutional violation, Plaintiff's claim, without more, is conclusory. *See Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995) (holding that even pro se litigants must do more than advance conclusory allegations regarding constitutional claims); *see also Tietjen v. Colvin*, 527 F. App'x 705, 709 (10th Cir. 2013) (finding that arguments raised in a perfunctory manner are waived) (citing *United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002)).

An alleged violation of the procedural due process required by the Due Process Clause[5] prompts a two-step inquiry: (1) whether the plaintiff has shown the deprivation of an interest in "life, liberty, or property" and (2) whether the procedures followed by the government in depriving the plaintiff of that interest comported with "due process of law." *Elliott v. Martinez*, 675 F.3d 1241, 1244 (10th Cir. 2012) (citing *Ingraham v. Wright*, 430 U.S. 651, 673 (1977)). As to the first step, Plaintiff has failed to identify how the IRS's internal process for identifying Plaintiff's alter ego for the purpose of satisfying Plaintiff's taxpayer obligations deprived Plaintiff of a protectible property interest.[6] "[T]o prevail on either a procedural or substantive due process claim, a plaintiff must first establish that a defendant's actions deprived plaintiff of a protectible property interest." *Hyde Park Co. v. Santa Fe City Council,* 226 F.3d 1207, 1210 (10th Cir. 2000); *see also Steffey v. Orman,* 461 F.3d 1218, 1221 (10th Cir.2006) ("A due

---

[5] The Due Process Clause states, "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend, XIV, § 1.

[6] Plaintiff does not argue that the taxes collected were *not* owed or that LG Kendrick LLC was *not* his alter ego. Instead, Plaintiff argued in his Amended Complaint that he should have been notified of and allowed to participate in the IRS's decision-making process that identified his alter ego, LG Kendrick, LLC, before the decision became final and before the agency proceeded with issuing the Notice of Federal Tax Lien and Notice of Levy against LG Kendrick, LLC. Doc. 104 at 3.

process claim under the Fourteenth Amendment can only be maintained where there exists a constitutionally cognizable liberty or property interest with which the state has interfered."). In the context of a procedural due process claim, it is only after a plaintiff first demonstrates the existence and deprivation of a protected property interest that the plaintiff is constitutionally entitled to an appropriate level of process. *See Hennigh v. City of Shawnee,* 155 F.3d 1249, 1253 (10th Cir. 1998). As to the second step, Plaintiff has not identified any statute or regulation that placed substantive limitations on the IRS's official discretion by establishing substantive predicates to govern its official decision-making and by mandating the outcome to be reached upon a finding that the relevant criteria have been met. *Elliott,* 675 F.3d at 1243. In other words, Plaintiff has not identified any mandated procedures that the IRS was required, but failed, to follow in identifying a taxpayer's alter ego for purposes of tax collection in violation of Plaintiff's due process rights.[7]

In sum, the constitutional purpose of due process is to protect a substantive interest to which an individual has a legitimate claim of entitlement. *Id.* at 1245 (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)). Here, Plaintiff has failed to demonstrate a legitimate claim of entitlement for which due process was withheld. Further, Plaintiff's mere use of the

---

[7] Instead Plaintiff argues, without more, that the IRS had no statutory authority for making the decision to identify and pursue his alter ego for the purpose of tax collection. Doc. 104 at 3. *See* 26 U.S.C. § 6331(a) (authorizing Treasury Secretary to collect taxes "by levy upon all property and rights to property" belonging to such person or on which there is a lien provided . . . for the payment of such tax"); *see also Mama's Enters., LLC v. United States*, 883 F. Supp. 2d 1128, 1133 (N.D. Ala. 2012) ("The IRS may levy the funds of a taxpayer's 'alter ego' because the property owned by a delinquent taxpayer includes property owned by a third party that is an alter-ego of the taxpayer.") (citing *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350-51, (1977)); *Shades Ridge Holding Co., Inc. v. United States*, 888 F.2d 725, 728 (11th Cir. 1989) ("Property of the nominee or alter ego of a taxpayer is subject to the collection of the taxpayer's tax liability.")).

words "due process" does not satisfy his burden for alleging a constitutional violation and does not suffice to recharacterize the nature of his claim as alleged in his Amended Complaint.

