IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL LUNNON,

    Plaintiff,

vs.                                           Civ. No. 16-1152 MV/JFR

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on United States and T. W. Lyons' ("Defendants") Amended Joint Motion and Brief in Support to Dismiss the RICO Cause of Action in the Amended Complaint ("Motion to Dismiss Count IV"), filed July 10, 2019. Doc. 123. This matter is also before the Court on the Court's Order to Show Cause, filed November 8, 2019. Doc. 136. In his Proposed Findings and Recommended Disposition ("PFRD"), filed February 21, 2020, United States Magistrate Judge John F. Robbenhaar recommended that the Court grant the Motion to Dismiss Count IV and quash the Order to Show Cause. Doc. 149. On March 3, 2020, Plaintiff timely filed Plaintiff's Objections to Findings & Dismissal Recommendation (Doc. 152) ("Objections") which are now before the Court.

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal, "[t]he district judge must

1

determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

The Court has considered the Motion to Dismiss Count IV, Plaintiff's Response, and Defendants' Reply; the Court's Order to Show Cause, Defendant United States' Response, and Plaintiff's Objections; and the Magistrate Judge's PFRD and Plaintiff's Objections in light of the foregoing standards, and has conducted a *de novo* review. Based on this review, the Court finds that Plaintiff's Objections to the Magistrate Judge's PFRD are unfounded and they are overruled.

## I. Relevant Procedural Background

On September 18, 2018, Plaintiff filed an Amended Complaint removing LG Kendrick, LLC ("Kendrick LLC") as a Plaintiff[1] and adding T. W. Lyons and The UPS Store, Inc. ("TUPSS") as Defendants. Doc. 104. The Amended Complaint also removed a cause of action for quiet title,

---

[1] Kendrick LLC is a New Mexico limited liability company. The Clerk of this Court notified Plaintiff on October 25, 2016, that the corporate entity Kendrick LLC was precluded from proceeding *pro se* by Local Rule 83.7. Doc. 7. The Court then issued an order informing Plaintiff that any pleading that included the corporate entity Kendrick LLC would be stricken, and default judgment or sanctions may be imposed if Kendrick LLC appeared again without an attorney. Doc. 89.

and added two causes of action, *i.e.,* Count IV against Defendant Lyons and TUPSS for RICO Violations, and Count VI against TUPSS for Bad Faith Breach of Contract.[2] *Id.* On October 2, 2018, Defendant United States filed a Motion to Dismiss Counts I-III of Plaintiff's Amended Complaint.[3] Doc. 105. On October 25, 2018, a summons was issued as to TUPSS, and TUPSS filed an Answer on November 20, 2018. Doc. 112. The case was temporarily stayed from December 27, 2018 through February 28, 2019, due to a federal lapse in appropriations. Docs. 117, 119. On May 20, 2019, three summonses were issued as to Defendant Lyons and indicated that copies of the summons and Amended Complaint were mailed to (1) Defendant Lyons' last known address; (2) the U.S. Attorney General William Barr; and (3) the U.S. Attorney John C. Anderson for the District of New Mexico. Docs. 124, 125, 126. On July 11, 2019, and July 12, 2019, the summonses were returned and indicated that delivery was complete as to U.S. Attorney General William Barr and U.S. Attorney John C. Anderson for the District of New Mexico. Docs. 125, 126. The delivery of the summons and Amended Complaint mailed to Defendant Lyons at his last known address was not completed. Doc. 124. Following service of the summonses and Amended Complaint as to Defendant Lyons, Defendants filed their Motion to Dismiss Count IV on July 8, 2019. Doc. 122. On July 10, 2019, Defendants filed the Amended Motion to Dismiss Count IV. Doc. 123.

On November 8, 2019, the Court entered an Order to Show Cause ordering Defendant United States to demonstrate the authority by which it brought the Motion to Dismiss Count IV on its behalf and that of Defendant Lyons, where Plaintiff's allegations in Count IV were not alleged

---

[2] The Amended Complaint does not contain a Count V. *See* Doc. 104.

