IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL LUNNON,

        Plaintiff,

   vs.                                    Civ. No. 16-1152  MV/JFR

UNITED STATES OF AMERICA, *et al.*,

        Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on the United States' Rule (12)(b)(1) Motion to Partially Dismiss Cause of Action Two of the Amended Complaint (ECF 104) ("Motion"), filed July 10, 2020.  Doc. 166.  Plaintiff filed a Response on July 23, 2020.  Doc. 173.  The United States filed a Reply on July 30, 2020.  Doc. 175.  Having reviewed the parties' submissions and the relevant law, and for the reasons set forth herein, the Court finds and recommends that the United States' Motion (Doc. 166) be **GRANTED**.

## I.  Background Information

For the purpose of ruling on Defendant United States' Motion, the Court assumes that the following well-pled facts taken from Plaintiff's Amended Complaint are true.[2]  *Holt v. U.S.,* 46

---

[1] By an Order of Reference filed June 4, 2019 (Doc. 121), the presiding judge referred this matter to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the motions.

[2] Although a court must generally take the allegations in a complaint as true no matter how skeptical the court may be, "[t]he sole exception to this rule lies with the allegations that are sufficiently fantastic to defy reality as we know it[,]" for example, those related to "experiences in time travel."  *Ashcraft v. Iqbal*, 556 U.S. 662, 696 (2009) (Souter, J., dissenting); *Valdez v. Nat'l Sec. Agency*, 228 F.Supp.3d 1271, 1280 (D. Utah 2017) ("At the pre-discovery motion to dismiss stage, [the district court] must assume the truth of well-pleaded factual allegations that are not simply legal conclusions or bare assertions of the elements of a claim – so long as the allegations do not defy reality as we know it[.]")

F.3d 1000, 1002-1003 (10th Cir. 1995) (explaining that in reviewing a Rule 12(b)(1) facial attack on the complaint's allegations as to subject matter jurisdiction, a district court must accept the allegations in the complaint as true.)  In addition to the Complaint, the court may consider documents referred to in the Complaint if the documents are central to the Plaintiff's claims and the parties do not dispute the documents' authenticity.  *Jacobsen v. Deseret Book Co*., 287 F.3d 936, 941 (10th Cir. 2002).

Plaintiff states that LG Kendrick, LLC ("Kendrick LLC"), has a franchise agreement with Defendant The UPS Store, Inc. ("TUPSS"), and is a franchisee of TUPSS with a store located in New Mexico.[3]  Doc. 104 at 2.  On March 15, 2011, the IRS, through its agent, Defendant T.W. Lyons, issued a Notice of Federal Tax Lien against "LG Kendrick LLC as the alter ego of Michael E. Lunnon."  *Id.* at 2-3, 12 (Exh. 1).  The Notice indicated that Plaintiff owed $30,506.49 in unpaid taxes for years 1998, 1999 and 2008 (sic).[4]  *Id*. at 12 (Exh. 1).  The Notice of Federal Tax Lien stated as follows:

[3] TUPSS is a Georgia corporation operating out San Diego, California, which conducted business with New Mexico franchisee Kendrick LLC.  Doc. 104 at 2.  Kendrick LLC is a New Mexico limited liability company, and Plaintiff asserts that Kendrick LLC assigned its rights to claims in this case to him in July 2018.  *Id.*  It appears that Plaintiff Lunnon was the manager and sole member of Kendrick LLC.  Doc. 105 at 2-3.  While formerly named as a Plaintiff, Kendrick LLC is no longer a party to this action. Doc. 104.  Plaintiff Lunnon is proceeding *pro se*.  The Court notified Plaintiff on October 25, 2016, that the corporate entity Kendrick LLC was precluded from proceeding *pro se* by Local Rule 83.7.  Doc. 7.  Although counsel briefly entered an appearance on behalf of Kendrick LLC on July 26, 2017 (Doc. 59), he later withdrew (Doc. 88).  District Judge Martha Vázquez issued an order informing Plaintiff that any pleading that included the corporate entity Kendrick LLC would be stricken, and default judgment or sanctions may be imposed if Kendrick LLC appeared again without an attorney.  Doc. 89.  The pursuit of Kendrick LLC's interests would require its representation by counsel in this case in accordance with Local Rule 83.7.  Because Kendrick LLC is not a party, its interests, if any, are not properly before the Court.

