IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL LUNNON,

       Plaintiff,

       vs.                                  Civ. No. 16-1152  MV/JFR

UNITED STATES OF AMERICA, *et al*.,

       Defendants.

## ORDER ON DISCOVERY MOTIONS

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel against the United States ("Motion to Compel"), filed September 25, 2020.  Doc. 190.  The United States filed a Response on October 9, 2020.  Doc. 199.  Plaintiff filed a Reply on October 23, 2020.  Doc. 209. Also before the Court is the United States' Motion and Brief for Protective Order Quashing Plaintiff's Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) ("Motion for Protective Order"), filed September 29, 2020.  Doc. 193.  Plaintiff filed a Response on October 13, 2020. Doc. 203.  The United States filed a Reply on October 27, 2020.  Doc. 214.  Having reviewed the parties' submissions and the relevant law, the Court finds that Plaintiff's Motion to Compel is not well taken and is **DENIED**, and that Defendant's Motion for Protective Order is well taken and is **GRANTED**.

       A.     **Motion to Compel**

Plaintiff explains in his Motion to Compel that the crux of the discovery dispute with the United States is grounded in the United States' counterclaim against Plaintiff which alleges various tax assessments against Plaintiff for income and payroll tax penalty claims.  Doc. 190 at 1.  Plaintiff states he is seeking information and documents related to the assessment records that

form the basis of the alleged tax assessments, as well as information and documents related to

the appointments of the assessment officers who prepared the alleged tax assessments.[1]  *Id.*

Plaintiff argues that his request is in line with the relevant controlling statute and regulation, *i.e.,*

26 U.S.C. § 6203 and 26 C.F.R. § 301.6203-1.  Plaintiff further argues that whether or not an

assessment officer was appointed is relevant to the counterclaims alleged against him and that

any supporting records to the tax assessments are equally relevant.  Doc. 190 at 4.  Plaintiff

contends that the United States' objection on the grounds that his request is unduly burdensome

and disproportional to the needs of the case is groundless and that the United States has failed to

demonstrate either.  *Id.*  Plaintiff also contends that none of the cases the United States cites to

support its argument that Form 4340 Certificates of Assessments and Payments ("Forms 4340")

are presumptively correct relate to discovery issues, and further contends that even if there is a

presumption that Forms 4340 are correct, it is a rebuttable presumption.  *Id.* at 6-7.  Finally,

Plaintiff asserts that the summaries of tax assessments provided in the Forms 4340 do not

comply with the evidentiary demands of Federal Rule of Evidence 1006.  *Id.*

        In its Response, the United States argues that it has produced the "supporting records"

Plaintiff requested in the form of official Forms 4340 bearing the official seal from the IRS, and

that in doing so it has produced all the documents to which Plaintiff is entitled pursuant to the

relevant statute and regulation, *i.e.,* 26 U.S.C. § 6203 and 26 C.F.R. § 301.6203.1.  The United

States explains that any remaining "assessment records" signed by assessment officers requested

---

[1] Plaintiff attached to his Motion the United States' Amended Responses to his Request for Production Nos. 1, 2, 3 and 4.  Doc. 190-1.  However, Plaintiff's Motion to Compel is limited to Request for Production Nos. 1 and 2.  Doc. 190 at 1-7.  Plaintiff also attached an example of a Certificate of Assessments and Payments, known as IRS Form 4340.  Doc. 190-2.

by Plaintiff are "summary records," known as RACS[2] Report 006 (f/k/a Form 23C).[3][4]  *Id.* at 3.

The RACS Report 006 is a batch document that reflects an assessment officer's compilation of

assessments for multiple taxpayers, by a particular district, in a particular period.  *Id.*   The

United States explains that while the RACS Report 006 does supply the name of the assessment

officer who signed it, it does not provide specific information as to any individual taxpayer or

information on how any individual taxpayer's tax was calculated.  *Id.* at 5-6.  As such, the United

States argues that in addition to not being required by statute or regulation to produce the

summary records, there is no information contained in the summary records that bears on any

challenge Plaintiff may have regarding the tax amounts assessed against him.  *Id.* at 5-7.