The Court, therefore, following its *de novo* review, finds that the magistrate judge properly construed Plaintiff's notice allegations within the context of Plaintiff's request for a review of the IRS's determination and a ruling that the IRS's determination was arbitrary and capricious and denied him due process pursuant to 5 U.S.C. §§ 702-706. The Court further finds that the magistrate judge correctly found that the IRS's determination regarding Plaintiff's alter ego was made as part of its tax assessment and collection efforts against Plaintiff and therefore falls within the prohibition of the DJA.

For the foregoing reasons, the Court hereby OVERRULES Plaintiff's Objections as to Count I and ADOPTS the Magistrate Judge's PFRD.

### B.      Count II - Tax Refund Pursuant to 26 U.S.C. § 6213(a)

The parties raised no objections to the Magistrate Judge's PFRD as to the United States' Motion to Dismiss Count II. The failure to make timely objections to the Magistrate Judge's Proposed Findings and Recommended Disposition waives appellate review of both factual and legal questions. *U.S. v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996).

For this reason, the Court hereby ADOPTS the Magistrate Judge's PFRD as to Count II.

### C.      Count III - Damages for Unauthorized Taxes Under 26 U.S.C. § 7433

Count III of Plaintiff's Amended Complaint seeks damages under § 7433 based on allegations that the United States negligently and recklessly disregarded certain provisions of the Internal Revenue Code and engaged in the unauthorized collection of taxes. Doc. 104 at 5-6. In particular, Plaintiff argued that the United States violated § 6213(a) (the IRS collected funds absent a deficiency notice); § 6303 (the IRS collected funds without providing a notice

9

and demand for tax); § 6330 (the IRS collected funds without a notice of right to a collection due process hearing); § 6334(a)(9) and (d) (the IRS failed to make certain exemptions from the levy and exceeded the amount it should have collected); § 6343 (the IRS failed to issue a levy notice release once the levy was satisfied); and § 6342(b) (the IRS failed to return surplus proceeds to the person or persons legally entitled thereto). *Id.*

Plaintiff objects to the Magistrate Judge's PFRD recommending dismissal Count III pursuant to § 7433 as to Plaintiff's alleged violations of 26 U.S.C. §§ 6213(a), 6303, 6330 and 6334(a)(9) and (d). Doc. 142 at 3-4. In so doing, Plaintiff essentially reasserts the same argument that he presented in his Amended Complaint and in his response in opposition to the United States' Motion to Dismiss; *i.e.,* that his cause of action for damages pursuant to 26 U.S.C. § 7433 accrued only after the IRS actually collected funds, and that his damages continued to accrue month to month as each collection occurred. Doc. 142 at 3-4. The Court is not persuaded, and, following its *de novo* review, finds no fault with the PFRD as to this issue and discerns nothing might usefully be added to it. As such, rather than repeat what the magistrate judge has already written, the Court hereby OVERRULES Plaintiff's Objections as to Count III and ADOPTS the Magistrate Judge's PFRD.

D. <u>Conclusion</u>

**IT IS THEREFORE ORDERED** that the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 139).

**IT IS FURTHER ORDERED that** the United States' Motion to Dismiss Counts I-III of Plaintiff's Amended Complaint (Doc. 105) is **GRANTED in part and DENIED in part** as follows:

1. Count I of Plaintiff's Amended Complaint failed to demonstrate the existence of a waiver of sovereign immunity under 5 U.S.C. §§ 702-706 of the Administrative Procedures Act. Accordingly, the United States' Motion to Dismiss Count I is **GRANTED** for lack of subject matter jurisdiction and Count I is **DISMISSED.**

2. Count II of Plaintiff's Amended Complaint has alleged sufficient facts on which a recognized legal claim could be made. Accordingly, the United States' Motion to Dismiss Count II is **DENIED.**

3. Count III of Plaintiff's Amended Complaint as alleged under 26 U.S.C. § 7433 regarding violations of 26 U.S.C. §§ 6213(a), 6303, 6330 and 6334(a)(9) and (d) is time-barred. Accordingly, the United States' Motion to Dismiss Count III is **GRANTED** for lack of subject matter jurisdiction as to alleged violations of 26 U.S.C. §§ 6213(a), 6303, 6330 and 6334(a)(9) and (d) and these alleged violations are **DISMISSED**.

4. Count III of Plaintiff's Amended Complaint as alleged under 26 U.S.C. § 7433 regarding violations of 26 U.S.C. §§ 6343 and 6342(b) is not time-barred. Accordingly, the United States' Motion to Dismiss Count III as to these alleged violations is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Doc. 109) is **DENIED AS MOOT**.

_____
**MARTHA VÁZQUEZ
United States District Judge**