[3] On January 29, 2020, the Court entered an Order Overruling Plaintiff's Objections and Adopting Magistrate Judge's Proposed Findings and Recommended Disposition. Doc. 143. The United States' Motion To Dismiss Counts I-III was granted as to Count I, denied as to Count II, and granted in part and denied in part as to Count III. *Id.*

3

against the United States, and where the United States had neither waived service nor entered its appearance on behalf of Defendant Lyons. Doc. 136. On November 18, 2019, Defendant United States responded to the Order to Show Cause. Doc. 136. On December 2, 2019, Plaintiff filed Objections to the United States' Response. Doc. 141.

On February 21, 2020, the magistrate judge entered Proposed Findings and Recommended Disposition. Doc. 149. The magistrate judge recommended that Defendants' Motion to Dismiss Count IV not be stricken. *Id*. at 6-14. The magistrate judge further recommended that Defendants' Motion to Dismiss Count IV be granted because the claims as alleged in Count IV are on behalf of Kendrick LLC, which is not a party in this action and is not properly represented by counsel. *Id.* at 14-16. In the alternative, the magistrate judge recommended that even if the claims as alleged in Count IV were construed as being brought on Plaintiff's behalf, that Defendants' Motion to Dismiss Count IV be granted for (1) lack of subject matter jurisdiction; (2) insufficient service of process; and (3) failure to state a claim upon which relief can be granted. *Id.* at 16-25.

### A. The Motion to Dismiss Count IV Should Not Be Stricken

In the PFRD, the magistrate judge, having liberally construed Plaintiff's filings,[4] initially addressed Plaintiff's request in both his Response to Defendants' Motion to Dismiss Count IV and in his Objections to the United States' Response to the Court's Order to Show Cause that Defendants' Motion to Dismiss Count IV be stricken. Doc. 149 at 6-14. The magistrate judge found that the grounds Plaintiff argued for striking Defendants' Motion to Dismiss Count IV, *i.e.,* (1) the United States lacked standing to move for dismissal on Defendant Lyons' behalf; (2) that counsel for Defendant Lyons failed to file an entry of appearance; (3) that Defendants failed to

---

[4] Where, as here, a party is proceeding *pro se*, the Court is to liberally construe his pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010).

confer with Plaintiff prior to filing the Motion to Dismiss Count IV; and (4) that Defendant United States was precluded from filing a successive motion under Rule 12 [Doc. 127 at 2-4; Doc. 141 at 2-4], were without merit. *Id.*

Plaintiff objects to the magistrate judge's recommendation that Defendants' Motion to Dismiss Count IV should not be stricken. Doc. 152 at 5-8. As grounds, Plaintiff reasserts his argument that Defendants' Motion to Dismiss Count IV was a successive Rule 12(b) motion and is not allowed pursuant to Rule 12(g)(2).[5] *Id.* at 5. Plaintiff further argues that the magistrate judge arbitrarily changed the legal standard for striking the Motion to Dismiss Count IV in the PFRD from the legal standard set forth in the Order to Show Cause. *Id.* at 5-6.

As to Plaintiff's former argument, Plaintiff reasserts the same argument that he presented in his response in opposition to the Motion to Dismiss Count IV and in his objections to Defendant United States' response to the Order to Show Cause. The Court is not persuaded. Moreover, even if the Court were to assume that the United States, as the real party in interest, should have responded to Count IV in its original motion to dismiss as Plaintiff argues [Doc. 127 at 2, Doc. 141 at 2-3], Plaintiff ignored and failed to address in his objections that *subject matter jurisdiction can be raised at any time*. *See* Fed. R. Civ. P. 12(h)(1) and (3) (a party waives any defense listed in Rule 12(b)(2)-(5) by omitting if from a motion in the circumstances described in Rule 12(g)(2), but "[i]f a court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[6] Here, having found that the United States was the real party for claims

---

[5] Rule 12(g)(2) states that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2).