[4] The Notice of Levy indicates taxes are owed for the years 1998, 1999 and *2005.*  Doc. 104 at 12-13 (Exh. 2).

> As provided in sections 6321,[5] 6322,[6] and 6323[7] of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer.  We have made a demand for payment of this liability, but it remains unpaid.  Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

*Id.*  The Notice of Federal Tax Lien was filed in McKinley County, Gallup, New Mexico.  *Id.*

The Notice of Federal Tax Lien identified a Date of Assessment for each tax period, specifically

7/12/2004 (for 1998 taxes), 2/3/2003 (for 1999 taxes), and 7/21/2008 (for 2005 taxes).  *Id.*

On March 10, 2011, IRS Revenue Officer Defendant Lyons sent a "Notice of Levy on

Wages, Salary, and Other Income" to TUPSS and identified the taxpayer as "LG Kendrick LLC

as the Alter-Ego of Michael E. Lunnon."  Doc. 104 at 13 (Exh. 2).  The Notice of Levy indicated

that Plaintiff owed $44,528.81 in unpaid taxes and statutory additions for years 1998, 1999 and

2005.  *Id.*  The Notice of Levy demanded that TUPSS surrender payments owed to Kendrick,

LLC, for tax claims that were asserted to exist solely against Plaintiff.  *Id.*  The Notice of Tax

Levy stated

---

[5] A statutory tax lien in favor of the United States arises with respect to all property and rights to property of a taxpayer upon failure to pay a tax liability after demand.  26 U.S.C. § 6321.  However, a federal tax lien is not self-executing; the IRS must take affirmative action to enforce collection of the unpaid tax.  *See United States v. National Bank of Commerc*e, 105 S. Ct. 2919, 2924 (1985).

[6] A tax lien arises automatically at the time of the assessment and continues thereafter until the underlying tax liability is satisfied or collection is barred by the statute of limitations.  *See* 26 U.S.C. § 6322; s*ee In re Berg,* 188 B.R. at 618 ("A Notice of Federal Tax Lien must, however, be filed before a tax lien will be effective against third parties."); *Walker v. United States,* No. 04–5448, 2008 WL 576791, at *1 (D.N.J. Feb.29, 2008) (The notices of federal tax liens protect the government from third-party claims against the taxpayer's property in accordance with the provisions of § 6323. The notices do not affect the statutory liens that arose automatically.); *Gass v. U.S. Dept. of Treas.,* No. 98–0075, 1999 WL 250890, at *8 (D. Colo. Mar. 30, 1999) (holding that any procedural irregularities with respect to a notice of federal tax lien do not affect the validity of the statutory tax lien).

[7] A notice of federal tax lien is separate and distinct from the statutory tax lien.  *See Polite v. United States,* No. 07-CV-1950-AJB (WVG), 2012 WL 965996, at *6 (S.D. Cal. Mar. 21, 2012).  The § 6321 statutory tax lien creates the United States' interest, and the notice of federal tax lien recorded in the county recorder's offices establishes priority against certain enumerated creditors under § 6323.  *Id.*  The notice of the alter ego tax lien at issue in this case did not create the tax lien on Plaintiff's property, but merely protected the government's interest in his property and priority against other creditors.  *See id.*

[w]e figured the interest and late payment penalty to 04/21/2011.  Although we asked you to pay the amount you owe, it is still not paid.

This is your copy of a Notice of Levy we have sent to collect the unpaid amount. We will send other levies if we don't get sufficient funds to pay the total amount you owe.

This levy requires the person who received it to turn over to us: your wages and salary that have been earned but not paid, as well as wages and salary earned in the future until the levy is released; and (2) your other income that the person has now or is obligated to pay you.  This money is levied to the extent it isn't exempt, as explained on the back of Part 5 of this form.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (*cash, cashier's check or money order*) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. . . .