Adding to that point, the United States contends that for the years 2010-2018, Plaintiff

filed tax returns and self-reported his liability for each year and cannot now challenge the

amount of tax he himself admitted he owed.  *Id.* at 6.  In addition, the United States contends that

for the years 2006-2009, Plaintiff did not file tax returns, so the IRS assessed him with taxes

pursuant to 26 U.S.C. § 6020 and has provided Plaintiff with Forms 4549 detailing how the IRS

calculated the delinquent income tax and penalties were calculated for each tax year.  *Id.*  The

United States also explains that on October 7, 2020, Plaintiff deposed the United States on the

topic of "income tax calculations alleged in the United States' counterclaim," and that any

additional discovery on the assessment records would be fruitless and therefore not proportional

---

[2] Revenue Accounting Control System.

[3] The United States explained that the Form 23C was phased out after 1984 in favor of a computerized report known as the RACS Report 006.  Doc. 199 at 3.

[4] The United States asserts that to the extent Plaintiff is seeking documents beyond the RACS Report 006, there are no other assessment or supporting documents that require an assessment officer's review and/or signature.  Doc. 199 at 4.

to the needs of the case. *Id*. In sum, the United States asserts that any assessment records

Plaintiff needs to understand the amount of tax the United States contends he underpaid has

already been provided to Plaintiff with the applicable forms. *Id.* As such, the United States

contends that the burden and expense of locating and retrieving a RACS Report 006 archived at a

National Archive Center during the pandemic outweighs any alleged benefit to Plaintiff and will

not serve to somehow invalidate the valid assessments established by the Forms 4340. *Id.*

Lastly, the United States argues that Plaintiff is not entitled to compel discovery on the

personnel or appointment records of IRS employees as they have no bearing on the amount of

tax Plaintiff owes the IRS. Doc. 199 at 7-10. The United States contends that the IRS enjoys a

presumption of procedural regularity in administering its administrative tasks, and in the absence

of clear evidence to the contrary, courts presume that it has properly discharged its official

duties. *Id.* The United States argues that Plaintiff has failed to present any evidence that the

assessments are irregular[5] or that the IRS employees making such assessments were not properly

delegated with the authority to do so. *Id.*

In his Reply, Plaintiff argues that the Forms 4340 the United States produced constitute

"mere summaries" and are therefore subject to the underlying record disclosure requirement of

Evidence Rule 1006. Doc. 209 at 1. Plaintiff also argues that the Forms 4340 are not

"standardized," and may include or omit information based on the whim of whoever creates it.

*Id.* In sum, Plaintiff contends that he is entitled to "records underlying the summary

'certificates.'" *Id.* at 2.

---

[5] The United States represents that it specifically asked Plaintiff at his deposition if he had any evidence to contest
the assessment in the counterclaims and he described none. Doc. 199 at 8, fn. 7. Instead, Plaintiff invoked his Fifth
Amendment right against self-incrimination. *Id.*

### 1.      Legal Standard

Pursuant to Federal Rule of Civil Procedure 34, a party may request that any other party

produce designated documents or electronically stored information ("ESI") in the other party's

possession, custody, or control that concern any matter within the scope of Rule 26(b).  Fed. R.

Civ. P. 34(a).  Rule 26(b), in turn, permits a party to "obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case."  Fed. R. Civ. P. 26(b)(1).  "Information within this scope of discovery need

not be admissible in evidence to be discoverable."  *Id.*  Rule 26(b) also instructs that, on motion

or on its own,

> must limit the frequency or extent of discovery otherwise allowed if it determines
> that (i) the discovery sought is unreasonably cumulative or duplicative, or can be
> obtained from some other source that is more convenient, less burdensome, or less
> expensive; (ii) the party seeking discovery has had ample opportunity to obtain the
> information by discovery in the action; or (iii) the proposed discovery is outside the
> scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).  Factors the Court should consider in determining whether

discovery is "proportional to the needs of the case" include:

> the importance of the issues at stake in the action, the amount in controversy, the
> parties' relative access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  "The court's responsibility, using all the information provided by the

parties, is to consider . . . these factors in reaching a case-specific determination of the

appropriate scope of discovery."  Fed. R. Civ. P. 26(b)(1), 2015 Amendment, Advisory

Committee Notes.