[6] The Tenth Circuit has also resolved the question of whether successive Rule 12(b)(6) motions for failure to state a claim can be granted:

> Although Rule 12(h)(2) states that a party can raise successive Rule 12(b)(6) assertions in only three ways, *i.e.,* in a Rule 7(a) pleading, in a Rule 12(c) motion for judgment on the pleadings, or "at

alleged against Defendant Lyons acting in his official capacity, the magistrate judge went on to find that even if the Court were to construe Count IV of Plaintiff's Amended Complaint as claimed alleged by Plaintiff and not Kendrick LLC,[7] that because Plaintiff failed to establish a waiver of sovereign immunity, the Court lacked subject matter jurisdiction for the RICO claims asserted against Defendant Lyons acting in his official capacity pursuant to Fed. R. Civ. P. 12(b)(1). Doc. 149 at 16-18. The Court finds no error in the magistrate judge's analysis.

As to his latter argument, Plaintiff contends that the magistrate judge arbitrarily changed the legal standard for striking Defendants' Motion to Dismiss Count IV in its PFRD from the legal standard set forth in the Court's Order to Show Cause. Doc. 152 at 5-6. Plaintiff explains that the Court cited case law in its Order to Show Cause that allowed the Court to strike in its *entirety* Defendants' Motion to Dismiss Count IV if found to be improperly filed, but that in the PFRD the magistrate judge cited Rule 12(f) that allowed the Court to strike only *portions* of a filed document. *Id.* at 5-6. Plaintiff's argument is misplaced. In the Order to Show Cause, the magistrate judge cited *Daye v. Community Financial Service Centers, LLC,* 233 F. Supp. 3d 946 (D.N.M. 2017),

---

trial," the Tenth Circuit has recognized that "district courts have struggled with the question of whether a party may raise a previously available argument in a successive motion to dismiss for failure to state a claim under Rule 12(b)(6) before first filing a responsive pleading." *Albers v. Bd. of Cty. Comm'rs of Jefferson Cty., Colo.*, 771 F.3d 697, 702 (10th Cir. 2014). The Tenth Circuit resolved this question by simply considering a successive Rule 12(b)(6) motion to dismiss as a Rule 12(c) motion for judgment on the pleadings. *Id.* at 704 (finding that defendant could have presented Rule 12(b)(6) argument in Rule 12(c) motion); *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1102 (10th Cir. 2017) (reasoning that district court's consideration of successive Rule 12(b)(6) "motion was proper under Rule 12(g)(2) and Rule 12(h)(2) because the court could have considered the motion as a motion for judgment on the pleading sunder Rule 12(c)."). After all, courts evaluate a Rule 12(b)(6) motion to dismiss under the same standard that governs a Rule 12(c) motion for judgment on the pleadings. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n. 2 (10th Cir. 2002) (citing *Atl. Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1150 (10th Cir. 2000)).

*CNSP, Inc. v. City of Santa Fe*, 2018 WL 813409, at *2 (D.N.M. Feb. 9, 2018).

[7] The claims in Count IV were alleged by Kendrick LLC which is not a party in this action. The magistrate judge recommended granting Defendants' Motion to Dismiss Count IV because Plaintiff cannot represent Kendrick LLC. *See* Doc. 149 at 14-16.

which explained, *inter alia,* that there are circumstances when the Court may choose to strike a pleading. *Id.* at 988 (discussing the principle that "striking a pleading or part of a pleading is a drastic remedy" and is generally disfavored, but that there are exceptions to this principle and that a court may choose to strike a filing that is not allowed by or fails to comply with local rules). Although the Court cited only to case law and did not set forth Rule 12(f) in its Order to Show Cause, the holdings and discussion in *Daye* as to this issue are premised on Rule 12(f). *See Daye*, 233 F. Supp. at 987-89. In the PFRD, the magistrate judge cited Rule 12(f), and case law, and more fully set forth the legal standard related to motions to strike. Doc. 149 at 6-7. Thus, the magistrate judge did not arbitrarily change the legal standard in finding that Plaintiff had failed to present any legitimate grounds for striking Defendants' Motion to Dismiss Count IV.