*Id.* (emphasis in original).  Between March 2011 and February 2018, TUPSS diverted $65,000

from Kendrick LLC to the IRS.  *Id.* at 9.[8]

Based on the foregoing facts, Plaintiff seeks a refund of levied taxes pursuant to

26 U.S.C. § 6213(a).  Doc. 104 at 4-5.

## II.    <u>Analysis</u>

Plaintiff's Second Cause of Action in his Amended Complaint reads in pertinent part as

follows:

17.    Prior to defendant issuing its Notice of Levy, no district director or service center director had issued any Notice(s) of Deficiency to plaintiff regarding the claims made, as required under 26 U.S.C. §6212 and 26 C.F.R. § 301.6212-1.  Its forced, levy collection action was in violation of 26 U.S.C. § 6213(a) (no assessment or collection action allowed absent valid notice of deficiency).

18.    26 U.S.C. § 6213(a) expressly provides for automatic refunds of monies collected in violation of the statute ("and a refund may be ordered by such court of any amount collected within the period during which the

---

[8] Plaintiff states that since February 2013 (sic) TUPSS diverted "at least $65,000 from LG Kendrick to the IRS." Doc. 104 at 9.  The government claims that it seized $51,252.40 from TUPSS in connection with the Notice of Levy at issue here.  Doc. 105 at 3.  *See* fn. 17, *infra*.

Secretary is prohibited from collection by levy . . . under the provisions of this subsection.")

19.     Prior to defendant issuing its Notice of Levy, it also did not issue plaintiff (or LG Kendrick) any Notice of Right to a Collection Due Process Hearing regarding its claims, as required under 26 U.S.C. § 6330.  Its forced collection action is therefore in violation of 26 U.S.C. § 6330(a).

20.     Pursuant to 26 U.S.C. § 6213(a), plaintiffs [sic] seek an automatic refund of all funds taken by defendant, plus any statutory interest.  As of the date of this Complaint, defendant has collected $70,538.80 (on a levy notice which alleged only $44,528.81 was purportedly due).

Doc. 104 at 4-5.

In its Motion to Dismiss, the United States argues that it is improper for Plaintiff to seek a refund pursuant to 26 U.S.C. § 6213 based on the United States' alleged failure to issue the Notice of Right to a Collection Due Process Hearing pursuant to 26 U.S.C. § 6330 because 26 U.S.C. § 6213 has not waived jurisdiction to hear an alleged violation of 26 U.S.C. § 6330. Doc. 166 at 2-5.  Thus, to the extent Plaintiff's Second Cause of Action is predicated on an alleged violation of 26 U.S.C. § 6330, the United States argues it must be dismissed for lack of subject matter jurisdiction.  *Id.*

In his Response, Plaintiff concedes that the United States' argument "may be technically correct."  Doc. 173 at 1.  Plaintiff, however, goes on to argue that the United States' argument "completely ignores the much broader grant of tax refund jurisdiction in 28 U.S.C. § 1346(a)(1)," which Plaintiff states he referenced in the opening paragraph of his First Amended Complaint.  *Id.*  Plaintiff contends that because § 1346(a) provides for broad jurisdiction over refund claims for "nearly any reason,"[9] it should apply to violations of 26 U.S.C. § 6330 and the United States' Motion should be denied.  *Id.*

---

[9] Plaintiff cites three cases for the proposition that 28 U.S.C. § 1346(a)(1) has broad application to hear any refund claim, *i.e., United States v. Williams*, 514 U.S. 527, 530; *Wyodak Resources Development Corp. v. U.S.,* 637 F.3d 1127 (10th Cir. 2011); and *Selman v. U.S.,* 941 F.2d 1060 (10th Cir. 1991).

In its Reply, the United States agrees that 28 U.S.C. § 1346(a)(1) is a jurisdictional vehicle for some refund actions, but argues the statute requires that a party must first timely file a claim for refund or credit with the IRS as required by 26 U.S.C. § 7422 before proceeding with a civil action against the United States for the recovery of alleged erroneously or illegally assessed taxes.  Doc. 175 at 1-2.  The United States asserts that Plaintiff has failed to comply with § 7422's exhaustion requirements or to explain why his compliance is not necessary.  *Id.* at 2-4.  The United States also argues that the legal authority Plaintiff cited is misplaced and does not support Plaintiff's contention that *any* refund suit can be brought pursuant to 28 U.S.C. § 1346(a)(1) or that Plaintiff is exempt from its jurisdictional prerequisites.  *Id.* at 4-6.