### 2.    Plaintiff's Requests for Production

a.    **Request No. 1**:  Any documents appointing any assessment

officers that signed any assessments (all as required under 26 C.F.R. § 301.6203-1) alleged in the

counterclaim.  Doc. 190-1 at 2.

The United States responded as follows:

The United States objects to this request because it is irrelevant to the issues before the court and because the request is unduly burdensome and not proportional to the needs of the case.

The Certificate of Assessments and Payments, known as IRS Form 4340, which the United States has provided (*see e.g.,* DOJ005857-5918 and DOJ004960-5008) establish that proper assessment were made for all the periods cited in the counterclaims.

The federal tax assessments shown in these transcripts are presumptively correct. *United States v. For D'Italia, Inc.,* 536 U.S. 238, 242-43, (2002); *Long v. United States*, 972 F.2d 1174, 1181 (10ᵗʰ Cir. 1992); *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10ᵗʰ Cir. 1992) (Form 4340s "are presumptive proof of a valid assessment.") (quotations and citations omitted); *Dallin v. United States*, 62 Fed. Cl. 589, 606 (2004) (the Certificate of Assessments and Payments, "are highly probative, and are sufficient in the absence of contrary evidence, to establish that the notices and assessment were properly made"); *United States v. Chila*, 871 F.2d 1015, 1018 (11ᵗʰ Cir. 1989); *Gentry v. United States*, 962 F.2d 555, 557 (6ᵗʰ Cir. 1992) ("Certificates of Assessments and Payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and property of notices and assessments that have been made."); *Dallin ex rel. Estate of Young v. United States (Young)*, 62 Fed. Cl. 589, 600 (2004) ("It is well established that a certified copy of the taxpayer's Form 4340 triggers the presumption of correctness in favor of the government . . . .").

Moreover, how assessment officers are appointed or what they sign pursuant to 26 C.F.R. § 301.6203-1 is irrelevant to the counterclaims.  The Tenth Circuit has held that assessments are valid even if the IRS had failed to comply with 26 C.F.R. § 301.6203-1.  *Howell v. United States*, 164 F.3d 523, 526 (10ᵗʰ Cir. 1998) ("We hold that any failure by the IRS to comply with its duty to provide the information set out in section 301.6203-1 did not render the assessment in this case invalid."); *Marvel v. United States*, 719 F.2d 1507, 1514 (10ᵗʰ Cir. 1983) ("[A]n assessment or notice of deficiency is not a prerequisite to the assertion of a tax liability"); *United States v. Chila*, 871 F.2d 1015, 1017 (11ᵗʰ Cir. 1989) ("Section 6303(a) notice requirement does not apply to a situation in which the United States files a civil action, but applies only where the United States proceeds to make the

collection through administrative means."); *see also United States v. Oyer*, No. 08-2002-CM, 2009 U.S. Dist. LEXIS 68993, at *5, 104 A.F.T.R.2d (RIA) 2009-5855 (D. Kan. Aug. 7, 2009) (holding that IRS was not required to give taxpayer a notice of the tax assessments).

For tax years 2006-2009, the United States has already produced at ECF 25 relevant notices:

1.     Exhibit B, a true and correct copy of a certified mailing list which is a record showing that Notices of Deficiency were mailed for all four years.

2.     Exhibit C, a true and correct copy of the Notice of Deficiency regarding your income tax liabilities for 2006, 2007 and 2008 that was mailed to your address at 2418 East Highway 66, Gallup, NM 87301.

3.     Exhibit D, a true and correct copy of the Notice of Deficiency regarding your income tax liabilities for 2006, 2007 and 2008 that was mailed to your address at 305 Canoncito, Gallup, NM 87301.

4.     Exhibit E, a true and correct copy of the Notice of Deficiency regarding your income tax liabilities for 2009 that was mailed to your address at 2418 East Highway 66, Gallup, NM 87301.