For the foregoing reasons, the Court, following its *de novo* review, finds the magistrate judge correctly found that Defendants' Motion to Dismiss Count IV was not a successive motion pursuant to Rule 12(g)(2), and that the magistrate judge applied the correct legal standard in finding that Plaintiff failed to present any legitimate grounds for striking Defendants' Motion to Dismiss Count IV. The Court accordingly **OVERRULES** Plaintiff's Objections as to this issue and **ADOPTS** the Magistrate Judge's PFRD recommending that Defendants' Motion to Dismiss Court IV not be stricken.

B. <u>Sovereign Immunity</u>

In his PFRD, the magistrate judge found that the United States was the real party in interest for claims asserted against Defendant Lyons acting as an agent of the United States in his official capacity. Doc. 149 at 7-9. Plaintiff objects to this finding and reasserts his argument that the United States "is simply not the proper defendant; Lyons, as an individual, is the actual defendant," and that Lyons was sued solely and exclusively in his individual capacity. Doc. 152 at 9. Plaintiff

also argues that the magistrate judge ignored Supreme Court decisions that allow government actors to be sued in their individual capacity. *Id.* In particular, Plaintiff argues the magistrate judge failed to address cases he cited discussing individual capacity suits, *i.e., Kentucky v. Graham*, 473 U.S. 159 (1985)[8] and *Hafer v. Melo*, 502 U.S. 21 (1991).[9] *Id.* at 4, 9.

In the PFRD, the magistrate judge found that Defendant Lyons' alleged actions as set forth in Plaintiff's Amended Complaint consisted of actions taken in his official capacity as an I.R.S. agent, *i.e,* investigation, notice and issuance of tax liens and levies, and collections related to such liens and levies. Doc. 149 at 7-8. As such, the magistrate judge found that the claims as alleged properly constituted a suit against the United States. *Id.* at 8. Plaintiff has offered no new argument on this issue and the Court finds no fault with the PFRD.

Additionally, the magistrate judge did not, as Plaintiff argues, suggest that all claims against federal employees sued in their *individual* capacities were *automatically* claims against the United States. Doc. 152 at 4 (emphasis in original). To the contrary, the magistrate judge

---

[8] In *Kentucky v. Graham*, 473 U.S. 159 (1985), the Supreme Court granted certiorari to address whether attorney's fees could be recovered from a governmental entity when a plaintiff prevails in a § 1983 suit against government employees in their personal capacities. 473 U.S. at 163. In its discussion, the Supreme Court "unravel[ed] once against the distinctions between personal- and official-capacity suits." *Id.* The Supreme Court explained that "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Id.* at 165 (citations omitted). The Supreme Court further explained that to establish personal liability in a § 1983 action, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* at 166 (citations omitted). An official in a personal-capacity action may be able to assert personal immunity defenses, such as objectively reasonable reliance on existing law. *Id.* at 166-67 (citations omitted).

[9] In *Hafer v. Melo*, 502 U.S. 21 (1991), the Supreme Court granted certiorari to address the question of whether state officers may be held personally liable for damages under § 1983 based upon actions taken in their official capacities. 502 U.S. at 24. The Supreme Court discussed an earlier decision, *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989), in which the principal issue was whether States are "persons" subject to suit under § 1983. *Id.* at 25-26. The Supreme Court explained that where States are not "persons" under § 1983, that state officials sued in their official capacities are also not "persons" under § 1983 because an official-capacity suit against a state officer "is not a suit against the official but rather is a suit against the official's office." *Id.* at 26. In contrast, officers sued in their personal capacity come to court as individuals and can be held accountable for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws when acting under color of state law. *Id.* at 26-27. The Supreme Court held that "state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts." *Id.* at 31.

discussed that sovereign immunity generally *does not* bar a suit for damages against a federal agent in his individual capacity acting under color of federal authority. Doc. 149 at 23. However, the magistrate judge found that given the nature of Plaintiff's alleged claims, *i.e.,* unlawful tax collection, that even if Plaintiff's alleged RICO claims against Defendant Lyons in his individual capacity could be sustained, that taxpayers may not bring individual capacity claims against revenue agents for constitutional violations because 26 U.S.C. § 7433 is the exclusive remedy for recovering damages for alleged unlawful tax collections actions and Defendant Lyons would enjoy qualified immunity. *Id.* at 23-24. The magistrate judge specifically addressed that the remedy recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 395-98 (1971), as referred to by Plaintiff, was inapplicable here for that reason.