## A.      Legal Standards

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress."  *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted).  Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss a complaint for "lack of subject-matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).  An attack against a complaint under Rule 12(b)(1), may either challenge (1) the complaint's facial allegations concerning the existence of subject matter jurisdiction, *see Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013), or (2) the moving party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based, *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (distinguishing "facial" attacks and "factual" attacks); *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co*., 428 F.3d 1285, 1292 (10th Cir. 2005).  In a facial challenge, the district

court limits its review to the sufficiency of the complaint, and it accepts the allegations in the complaint as true.  *Id*.; *Peterson*, 707 F.3d at 1205-06.  In a factual attack, a court has wide discretion to review "affidavits, other documents, and a limited evidence hearing to resolve disputed jurisdictional facts." *Id*. at 1002-03; *see also Sanchez v. Ward*, No. 13-00246 RB/RHS, 2013 WL 12328914, at *2 (D.N.M. Oct. 29, 2013) (assuming defendant intends a facial attack where they included no affidavits or documentation for the court to consider); *Continental Carbon Co*., 428 F.3d at 1292 (recognizing discretion to allow documentary and testimonial evidence under 12(b)(1)).

Under the doctrine of sovereign immunity, the United States "may not be sued without its consent and … the existence of consent is a prerequisite to jurisdiction." *Rivera v. IRS*, 708 Fed. App'x 508, 510 (10th Cir. 2017).  By depriving courts of subject matter jurisdiction over claims against the United States, its agencies, and officers acting in their official capacity, "[s]overeign immunity generally shields [these entities] from suit." *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002)*; see also United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) ("[T]he terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.").  Jurisdiction should be decided as a threshold matter. *Steel Co. v. Citizens for a Better Environment*, 118 S. Ct. 1003, 1012 (1998).  The burden is on Plaintiff "to find and prove an explicit waiver of sovereign immunity." *Id*. (citation omitted).  A waiver of sovereign immunity may not be implied, but must be unequivocally expressed. *United States v. King*, 395 U.S. 1, 4 (1969).  Federal statute may waive sovereign immunity. *Bruno v. United States*, 547 F.2d 71, 73 (8th Cir. 1976).  However, no suit may be maintained against the sovereign unless the suit is brought in exact compliance with the terms of a statute under which the sovereign has consented to be sued. *Sherwood*, 312 U.S. at 586.  A

waiver of sovereign immunity is strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute. *Fostvedt v. United States*, 978 F.2d 1201, 1202 (10th Cir. 1992). Jurisdiction is not conveyed, and sovereign immunity is not waived by general statutes such as 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1340 (jurisdiction arising under the Internal Revenue Code). *Id*. at 1203.

Where, as here, a party is proceeding *pro se*, the Court is to liberally construe his pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). "But the court [is] not [to] 'assume the role of advocate for the pro se litigant.'" *Baker v. Holt*, 498 F. App'x 770, 772 (10th Cir. 2012) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Accordingly, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). In other words, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110.

### B.   Tax Refund Pursuant to 26 U.S.C. § 6213(a)

Under 26 U.S.C. § 6212(a) of the Internal Revenue Code, if the IRS determines there is a deficiency in respect of any tax imposed on a taxpayer, the IRS is authorized to send a notice of such deficiency to the taxpayer. 26 U.S.C. § 6212(a). Under 26 U.S.C. § 6213(a), if the taxpayer who has received a notice of deficiency wants a redetermination of the assessed deficiency, the taxpayer may file a petition with the Tax Court within a prescribed period of time. 26 U.S.C. § 6213(a). 26 U.S.C. § 6213 also provides that the IRS is precluded from collecting on an assessed deficiency until a notice has been mailed, the time prescribed for petitioning the Tax Court has expired, or, if a taxpayer has filed a petition, the Tax Court has

made a final decision. *Id.* Any assessment or attempt to collect on an alleged deficiency may be enjoined by a proceeding in the proper court, including the Tax Court, and a refund may be ordered by such court of any amount the IRS improperly collected during the prohibited period. *Id.*

Under 26 U.S.C. § 6330(a), the IRS provides for due process as it relates to its seizure of property for collection of taxes. Therein, it provides, in part, that "[n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made." 26 U.S.C. § 6330(a).