5.     Exhibit F, a true and correct copy of the Notice of Deficiency regarding your income tax liabilities for 2009 that was mailed to your address at 305 Canoncito, Gallup, NM 87301.

6.     Exhibit G, a true and correct copy of the Letter 1153/Form 2751 regarding the IRS's proposal to assess civil penalties pursuant to Section 6672 against you for the second, third, and fourth quarters of 2010) sent to him at 2418 East Highway 66, Gallup, NM 87301.

7.     Exhibit H, a Notice of Intent to Levy and Notice of Your Right to a Hearing that was mailed to Mr. Lunnon by certified mail on November 13, 2012, to his address at 2418 East Highway 66, Gallup, NM 87301.

Along with the Form 4[3]40s provided, these documents complete the record for those tax years and for the TFRPs in question.

For tax years 2010-2012, you ended up filing tax returns with the revenue officer which then replaced the Section 6020 assessments, for 2013-2016 you filed returns with the RO before the IRS completed Section 6020 assessments, and finally for 2017 and 2018 you filed returns the traditional way.  For 2010-2018, no notice of deficiency was required for any of those years.  Accordingly, you have no basis to contest the self-assessed tax liabilities for these years.

In sum, your request for documents is not relevant to the assessments nor proportional to the needs of the case, particularly given the documents already provided.

Doc. 190-1 at 2-4.

The Court finds Plaintiff's Motion to Compel as to Request for Production No. 1 is not well taken and is **DENIED**.  Plaintiff has failed to establish how information and documents appointing assessment officers are relevant to the United States' counterclaim that Plaintiff owes unpaid federal tax liabilities.  And contrary to Plaintiff's argument, the relevant regulation does not require the disclosure of this information.[6]  As such, the production of this information and documents is not proportional to the needs of the case.

In an action to collect unpaid taxes due, the government bears the initial burden of proof. *United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1983).  Here, the United States has produced Forms 4340 for each of the years at issue in its counterclaim, which creates a rebuttable presumption that the assessments made against Plaintiff are valid.  *Id.; see also March v. I.R.S.*, 335 F.3d 1186, 1188 (10th Cir. 2003).  Additionally, as a general rule the United States is entitled to "the presumption of official regularity," which is that " 'in the absence of clear evidence to the contrary, courts presume that [public officers] have properly discharged their official duties.' " *United States v. Ahrens,* 530 F.2d 781, 785 (8th Cir.1976) (quoting *United States v. Chemical Foundation, Inc.,* 272 U.S. 1, 14–15, 47 S.Ct. 1, 6–7, 71 L.Ed. 131 (1926)). Further, as long as the procedures used and the evidence relied upon by the government to determine the assessment had a rational foundation the inquiry focuses on the *merits* of the tax liability and not on the IRS procedures.[7]  *Ruth v. U.S.,* 823 F.2d 1091, 1094 (7th Cir. 1987).  In

---

[6] *See* Section A.2.b., *infra.*

[7] As previously noted, the United States contends that for the years 2010-2018, Plaintiff filed tax returns and self-reported his liability for each year and cannot now challenge the amount of tax he himself admitted he owed.  Doc.

the face of these presumptions, Plaintiff has the burden of persuasion by a preponderance of the

evidence that the assessments are irregular or erroneous. *Palmer v. United States Internal*

*Revenue Service*, 116 F.3d 1309, 1312 (9th Cir. 1997); *see also Guthrie v. Sawyer*, 970 F.2d 733,

737 (10th Cir. 1992) (if a taxpayer does not present evidence to the contrary, a district court may

properly rely on the Forms 4340 to conclude that valid assessments were made); *Brafman v.*

*United States*, 384 F.2d 863, 867-68 (5th Cir. 1967) (finding that a suit for collection was barred

by the statute of limitations because the assessment certificate was not signed by the proper

official, as prescribed by the applicable Treasury Regulation, within the statutory period after the

filing of the estate tax return).

Here, Plaintiff has not argued or presented any evidence that the Forms 4340 suffer from

technical irregularities or that the tax assessments are erroneous or lack a rational foundation.