For the foregoing reasons, the Court, following its *de novo* review, finds the magistrate judge correctly found that Defendant United States is the real party in interest for claims asserted against Defendant Lyons acting as an agent of the United States in his official capacity, that Plaintiff failed to establish a waiver of sovereign immunity, and that the Court lacks subject matter jurisdiction. The Court accordingly **OVERRULES** Plaintiff's Objections as to this issue and **ADOPTS** the Magistrate Judge's PFRD recommending that Defendants' Motion to Dismiss Court IV be granted for lack of subject matter jurisdiction.

### C. Insufficient Service of Process

In his PFRD, the magistrate judge found that Plaintiff's service on Defendant Lyons was both untimely and incomplete. Doc. 149 at 18-23. Plaintiff objects to this finding contending that Defendants only argued insufficiency of service based on untimeliness and never raised a claim regarding a lack of signature on the returned summons. Doc. 152 at 3, 9-10. Plaintiff contends that the magistrate judge's finding of insufficient service on the ground it was incomplete, *i.e.,* no

9

signature on the returned summons, should be deemed waived under Rule 12(h)(1). *Id.* at 9. Plaintiff further contends that since this issue only appeared for the first time in the PFRD, Plaintiff should be allowed to show good cause for improper service. *Id.* at 9-10.

Plaintiff's argument is unavailing. In Defendants' Motion to Dismiss Count IV, Defendants argued that Plaintiff failed to comply with Fed. R. Civ. P. 4(1)(3) in serving Defendant Lyons. Doc. 123 at 5-6. In support, Defendants specifically argued that Plaintiff had 90 days to perfect service, but had failed to do so. *Id.* The magistrate judge agreed and found that Plaintiff's service on Defendant Lyons was untimely. Doc. 149 at 21. Additionally, the magistrate judge found that Plaintiff's attempted service on Defendant Lyons acting in his individual capacity was incomplete as indicated by the returned summons.[10] *Id.* at 21-22. Plaintiff argues that because the issue of incomplete service was raised for the first time by the Court, it amounts to a *sua sponte* dismissal for which he should have been provided notice. Doc. 152 at 9-10. Plaintiff, however, had notice that Defendants were seeking dismissal of Count IV based on insufficient service (Doc. 123 at 5-6), *and Plaintiff responded* – not by seeking an extension of time, but by explaining why he thought good cause existed for the delay (Doc. 127 at 4).[11] The magistrate judge, having considered Plaintiff's good cause explanation,[12] nonetheless found that allowing additional time for Plaintiff to effect proper service would be futile because even if the alleged RICO claims against Defendant Lyons in his individual capacity could be sustained, Plaintiff's Amended Complaint failed to state a claim upon which relief could be granted. Doc. 149 at 22-25. In sum,

---

[10] *See* Doc. 124.

[11] Plaintiff also argued that any argument about lack of service was meritless and incorrect, and that there was "no procedural sense" in requiring separate service depending on whether an individual was being served in his individual or official capacity. Doc. 141 at 3.

[12] *See* Doc. 149 at 22, fn. 16.

Plaintiff has failed to demonstrate how the magistrate judge's finding that Plaintiff's attempted service of Defendant Lyons in his individual capacity was both untimely *and incomplete* alters that Plaintiff's service was insufficient, that Plaintiff had notice that Defendants were seeking dismissal based on insufficient service, and that the magistrate judge properly considered Plaintiff's good cause explanation in making his finding and recommendation.

For the foregoing reasons, the Court, following its *de novo* review, finds the magistrate judge correctly found that Plaintiff failed to properly serve Defendants Lyons in his individual capacity and that to allow an extension of time to do so would be futile. The Court accordingly **OVERRULES** Plaintiff's Objections as to this issue and **ADOPTS** the Magistrate Judge's PFRD recommending that Defendants' Motion to Dismiss Court IV be granted for insufficient service of process.