Here, Plaintiff concedes that the United States' argument that 26 U.S.C. § 6213 has not waived sovereign immunity to hear an alleged violation of 26 U.S.C. § 6330 may be technically correct. Doc. 173 at 1. Indeed, Plaintiff's concession is warranted as 26 U.S.C. § 6213 provides only that a refund may be sought and ordered by a proper court, including the Tax Court, of any amount the IRS collected within the period during which it was prohibited from doing so, *i.e.,* until a *notice of deficiency* had been mailed, until the time prescribed for petitioning the Tax Court had expired, or, if a taxpayer has filed a petition, the Tax Court had made a final decision. 26 U.S.C. § 6213(a) (emphasis added). The United States, therefore, correctly argues that 26 U.S.C. § 6213(a) does not address, nor does it waive sovereign immunity for this Court to address, Plaintiff's claim for a refund based on any due process violation that may have occurred as the result of the IRS's alleged failure to provide Plaintiff with notice and opportunity to be heard before levy pursuant to 26 U.S.C. § 6330.

C.   **Tax Refund Pursuant to 28 U.S.C. § 1346(a)**

The question that remains, therefore, is whether Plaintiff can seek a refund based on the

IRS's alleged violation of 26 U.S.C. § 6330 under 28 U.S.C. § 1346(a)(1), as he argues.  28

U.S.C. § 1346(a)(1) states;

> (a)   The district courts shall have original jurisdiction, concurrent with the
> United States Court of Federal Claims, of:
>
>   (1)   Any civil action against the United States for the recovery of any
>   internal-revenue tax alleged to have been erroneously or illegally
>   assessed or collected, or any penalty claimed to have been
>   collected without authority or any sum alleged to have been
>   excessive or in any manner wrongfully collect under the internal-
>   revenue laws[.]

28 U.S.C. § 1346(a)(1).  As an initial matter, Plaintiff's attempt to base subject matter

jurisdiction on this statute by arguing its broad application, without more, will not do.  Sovereign

immunity is not waived by a statute of general jurisdiction.  *Wyoming v. United States*, 279 F.3d

1214, 1225 (10th Cir. 2002); *see Shanbaum v. United States*, 32 F.3d 180, 182 (5th Cir. 1994)

("Section 1346 is a general jurisdiction statute that does not constitute a separate waiver of

sovereign immunity."); *Perkins v. United States*, 314 F. Supp. 2d 664, 667 (E.D. Tex. 2004)

("Despite its seeming breadth, courts view [§ 1346(a)(1)], standing alone, as insufficient to

waive sovereign immunity; *see also Guthrie v. Sawyer*, 970 F.2d 733, 735, n.2 (10th Cir. 1992)

(noting that 28 U.S.C. § 1340 "does not constitute a waiver of sovereign immunity").

Further, the United States, while acknowledging the breadth of § 1346(a)(1), argues that

its interaction with 26 U.S.C. § 7422 narrows the waiver of sovereign immunity.  Doc. 175 at 2-

3.  The Court agrees.  26 U.S.C. § 7422(a) states that

> No suit or proceeding shall be maintained in any court for the recovery of any
> internal revenue tax alleged to have been erroneously or illegally assessed or
> collected, or of any penalty claimed to have been collected without authority, or
> of any sum alleged to have been excessive or in any manner wrongfully collected,

> *until a claim for refund or credit has been duly filed with the Secretary*, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (emphasis added).  Thus, it is undisputed that under 26 U.S.C. § 7422 a party may not bring a refund action in district court without first exhausting certain administrative remedies, *i.e.,* filing a claim for refund or credit.  *U.S. v. Williams*, 514 U.S. 527, 533 (1995); *see also United States v. Dalm*, 494 U.S. 596, 601-02 (1990) ("Despite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions."); *Flora v. United States,* 362 U.S. 145, 80 S.Ct. 630 (1960) (holding 28 U.S.C. § 1346(a), which gives district courts jurisdiction over civil suits challenging tax assessments, requires full payment of assessed tax prior to suit); *Travis v. United States*, No. 20-1126, 2020 WL 5085851, at *2 (10th Cir. Aug. 28, 2020) (explaining that the waiver found in § 1346(a) is not unlimited because before filing suit "the taxpayer must comply with the tax refund scheme established in the Code.") (quoting *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4, 128 S.Ct. 1511 (2008))); *Glass v. I.R.S.,* 21 F. App'x 870, 872 (10th Cir. 2001) (unpublished) (district courts have no jurisdiction over civil claims challenging taxes unless litigants first pay the assessed tax and then raise these claims in a refund suit).