Instead, Plaintiff contends, without more, that it is relevant, and that he is entitled to information

regarding the appointment of the assessment officers who signed the Forms 4340 or any other

assessment records pursuant to 26 U.S.C. § 6203 and 26 C.F.R. § 301.6203-1.  The relevant

regulation, however, does not require disclosure of this information.[8]  And to the extent Plaintiff

is challenging the authority of the IRS agents to issue the tax assessments, the Tenth Circuit has

rejected arguments attacking the delegation of authority to the relevant IRS agents and officers

carrying out their responsibilities. *See Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir.

1990) (adding to the list of rejected tax protestor arguments the argument that the Commissioner

---

190 at 6.  In addition, the United States contends that for the years 2006-2009, Plaintiff did not file tax returns, so the IRS assessed him with taxes pursuant to 26 U.S.C. § 6020 and provided Plaintiff with Form 4549s detailing how the IRS calculated the delinquent income tax and penalties were calculated for each tax year. *Id.*  The United States also explains that on October 7, 2020, Plaintiff deposed the United States on the topic of "income tax calculations alleged in the United States' counterclaim."  Plaintiff has presented no evidence that the tax assessments are without any rational foundation.

[8] *See* Section A.2.b., *infra.*

of Internal Revenue and employees of the Internal Revenue Service have no power or authority

to administer the Internal Revenue laws); *see also Hughes v. United States*, 953 F.2d 531, 536

(9th Cir. 1992) (finding that "[t]he delegation of authority down the chain of command, from the

Secretary, to the Commissioner of Internal Revenue, to local IRS employees constitutes a valid

delegation by the Secretary to the Commissioner, and a redelegation by the Commissioners to

the delegated officers and employees.").

In sum, Plaintiff has failed to demonstrate that the information and/or documents

regarding the appointment of the assessment officers who signed the assessment records at issue

are relevant or proportional to his defense of the United States' counterclaim or that the relevant

regulation requires that this information be produced.  The United States' objections, therefore,

are sustained and Plaintiff's Motion to Compel as to Request No. 1 is **DENIED.**

                 **b.**         **Request No. 2**:  Plaintiff seeks "[a]ny assessment records signed

by any assessment officer(s), as well as any supporting records (all as required under 26 C.F.R.

§ 301.6203-1) for all assessments alleged in the counterclaims.  *Id.* at 5.

> The United States responded as follows:
>
> The United States objects to this request on the same grounds as the request above, and incorporates the objection here.
>
> Moreover, the assessment record, known as Form 23C, that would be signed by an assessment officer "does not contain information on individual taxpayers." *Fulgoni v. United States*, 23 Cl. Ct. 119, 122 (1991) (citing M. Saltzman, IRS Practice and Procedure P 10.02, at 10-4 (1981)); *United States v. Hesse*, 1990 U.S. Dist. LEXIS 684, No. 87 CIV. 1499, 1990 WL 6562, at *2 (S.D.N.Y. Jan. 23, 1990), so any probative value would be minimal.
>
> In sum, your request for documents is not relevant to the assessments nor proportional to the needs of the case, particularly given the documents already provided.

Doc. 190-1 at 5.

10

The Court finds Plaintiff's Motion to Compel as to Request for Production No. 2 is not well taken and is **DENIED**.

Section 6203 of the Internal Revenue Code provides that an assessment of tax "shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary."  26 U.S.C. § 6203.  Section 6203 also provides that "a copy of the record of assessment" must be furnished to the taxpayer upon request.  *Id.* Treasury Regulation § 301.6203-1 amplifies this rule by stating that an assessment is made "by an assessment officer signing the summary record of assessment," and that the summary record, *through supporting records*, shall provide "identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment."  26 C.F.R. § 301.6203-1 (emphasis added).  Section 301.6203-1 further specifies that "[i]f the taxpayer requests a copy of the record of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed."  *Id.*