D.  **Qualified Immunity**

In the PFRD, the magistrate judge found that even assuming that Plaintiff's RICO claims against Defendant Lyons acting in his individual capacity could be sustained, that Plaintiff's Amended Complaint had failed to state a claim for relief because 26 U.S.C. § 7433 provides the exclusive remedy for alleged unlawful collection of taxes, and further because taxpayers may not bring actions against revenue agents for alleged constitutional violations. Doc. 149 at 23-25. Plaintiff objects and, without more, argues that he is alleging a RICO violation, not a constitutional violation, and that the magistrate judge failed to cite authority that qualified immunity applies to RICO claims. Doc. 152 at 10.

As an initial matter, the Court notes that the cases Plaintiff cited to support his individual capacity claim all involved alleged constitutional violations.[13] The Court further notes that

---

[13] Plaintiff cited *Hafer v. Melo*, 502 U.S. 21, (1991) (Doc. 127 at 4); *Kentucky v. Graham*, 473 U.S. 159 (1985) (Doc. 141 at 4); and referred to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 395-98 (1971) (Doc. 3-4).

11

Plaintiff's *only* response to Defendants' asserted defense of qualified immunity has been that the United States lacked standing to move for dismissal on Defendant Lyons' behalf, and that even assuming that it did have standing, the United States improperly filed a successive Rule 12 motion. Doc. 127 at 5. *See Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (once a qualified immunity defense is asserted, plaintiff "bears a heavy two-part burden" to show, first, "the defendant's actions violated a constitutional or statutory right," and, second, that the right was "clearly established at the time of the conduct at issue.") (citations omitted). By limiting his argument to issues of standing, Plaintiff fails to meet his heavy burden. As such, Plaintiff has failed to allege that Defendant Lyons' tax assessment and collection actions on behalf of the IRS violated a clearly established right conferred on him by the RICO statute,[14] and the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). That said, and even assuming *arguendo* that Plaintiff's alleged RICO claims against Defendant Lyons in his individual capacity could be sustained, case law demonstrates that in the absence of

---

[14] "A violation of section 1962(c) 'requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.' *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479 (1985). RICO defines racketeering activity as, *inter alia*, any act that is indictable under 18 U.S.C. § 1341 (mail fraud) or 18 U.S.C. § 1343 (wire fraud). *See* 18 U.S.C. § 1961(1)(B). *Pitts v. Turner & Boisseau Chartered*, 850 F.2d 650, 652 (10th Cir. 1988). Plaintiff's Amended Complaint alleges that Defendant Lyons "schemed" to create an alter ego, Kendrick LLC, and then used the mail and telephone to send notices of tax liens and levies to collect unpaid taxes from the alter ego. Doc. 104 at 6-9. Plaintiff's Amended Complaint further alleges that all of the unpaid taxes collected pursuant to Defendant Lyons' tax assessment and collection efforts were sent to the IRS. *Id.* Plaintiff's Amended Complaint alleges that Kendrick LLC was damaged. *Id.*

The Court notes that Plaintiff's Count IV RICO violations are premised on his allegation that the IRS/Defendant Lyons wrongfully designated Kendrick LLC as Plaintiff's "alter ego." Doc. 104 at 6-9. However, Plaintiff's claim in Count I of his Amended Complaint for administrative review/declaratory judgment of the IRS's alter ego determination was dismissed. Doc. 143 at 11. *See also Mama's Enters., LLC v. United States*, 883 F. Supp. 2d 1128, 1133 (N.D. Ala. 2012) ("The IRS may levy the funds of a taxpayer's "alter ego" because the property owned by a delinquent taxpayer includes property owned by a third party that is an alter-ego of the taxpayer.") (citing *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350-51 (1977); *Shades Ridge Holding Co., Inc. v. United States*, 888 F.2d 725, 728 (11th Cir. 1989) ("Property of the nominee or alter ego of a taxpayer is subject to the collection of the taxpayer's tax liability.")).