To that end, the United States argues that Plaintiff has not alleged, much less established, that he has complied with the provisions of § 7422 before bringing this action.  As such, the United States argues that without a filed claim, the jurisdictional prerequisites to suit have not been met, and Plaintiff's Second Cause of Action as it relates to the IRS's alleged violations of 26 U.S.C. § 6330 must be dismissed for lack of subject matter jurisdiction.

Plaintiff addresses the requirements of § 7422 in a footnote and states

> Although not argued by defendant, plaintiff recognizes that 26 U.S.C. § 7422 generally bars refund claims absent the prior filing of an administrative claim. But this requirement is limited to the particular administrative refund "provisions of law in that regard." There simply are no such refund "provisions" regarding violations of § 6330. Therefore, no administrative claim could be required because no provision even exists for it.

Doc. 173 at 2. Plaintiff's declared exemption from the provisions of § 7422 is misplaced. Plaintiff appears to be arguing that because 26 U.S.C. § 6330 does not provide for or discuss filing a claim for refund or credit in the face of an alleged violation that the exhaustion requirements of 28 U.S.C. § 1346(a) are inapplicable. Plaintiff, however, has offered no legal support for his argument, and has taken the word "provisions" as found in § 7422 out of context. The phrase found in § 7422(a) "according to the *provisions* of law in that regard" refers to the phrase that precedes it "*until a claim for refund or credit has duly filed with the [IRS]."* 26 U.S.C. § 7422(a) (emphasis added). Moreover, 26 U.S.C. § 7422(a) makes clear that a taxpayer cannot bring a claim in any court for a refund until he has filed a claim for refund or credit with the IRS. *Id.; see Dzula v. United States*, 349 F. App'x 335, 338 (10th Cir. 2009) (explaining that a party bringing an action pursuant to 28 U.S.C. 1346(a) must exhaust his administrative remedies by filing a timely and proper refund claim prior to filing suit); *see also Nick's Cigarette City, Inc. v. United States,* 531 F.3d 516, 520 (7th Cir. 2008) (the procedural requirement of filing a proper administrative claim "has long been considered a jurisdictional prerequisite"); *Clintwood Elkhorn Mining Co*., 553 U.S. at 4 (explaining that the tax refund scheme established in the Code "provides that a claim for a refund must be filed with the [IRS] before suit can be brought, and establishes strict timeframes for filing such a claim."). Here, Plaintiff has provided no evidence that he has exhausted the administrative prerequisites of § 7422(a) as required to

waive sovereign immunity and establish subject matter jurisdiction over his refund claim pursuant to 28 U.S.C. § 1346(a).

Finally, the cases Plaintiff cites are inapposite and do not support his argument that 28 U.S.C. § 1346(a) is so broad that it gives original jurisdiction over *any* refund claim.  In *United States v. Williams*, 514 U.S. 527, 115 S.Ct. 1611 (1995), the issue was whether a taxpayer who paid a tax under protest to remove a lien on her property had standing to bring a refund action under 28 U.S.C. § 1346(a)(1), even though the tax she paid was assessed against a third party. *Williams*, 514 U.S. at 529.  When discussing the issue of reconciling the taxpayer's claim under § 1346(a) with 26 U.S.C. § 7422, Justice Ginsberg explicitly stated that "[i]t is undisputed that § 7422 requires administrative exhaustion." *Id.* at 533.  With that said, Justice Ginsberg went on to note that the taxpayer had filed a claim for an administrative refund, which the government had denied, *before* bringing suit in district court. *Id.* at 530, 533.  As such, while this case affirms the breadth of § 1346(a) by allowing a taxpayer to assert a refund claim for taxes assessed against a third party, this case also affirms that administrative exhaustion pursuant to § 7422 is required before sovereign immunity is waived.