The IRS must comply with the regulations governing the assessment process and allow taxpayers to request a copy of certain parts of the assessment records.  *March v. I.R.S.*, 335 F.3d at 1186, 1188 (10th Cir. 2003).  However, no particular form or document is needed to satisfy the requirements of I.R.C. § 6203 and Treasury Regulation § 301.6203-1.  Until its transition to computerized recordkeeping, the IRS generally used Form 23C for the summary record of assessment, but it now uses a computer-generated summary record of assessment known as the RACS Report 006.  *Goodman v. U.S.,* 185 F. App'x 725, 728 (10th Cir. 2006) (unpublished). Both forms have been recognized as summary records of assessment within the meaning of

I.R.C. § 6203 by the Tenth Circuit. *Id.* (citing *March v. IRS*, 335 F.3d 1186, 1188 (10th Cir.

2003); *Roberts v. Comm'r*, 329 F.3d 1224, 1228 (11th Cir. 2003)).

That being said, the Tenth Circuit and other circuit courts have deemed that providing

taxpayers with Form 4340 satisfies the requirements of 26 U.S.C. § 6203 and C.F.R. §

301.6203–1 because it provides "all of the information required under Treasury Regulation §

301.6203–1," *i.e.,* it identifies the taxpayer, informs him of the character of the liability assessed,

the tax periods giving rise to the assessment, and the amount of the assessment. *Goodman*, 185

F. App'x at 728; *see also Taylor v. IRS*, 69 F.3d 411, 419 (10th Cir. 1995) (noting that Form 4340

provides "all of the information required under Treasury Regulation § 301.6203-1"); *Koff v.*

*United States*, 3 F.3d 1297, 1298 (9th Cir. 1993) (finding that  "[i]f the taxpayer requests a copy

of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment

which set forth the name of the taxpayer, the date of assessment, the character of the liability

assessed, the taxable period, if applicable, and the amounts assessed," and that production of

Form 4340 sets forth all the information the regulation requires); *Gentry v. United States*, 962

F.2d 555, 558 (6th Cir. 1992) (finding that the Treasury Regulations specify that the taxpayer is

entitled to a copy of the pertinent parts of the assessment documents and that those pertinent

parts need only provide the five items listed in the Regulations); *United States v. Chila*, 871 F.2d

1015, 1017 (11th Cir. 1989) (stating that the requirement by the regulation that the government

provide "the pertinent parts of the assessment" is satisfied by providing any part of the records of

the government that supplies the "pertinent information" that both regulation and statute require).

Indeed, the Tenth Circuit has explicitly noted that

> the courts have generally held that the IRS need not provide a taxpayer with a
> copy of the actual Summary Record of Assessment.  Instead, the courts have held
> that the IRS may submit Certificates of Assessments and Payments on Form
> 4340.  Form 4340 details the assessments made and the relevant date that a

Summary Record of Assessment was executed.  The courts have also held that
these Certificates on Form 4340 are presumptive proof of a valid assessment.

*March*, 335 F.3d at 1188 (internal quotation marks omitted).  Further, "production of a Form

4340 creates a presumption that a Summary Record of Assessment was validly executed and

certified."  *Id.* at 1189.

Here, it is undisputed that the United States has produced the Forms 4340 for the tax

years at issue in its counterclaim and, therefore, has complied with the requirements of 26 U.S.C.

§ 6203 and 26 C.F.R. § 301-6203-1.  Plaintiff, therefore, has failed to demonstrate that 26 U.S.C.

§ 6203 or 26 C.F.R. § 301-6203-1 require the United States provide him with a copy of the

actual summary records referenced therein, or any other assessments records for that matter.  As

such, the United States' objections are sustained and Plaintiff's Motion to Compel as to Request

No. 2 is **DENIED.**

### 3.       Federal Rule of Evidence 1006

Plaintiff argues that the Forms 4340 are summaries pursuant to Federal Rule of Evidence

1006 thereby *requiring* the production of supporting records.  Plaintiff's argument is misplaced.