demonstrating a violation of a clearly-established right, qualified immunity is a viable defense in cases where RICO violations have been alleged. *See Brown v. Nationsbank Corp.*, 188 F.3d 579, 588 (5th Cir. 1999) (holding that FBI agents were entitled to qualified immunity for RICO claims against them because the rights asserted were not clearly established at the time of defendants' alleged acts);[15] *Cullinan v. Abramson*, 128 F.3d 301, 312 (6th Cir. 1997) (finding that city officials and outside counsel acting at the sovereign's behest were entitled to qualified immunity against RICO claims asserted by investment managers for city police pension fund for being ousted); *Gonzalez v. Otero*, 172 F. Supp. 3d 477, 508-09 (D.P.R. 2016) (holding that federal officials were entitled to qualified immunity for civilian employees' claims against them under RICO based on allegations that they lied to criminal investigators during criminal investigation of employees); and *Trugreen Landcare, L.L.C. v. City of Dallas*, 512 F. Supp. 2d 613, 622 (N.D. Tx. 2007) (finding that city employee was entitled to qualified immunity where plaintiff had failed to produce evidence of any of the elements required for conspiracy pursuant to RICO claim).

For the foregoing reasons, the Court, following its *de novo* review, **OVERRULES** Plaintiff's Objections as to this issue and **ADOPTS** the Magistrate Judge's PFRD that, assuming Plaintiff's alleged RICO claims against Defendant Lyons in his individual capacity could be sustained, Plaintiff has failed to state a claim upon which relief can be granted.

---

[15] The Fifth Circuit in *Brown v. Nationsbank Corp.*, 188 F.3d 579, 587 (5th Cir. 1999), although affirming that the district court did not err in dismissing appellant's RICO claims on the basis of qualified immunity, discussed that the district court had misconstrued its holding in *McNeily v. United States*, 6 F.3d 343, 350 (5th Cir. 1993), which held that a federal agency cannot be sued under the RICO statute because a federal agency is not chargeable, indictable or punishable for violations of state and federal criminal provisions. *Brown*, 188 F.3d at 587. Thus, the district court's reliance on *McNeily* to find qualified immunity was misplaced. *Id.* The Fifth Circuit, however, determined defendants were entitled to qualified immunity from the RICO claims on alternative grounds. *Id.* at 587-88.

### E. Conclusion

In the PFRD, the magistrate judge found sufficient grounds for recommending that Defendants' Motion to Dismiss Count IV be granted, *i.e.,* that the claims in Count IV are alleged by Kendrick LLC which is not a party in this action and, in the alternative, that even if the Court were to assume the claims in Count IV were alleged by Plaintiff, because the United States is the real party in interest for claims asserted against Defendant Lyons, the Court lacks subject matter jurisdiction. Doc. 149 at 14-18. The magistrate judge found additional alternative grounds for recommending that Defendants' Motion to Dismiss Count IV be granted, *i.e.,* that even assuming that the RICO violations as alleged in Plaintiff's Amended Complaint could be sustained against Defendant Lyons acting in his individual capacity, that Plaintiff had failed to properly serve Defendant Lyons in his individual capacity, and that extending the time to do so would be futile because Plaintiff's Amended Complaint against Defendant Lyons in his individual capacity fails to state a claim upon which relief can be granted. Doc. 149 at 18-25.

Having addressed Plaintiff's objections, and following its *de novo* review and for the reasons stated herein,

**IT IS HEREBY ORDERED** that the Court **OVERRULES** Plaintiff's Objections [Doc. 152] and **ADOPTS t**he Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 149].

**IT IS FURTHER ORDERED that** United States and T. W. Lyons' Amended Joint Motion and Brief in Support to Dismiss the RICO Cause of Action in the Amended Complaint [Doc. 123] is **GRANTED**

**IT IS FURTHER ORDERED** that the Court's Order to Show Cause [Doc. 136] is **QUASHED.**

Dated this 23rd day of March, 2020.

_____
**MARTHA VÁZQUEZ**
United States District Judge