In *Wyodak Resources Development Corp. v. U.S.,* 637 F.3d 1127 (10th Cir. 2011), the issue was whether allegedly overpaid reclamation fees paid to the Office of Surface Mining Reclamation and Enforcement qualified as an "internal-revenue tax" for which plaintiff could seek a refund pursuant to 28 U.S.C. § 1346(a)(1). *Wyodak Resources Development Corp*., 637 F.3d at 1129.  The district court, denying relief on the merits and granting summary judgment in favor of the United States, nonetheless had concluded that 28 U.S.C. § 1346(a)(1) provided a basis for federal jurisdiction and a waiver of sovereign immunity because the reclamation fee was an "internal-revenue tax." *Id.*  The Tenth Circuit, however, vacated the district court's order

and held that the reclamation fee was not an "internal-revenue tax" within the meaning of 28 U.S.C. § 1346(a)(1), and that plaintiff's claims could be filed only in the Court of Federal Claims under 28 U.S.C. § 1491. *Id.* As part of the Tenth Circuit's discussion, the court noted that "Wyodak invokes one of those rare statutes that both waives sovereign immunity and grants subject-matter jurisdiction to the district, courts, 28 U.S.C. § 1346(a)(1)." *Id.* at 1130. Plaintiff cites this lone sentence to support that 28 U.S.C. § 1346(a) provides broad jurisdiction for *any* refund claim. Doc. 173 at 2. In doing so, however, Plaintiff ignores that the Tenth Circuit discussed elsewhere in its opinion that "[i]n determining the extent to which a statute waives sovereign immunity, waiver must not be enlarged beyond the scope of statutory language," and "its interaction with related statutes." *Id.* at 1131, 1135. In particular, the Tenth Circuit noted that § 1346 and § 7422 were statutes that "seamlessly interlock" in their use of "internal revenue," and that "the provisions work together to require that all tax refund claimants seeking relief in district court must first exhaust their administrative remedies with the Secretary of the Treasury." *Id.* at 1135. As such, this case underscores that sovereign immunity is waived and subject matter jurisdiction granted to district courts pursuant to 28 U.S.C. § 1346(a) only after the exhaustion of administrative remedies.

Finally, in *Selman v. U.S.*, 941 F.2d 1060 (10th Cir. 1991), one of the issues before the Tenth Circuit was whether a taxpayers' cause of action alleging that they paid excessive interest charges fell within the district court's jurisdiction. *Selman*, 941 F.2d at 1062. The Tenth Circuit held that it did because the language of 28 U.S.C. § 1346(a)(1) states the district court has subject matter jurisdiction to decide cases regarding "any sum alleged to have been excessive . . . under the internal-revenue laws." *Id.* The Tenth Circuit also provided background information that the taxpayers had *paid* both the assessed income tax and interest and had *filed claims* with

the IRS for a refund of the alleged overpayment of interest paid *before* filing suit in district court. *Id.* at 1061.  As such, the taxpayers had exhausted their administrative remedies such that it was not an issue before the court.

The case law Plaintiff cites, therefore, does not support his argument that 28 U.S.C. § 1346(a) is so broad that it gives original jurisdiction over *any* refund claim.

### III.    RECOMMENDATION

For the foregoing reasons, the Court finds that Plaintiff's Second  Cause of Action in his Amended Complaint as it relates to an alleged violation of  26 U.S.C. § 6330 fails to demonstrate the existence of a waiver of sovereign immunity under 26 U.S.C. § 6213 or 28 U.S.C. § 1346(a). As such, the Court finds that the United States' Motion to Partially Dismiss Cause of Action Two of the Amended Complaint is well taken and that the United States is entitled to sovereign immunity from Plaintiff's claim for a refund pursuant to the United States' alleged violation of 26 U.S.C. § 6330(a).  The Court, therefore, recommends that the United States' Motion to Partially Dismiss Cause of Action Two of the Amended Complaint be **GRANTED** for lack of subject matter jurisdiction.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**