Rule 1006 by its terms applies when a party is not attempting to have real evidence received, but

instead is attempting to introduce a summary of that evidence.[9]   However, official documents,

such as IRS forms, are probative evidence in and of themselves and, in the absence of contrary

---

[9] Rule 1006 provides, in relevant part:

> The contents of voluminous writing, recordings, or photographs which cannot conveniently be
> examined in court may be presented in the form of a chart, summary, or calculation.  The originals,
> or duplicates, shall be made available for examination or copying, or both, by other parties at
> reasonable time and place.

Fed. R. Evid. 1006.  The materials upon which the summary is based need not themselves be admitted into evidence,
but the admission of summaries is conditioned on the requirement that the evidence upon which they are based, if
not admitted, must be admissible.  *U.S. v. Samaniego*, 187 F.3d 1222, 1223 (10th Cir. 1999) (citing *Harris Mkt.
Research v. Marshall Mktg. & Communications Inc.,* 948 F.2d 1518, 1525 (10th Cir. 1991)).

evidence, are sufficient to establish that notices and assessments were properly made. *Hughes v. U.S.,* 953 F.2d 531, 540 (9th Cir. 1992) (citations omitted); *see also Freeman v. U.S.*, 2005 WL 3132185, *2 (S.D. Tex. Nov. 22, 2005) (Federal Rule of Evidence 1006 does not render the Form 4340 inadmissible). Thus, because the Forms 4340 are not merely a summary record of proof, but are themselves proof that assessments were made, Rule 1006 does not render them inadmissible. *Id.*

### B.        Motion for Protective Order

#### 1.        Arguments Presented

The United States seeks a protective order quashing Plaintiff's Notice of Deposition served under Fed. R. Civ. P. 30(b)(6) dated September 18, 2020. Doc. 193 at 1. The United States explains that Plaintiff seeks information on "who any assessment officers may have been that made the assessments alleged in the United States' counterclaim, their appointment(s) as assessment officers, and what assessment documents they may have examined and/or signed." *Id.* at 2. The United States asserts that Plaintiff has not presented any evidence that suggests an irregularity in the way his taxes were assessed, and that pursuing such a line of inquiry is unduly burdensome and oppressive. *Id.* at 3. The United States argues that it has followed proper procedures and produced Forms 4340 in compliance with the relevant regulations. *Id.* at 4. The United States argues that production of the Forms 4340 creates a presumption that a Summary Record of Assessment, whether on Form 23C or RACS Report 006, was validly executed and certified. *Id.* The United States further argues that the summary records signed by assessment officers offer no specific information as to individual taxpayers, and that the identities and/or appointments of assessment officers is irrelevant to Plaintiff's defense of the United States' counterclaim. *Id.* at 6-10.

In his Response, Plaintiff argues that the United States has failed to demonstrate how

proceeding with the deposition he has noticed is unduly burdensome or oppressive and that the

United States' Motion for Protective Order should be denied for that reason.  Doc. 203 at 1-2.

Plaintiff also argues that the United States implicitly argues that the Forms 4340 create an

"irrebuttable" presumption which is disfavored under the Constitution.  *Id.* at 2-3.  Plaintiff

contends that to the extent that is not the case, that any evidence available for rebutting the

validity of the Forms 4340 is in the hands of the United States.  *Id.* at 3.  Plaintiff asserts that the

deposition he wishes to take will either prove or disprove the existence of any assessment

officers in this matter and other contentions about the assessments made in the counterclaim.  *Id.*

Plaintiff goes on to assert that "[i]f no assessment officer(s) in fact actually existed for the

assessments alleged in the counterclaim, the contention in the 'certificates' about assessments

being made would be rebutted.  Also, if no assessment officer actually signed any summary

assessment records relating to this case, no valid assessments would exist."  *Id.*

In its Reply, the United States argues that Plaintiff has yet to explain how knowing the

names of the assessment officers who signed the RCAS Reports 006 or how they came to be

hired has any probative value in Plaintiff's defense of the United States' counterclaim.  Doc. 214

at 1.  The United States further argues that

> [w]hile it is true that 26 C.F.R. § 301.6203-1 requires that an "assessment shall be
> made by an assessment officer signing the summary record of assessment," it does
> not specify that a given assessment officer must be the one to sign the summary
> record of assessment, *i.e.,* sign the RACS006 Report.  The Form 4340s already
> establish that an assessment officer signed a summary record of assessment.  A
> deposition to ascertain the identity of the assessment officers is wasteful.  Similarly,
> insofar as the subject of the deposition is to ascertain what documents the
> assessment officers signed, that is equally wasteful.  The assessment officers are
> only required to sign a record of assessment.  Conducting a deposition to be told
> that an assessment officer signed a summary record of assessment, which the Form
> 4340s already establish, is wasteful.

Doc. 214 at 2.

### 2.     Legal Standard

The Court may issue a protective order "for good cause ... to protect a party or person

from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*  A protective

order may forbid or limit particular discovery, or otherwise control the terms on which it may be

had. *Id.*  Moreover, "[i]f a motion for a protective order is wholly or partly denied, the court

may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P.

26(c)(2).  The party seeking a protective order bears the burden of showing good cause for the

order to issue.  *Pearson v. Miller,* 211 F.3d 57, 72 (3d Cir.2000); *In re Cooper Tire & Rubber*

*Co.,* 568 F.3d at 1190.  The decision whether to grant a motion for protective order is within the

trial court's discretion. *In re Cooper Tire & Rubber Co.,* 568 F.3d at 1195; *Nelson v. Hardacre, –*

312 F.R.D. 609, 613, 2016 WL 141633, at \*2 (D. Kan. Jan. 12, 2016); *see Morales v. E.D.*

*Etnyre & Co.,* 229 F.R.D. 661, 662 (D.N.M. 2005) ("Federal district courts have broad discretion

over discovery.") (citing cases).

### 3.     Analysis

The Court finds that the United States has met its burden of showing good cause for a

protective order to issue and that proceeding with the deposition is unduly burdensome.  As

previously discussed, it is undisputed that the United States has produced Forms 4340 for each of

the years at issue in its counterclaim,[10] which creates a rebuttable presumption that the

assessments made against Plaintiff are valid.  *March,* 335 F.3d at 1188.  Further, "production of

a Form 4340 creates a presumption that a Summary Record of Assessment was validly executed

---

[10] The United States has also produced, *inter alia,* Forms 4549 and notices of deficiency.  Doc. 109-1 at 3-4; Doc.
199 at 6.  In addition, Plaintiff has deposed the United States on the topic of "income tax calculations alleged in the
United States' counterclaim."  Doc. 199 at 6.

16

and certified." *Id.* at 1189.  And the Tenth Circuit has specifically held that the IRS does not have to additionally produce the assessment document containing the assessment officer's signature showing that he made the assessment under oath.  *Id.; citing Goodman*, 185 F. App'x at 729.  Additionally, absent clear evidence to the contrary, the courts presume that public officers have properly discharged their official duties.  *Ahrens,* 530 F.2d at 785.  Lastly, as long as the procedures used and the evidence relied upon by the government to determine the assessment had a rational foundation the inquiry focuses on the *merits* of the tax liability and not on the IRS procedures.  *Ruth,* 823 F.2d at 1094.

Here, Plaintiff has not argued or presented any evidence that the Forms 4340 the United States has already produced suffer from technical irregularities or that the tax assessments are erroneous or lack a rational foundation.[11]  To the contrary, Plaintiff argues, without more, that the deposition he seeks is necessary to prove or disprove the existence of assessment officers and to prove or disprove the "contentions about assessments made in the counterclaim."  This is insufficient and amounts to a fishing expedition.  *See generally United States v. Upton*, 1995 WL 264247, *2 (D. Conn. Jan. 26, 1995) (taxpayers engaged in fishing expedition in seeking to depose IRS employees who processed their file where valid tax assessments, along with interrogatory responses and supporting documents, had already been provided).

For the foregoing reasons, the Court finds Defendant's Motion for Protective Order is well taken and is **GRANTED.**

C.      Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 190) is not well taken and is **DENIED.**

---

[11] *See* fns. 5, 7, *supra.*

**IT IS FURTHER ORDERED** that Defendant's Motion for Protective Order (Doc. 193) is well taken and is **GRANTED.**

_____

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**