IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL LUNNON,

     Plaintiff,

vs.                                        Civ. No. 16-1152  MV/JFR

UNITED STATES OF AMERICA, *et al.*,

     Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on The UPS Store, Inc.'s ("TUPSS") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion"), filed August 17, 2020.  Doc. 179. Plaintiff filed a Response on August 27, 2020.  Doc. 181.  TUPSS filed a Reply on September 10, 2020.  Doc. 186.  On October 26, 2020, the Court issued an Order for Supplemental Briefing seeking supplemental briefing on the issues of Plaintiff's standing, LG Kendrick, LLC's Assignment to Plaintiff, and the Franchise Agreement between TUPSS and LG Kendrick, LLC, at issue.  Doc. 212.  Pursuant to that Order, the parties each submitted supplemental briefs on November 4, 2020.  Docs. 220, 221.  The parties submitted their respective responses on November 10, 2020, and November 11, 2020.  Docs. 225, 226.  And TUPSS submitted a reply on November 16, 2020.  Doc. 228.  Plaintiff filed a Notice of Briefing Complete on November 17, 2020.  Doc. 229.  TUPSS filed a Notice of Briefing Complete on

---

[1] By an Order of Reference filed June 4, 2019 (Doc. 121), the presiding judge referred this matter to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the motions.

November 18, 2020.  Doc. 230.  Having reviewed the parties' submissions and the relevant law, and for the reasons set forth herein, the Court finds that Plaintiff does not have standing to pursue claims against TUPSS, has willfully violated the Court's orders that LG Kendrick, LLC, may only appear with an attorney, and has improperly attempted to circumvent the rule that a corporation may litigate only through a duly licensed attorney by assigning LG Kendrick, LLC's claims to himself.  The Court therefore recommends that TUPSS's Motion (Doc. 179) be **GRANTED** and that Plaintiff's Sixth Cause of Action in his First Amended Complaint be dismissed without prejudice for lack of subject matter jurisdiction.

## I.  Background Information

For the purpose of ruling on TUPSS's Motion, the Court assumes that the following well-pled facts taken from Plaintiff's Amended Complaint are true.[2]  *Holt v. U.S.,* 46 F.3d 1000, 1002-1003 (10th Cir. 1995) (explaining that in reviewing a Rule 12(b)(1) facial attack on the complaint's allegations as to subject matter jurisdiction, a district court must accept the allegations in the complaint as true.)  In addition to the Complaint, the court may consider documents referred to in the Complaint if the documents are central to the Plaintiff's claims and the parties do not dispute the documents' authenticity.[3]  *Jacobsen v. Deseret Book Co*., 287 F.3d 936, 941 (10th Cir. 2002).

---

[2] Although a court must generally take the allegations in a complaint as true no matter how skeptical the court may be, "[t]he sole exception to this rule lies with the allegations that are sufficiently fantastic to defy reality as we know it[,]" for example, those related to "experiences in time travel."  *Ashcraft v. Iqbal*, 556 U.S. 662, 696 (2009) (Souter, J., dissenting); *Valdez v. Nat'l Sec. Agency*, 228 F.Supp.3d 1271, 1280 (D. Utah 2017) ("At the pre-discovery motion to dismiss stage, [the district court] must assume the truth of well-pleaded factual allegations that are not simply legal conclusions or bare assertions of the elements of a claim – so long as the allegations do not defy reality as we know it[.]")

[3] In response to the Court's Order for Supplemental Briefing, the parties each submitted a copy of the Franchise Agreement referred to and at issue in the Sixth Cause of Action of Plaintiff's Amended Complaint.  Docs. 220-1, 221-3.  Plaintiff also submitted a copy of the Articles of Organization of LG Kendrick, LLC (Doc. 221-1), and a copy of LG Kendrick, LLC's Assignment of  any and all rights to any claims against TUPPS to Plaintiff (Doc. 221-2).  The parties have not disputed the authenticity of these documents.

Plaintiff states that LG Kendrick, LLC, has a franchise agreement with TUPSS, and is a franchisee of TUPSS with a store located in New Mexico.[4]  Doc. 104 at 2.  On March 15, 2011, the IRS, through its agent, Defendant T.W. Lyons, issued a Notice of Federal Tax Lien against "LG Kendrick LLC as the alter ego of Michael E. Lunnon."  *Id.* at 2-3, 12 (Exh. 1).  The Notice indicated that Plaintiff owed $30,506.49 in unpaid taxes for years 1998, 1999 and 2008 (sic).[5]  *Id*. at 12 (Exh. 1).  The Notice of Federal Tax Lien stated as follows:

> As provided in sections 6321,[6] 6322,[7] and 6323[8] of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer.  We have made a demand for payment of

---

[4] TUPSS is a Georgia corporation operating out San Diego, California, which conducted business with New Mexico franchisee LG Kendrick, LLC.  Doc. 104 at 2.  LG Kendrick, LLC, is a New Mexico limited liability company, and Plaintiff asserts that LG Kendrick, LLC, assigned its rights to claims in this case to him in July 2018.  *Id.*  It appears that Plaintiff Lunnon was the manager and sole member of LG Kendrick, LLC.  Doc. 105 at 2-3.  While formerly named as a Plaintiff, LG Kendrick, LLC, is no longer a party to this action. Doc. 104.  Plaintiff Lunnon is proceeding *pro se*.  The Court notified Plaintiff on October 25, 2016, that the corporate entity LG Kendrick, LLC, was precluded from proceeding *pro se* by Local Rule 83.7.  Doc. 7.  Although counsel briefly entered an appearance on behalf of LG Kendrick, LLC, on July 26, 2017 (Doc. 59), he later withdrew (Doc. 88).  District Judge Martha Vázquez issued an order informing Plaintiff that any pleading that included the corporate entity LG Kendrick, LLC, would be stricken, and default judgment or sanctions may be imposed if LG Kendrick, LLC, appeared again without an attorney.  Doc. 89.  The pursuit of LG Kendrick, LLC's interests would require its representation by counsel in this case in accordance with Local Rule 83.7.  Because LG Kendrick, LLC, is not a party, its interests, if any, are not properly before the Court.

[5] The Notice of Levy indicates taxes are owed for the years 1998, 1999 and *2005.*  Doc. 104 at 12-13 (Exh. 2).

[6] A statutory tax lien in favor of the United States arises with respect to all property and rights to property of a taxpayer upon failure to pay a tax liability after demand.  26 U.S.C. § 6321.  However, a federal tax lien is not self-executing; the IRS must take affirmative action to enforce collection of the unpaid tax.  *See United States v. National Bank of Commerc*e, 105 S. Ct. 2919, 2924 (1985).

[7] A tax lien arises automatically at the time of the assessment and continues thereafter until the underlying tax liability is satisfied or collection is barred by the statute of limitations.  See 26 U.S.C. § 6322; s*ee In re Berg,* 188 B.R. at 618 ("A Notice of Federal Tax Lien must, however, be filed before a tax lien will be effective against third parties.");  *Walker v. United States,* No. 04–5448, 2008 WL 576791, at *1 (D.N.J. Feb. 29, 2008) (The notices of federal tax liens protect the government from third-party claims against the taxpayer's property in accordance with the provisions of § 6323.  The notices do not affect the statutory liens that arose automatically.); *Gass v. U.S. Dept. of Treas.,* No. 98–0075, 1999 WL 250890, at *8 (D. Colo. Mar. 30, 1999) (holding that any procedural irregularities with respect to a notice of federal tax lien do not affect the validity of the statutory tax lien).

[8] A notice of federal tax lien is separate and distinct from the statutory tax lien.  *See Polite v. United States,* No. 07-CV-1950-AJB (WVG), 2012 WL 965996, at *6 (S.D. Cal. March 21, 2012).  The § 6321 statutory tax lien creates the United States' interest, and the notice of federal tax lien recorded in the county recorder's offices establishes priority against certain enumerated creditors under § 6323.  *Id.*  The notice of the alter ego tax lien at issue in this case did not create the tax lien on Plaintiff's property, but merely protected the government's interest in his property and priority against other creditors.  *See id*.

this liability, but it remains unpaid.  Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

*Id*.  The Notice of Federal Tax Lien was filed in McKinley County, Gallup, New Mexico.  *Id*.

The Notice of Federal Tax Lien identified a Date of Assessment for each tax period, specifically 7/12/2004 (for 1998 taxes), 2/3/2003 (for 1999 taxes), and 7/21/2008 (for 2005 taxes).  *Id*.

On March 10, 2011, IRS Revenue Officer Defendant Lyons sent a "Notice of Levy on Wages, Salary, and Other Income" to TUPSS and identified the taxpayer as "LG Kendrick LLC as the Alter-Ego of Michael E. Lunnon."  Doc. 104 at 13 (Exh. 2).  The Notice of Levy indicated that Plaintiff owed $44,528.81 in unpaid taxes and statutory additions for years 1998, 1999 and 2005.  *Id*.  The Notice of Levy demanded that TUPSS surrender payments owed to LG Kendrick, LLC, for tax claims that were asserted to exist solely against Plaintiff.  *Id*.  The Notice of Tax Levy stated

> [w]e figured the interest and late payment penalty to 04/21/2011.  Although we asked you to pay the amount you owe, it is still not paid.
>
> This is your copy of a Notice of Levy we have sent to collect the unpaid amount. We will send other levies if we don't get sufficient funds to pay the total amount you owe.
>
> This levy requires the person who received it to turn over to us: your wages and salary that have been earned but not paid, as well as wages and salary earned in the future until the levy is released; and (2) your other income that the person has now or is obligated to pay you.  This money is levied to the extent it isn't exempt, as explained on the back of Part 5 of this form.
>
> If you decide to pay the amount you owe now, please **bring** a guaranteed payment (*cash, cashier's check or money order*) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money.  . . .

*Id.* (emphasis in original).  Between March 2011 and February 2018, TUPSS diverted $65,000 from LG Kendrick LLC to the IRS.  *Id.* at 9.[9]

Based on the foregoing facts, Plaintiff alleges "bad faith breach of contract" against TUPSS and seeks damages for the breach, plus punitive damages against TUPSS.  Doc. 104 at 10.

## II.    Procedural Background

This action began on October 19, 2016, when Plaintiffs Michael Lunnon and LG Kendrick, LLC, filed a Complaint for Administrative Review, Injunctive Relief and Refund, Quiet Title, and Damages against the United States of America.  Doc. 1.  Plaintiff Michael Lunnon signed the Complaint on his own behalf and as the manager of LG Kendrick, LLC.  *Id.* On October 24, 2016, Magistrate Judge Steven C. Yarbrough, who was initially assigned as the referral judge, entered an Initial Scheduling Order.  Doc. 6.  On October 25, 2016, the Clerk of the Court mailed a letter to LG Kendrick, LLC, advising it that pursuant to Local Rule 83.7, a corporation or partnership must be represented by an attorney authorized to practice before this Court.  Doc. 7.  The letter advised Mr. Lunnon, as LG Kendrick, LLC's manager, that he had twenty (20) days within which to obtain counsel to represent LG Kendrick, LLC.  *Id.*  On November 1, 2016, Mr. Lunnon sent a response letter to the Clerk of the Court arguing that the local rule did not apply in this matter due to Defendant's position that "there is no legal distinction between Lunnon and LG Kendrick."[10]  Doc. 8.  On November 15, 2016, Magistrate

---

[9] Plaintiff states that since February 2013 (sic) TUPSS diverted "at least $65,000 from LG Kendrick to the IRS." Doc. 104 at 9.  The government claims that it seized $51,252.40 from TUPSS in connection with the Notice of Levy at issue here.  Doc. 105 at 3.  *See* fn. 17, *infra*.

[10] Mr. Lunnon explained in his letter to the Clerk of the Court that the United States had taken the position in collecting taxes that LG Kendrick, LLC, was the alter ego of Michael Lunnon.  Doc. 8 at 1.  Given the United States' position, Mr. Lunnon therefore asserted that he and LG Kendrick, LLC, were one and same and that LG Kendrick, LLC, did not require attorney representation.  *Id.*

Judge Yarbrough entered an Order advising the parties that he would address the issue of the local rule at the initial scheduling conference scheduled for December 13, 2016.  Doc. 12.  At the December 13, 2016, scheduling conference, Magistrate Judge Yarbrough determined there was good cause to delay entering a scheduling order because Plaintiffs had, in the meantime, filed a motion for injunctive relief that was currently pending before District Judge Martha Vázquez, and because there was a pending issue before the Tenth Circuit as to whether Mr. Lunnon could represent LG Kendrick, LLC.  Doc. 25.

On February 3, 2017, Plaintiffs Michael Lunnon and LG Kendrick, LLC, filed an Amended Complaint for Administrative Review, Injunctive Relief and Refund, Quiet Title, and Damages for Unauthorized Tax Collection, and Damages for Rico Violation, against the United States of America, TUPSS, and T. W. Lyons.  Doc. 34.  On February 8, 2017, the United States filed a Motion to Strike the Amended Complaint.  Doc. 36.  On February 9, 2017, Plaintiff filed a Motion for Leave to Amend.  Doc. 37.

On April 27, 2017, Plaintiffs filed a Notice of Appeal with the Tenth Circuit appealing the district court's "de facto" denial of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction and Plaintiffs' Motion for Leave to Amend.  Doc. 50.  Plaintiffs argued that the district court had failed to make any rulings and had stalled the case.  *Id.*  On April 28, 2017, the Tenth Circuit, on its own motion following the filing of Plaintiffs' appeal, advised Michael Lunnon that he could not represent LG Kendrick, LLC, and that LG Kendrick had twenty-one days to cause an attorney licensed to practice in the Tenth Circuit to enter an appearance on its behalf.  Doc. 54.  The Tenth Circuit warned that the failure to do so could result in dismissal of LG Kendrick, LLC's appeal without further notice.  *Id.*  The Tenth Circuit ultimately dismissed the appeal for lack of jurisdiction.  Doc. 57.

On July 25, 2017, Attorney Peter Gibbons entered his appearance on behalf of LG Kendrick, LLC.  Doc. 59.  On January 8, 2018, Plaintiff Lunnon filed a Notice of Bankruptcy Filing.  Doc. 84.  On February 10, 2018, Attorney Gibbons filed a Notice of Termination of Counsel stating that he had been informed by LG Kendrick, LLC, that it had sought protection in bankruptcy and that his services were no longer needed.  Doc. 86.  On February 15, 2018, Attorney Gibbons moved to withdraw.  Doc. 88.  On February 27, 2018, District Judge Vázquez entered an Order staying the case in light of the bankruptcy petition and granting Attorney Gibbons' motion to withdraw.  Doc. 89.  Within her Order, District Judge Vázquez advised L.G. Kendrick, LLC, that it could only appear with an attorney, and that absent entry of appearance by a new attorney, any filings made by L.G. Kendrick, LLC may be stricken and default judgment or other sanctions may be imposed.  *Id.*  On February 27, 2018, the Court entered a stay pending resolution of bankruptcy proceedings.  On May 23, 2018, Plaintiff Lunnon filed a Notice of Bankruptcy Completion and Discharge.  On July 19, 2018, the parties filed a Joint Motion for Leave to Amend Pleadings.  Doc. 98.  On August 23, 2018, the Court lifted the stay and granted the motion.  Docs. 101, 102.

On September 18, 2018, Plaintiff filed an Amended Complaint.  104.  The Amended Complaint removed LG Kendrick, LLC, as a Plaintiff and added T. W. Lyons and TUPSS as Defendants.  *Id.*  The Amended Complaint also removed a cause of action for quiet title, and added two causes of action, *i.e.,* Count IV against Defendant Lyons and TUPSS for RICO Violations, and Count VI against  TUPSS for Bad Faith Breach of Contract.[11]  *Id.*  On October 2, 2018, Defendant United States filed a Motion to Dismiss Counts I-III of Plaintiff's Amended Complaint.  Doc. 105.  The case was temporarily stayed from December 27, 2018 through

---

[11] The Amended Complaint does not contain a Count V.  *See* Doc. 104.

February 28, 2019, due to a federal lapse in appropriations.  Docs. 117, 119.  On July 8, 2019,

Defendants the United States and T.W. Lyons filed their Motion to Dismiss Count IV.  Doc. 122.

On July 10, 2019, Defendants filed the Amended Motion to Dismiss Count IV.  Doc. 123.

On January 29, 2020, District Judge Vázquez entered an Order Overruling Objections

and Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition granting

in part and denying in part Defendant United States Motion to Dismiss Counts I-III.  Doc. 142.

On March 23, 2020, District Judge Vázquez entered an Order Overruling Objections and

Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition granting

Defendants' Motion to Dismiss Count IV.  Doc. 154.

Now before the Court is TUPPS's Motion to Dismiss Plaintiff's Sixth Cause of Action.

Doc. 220.

### III.   Analysis

Plaintiff's Sixth Cause of Action in his Amended Complaint reads in pertinent part as

follows:

> 44.   The actions of defendant TUPSS constituted a bad faith breach of its
> franchise agreement with LG Kendrick, and have caused the above
> described damages to LG Kendrick.[12]

> 45.   Pursuant to the assignment from LG Kendrick, plaintiff is entitled to general
> damages for the breach, plus punitive damages against defendant TUPSS.

Doc. 104 at 10.  The assignment referred to above reads as follows:

> For value received, which is hereby acknowledged, LG Kendrick, LLC hereby
> assigns and transfers to Michael Lunnon, who is located in Gallup New Mexico,
> any and all rights to any claims against The UPS Store, Inc related to any sums due,

---

[12] In Plaintiff's Fourth Cause of Action in his Amended Complaint, Plaintiff brought RICO violations against Defendants T.W. Lyons and TUPSS.  Doc. 104 at 6-10.  As part of that claim, Plaintiff alleged that TUPSS sent monthly payments to LG Kendrick, LLC, presumably as part of the franchise agreement between TUPSS and LG Kendrick, LLC.  Doc. 104 at 8.  Plaintiff further alleged that TUPSS falsely treated those monthly payments as "salary and wages" in order to satisfy the levy the IRS issued to TUPSS .  Doc. 104 at 8.  Plaintiff claims that the monthly payments TUPSS owed LG Kendrick, LLC, were not salary or wages.  *Id.*  On March 23, 2020, District Judge Vázquez dismissed Plaintiff's RICO cause of action.  Doc. 154.

or alleged to be due, but unpaid from year 2010 to date; and any claims LG Kendrick, LLC may have against the person known as 'T. W Lyons' and the United States.

Executed this 26th day of July, 2018.

Doc. 221-2.  The assignment was signed by Michael Lunnon as Manager, LG Kendrick, LLC. *Id.*

### A.   <u>Motion to Dismiss</u>

In its Motion to Dismiss, TUPSS argues that Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted because TUPSS is not liable to Plaintiff as a matter of law for surrendering payments it was obligated to make to LG Kendrick, LLC, to the IRS.   Doc. 179 at 3-5.  In support, TUPSS cites 26 U.S.C. §§ 6321 and 6331, which direct that a lien for taxes attaches to "all property and rights to property, real or personal, belonging to such person," and that when the taxpayer's property is held by another, the IRS may serve a notice of levy upon that party.  Doc. 179 at 3.  TUPSS also cites 26 U.S.C. § 6332(e), which instructs that any person who honors the levy is "discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment."  Doc. 179 at 4.  TUPSS therefore argues that, as a matter of law, Plaintiff's only recourse regarding the issuance of a levy upon his property for the payment of his unpaid taxes is to bring an action against the IRS, and not TUPSS.  *Id.* at 5. TUPSS also argues that Plaintiff's contention that the monthly payouts on receivables TUPSS made to LG Kendrick were not "wages and salary," and therefore TUPSS should not have surrendered the payments to the IRS, is a distinction without substance.  *Id.* at 6-7.  TUPSS explains that 26 U.S.C. § 6331 does not contain a definition for the terms "salary" or "wages," but that other sources demonstrate those terms include all manner of compensation paid.  *Id.*

TUPSS therefore argues that Plaintiff's claim that its compliance with the levy is actionable because the monthly payments at issue were not "wages" or "salary" is misplaced and fails to state a claim for relief. *Id.*

In his Response, Plaintiff first contends that TUPSS's Motion is untimely because Rule 12(b)(6) dictates that a motion to dismiss for failure to state a claim must be filed before an answer is filed, which is not the case here. Doc. 181 at 1-2. Plaintiff asserts that TUPSS's Motion should be denied on this ground alone. *Id.* In addressing the merits of TUPSS's Motion, Plaintiff contends that it fails to address exactly what was levied and what levied property TUPSS had in its possession at the time it received and complied with the levy. *Id.* at 2. Plaintiff asserts that the notice issued by the IRS to TUPSS was only for "wages, salary, and other income," and that any monies TUPSS owed LG Kendrick, LLC, were not "wages, salary, and other income." *Id.* at 3. Plaintiff also asserts that the Amended Complaint does not identify the nature of the monthly payments TUPSS owed LG Kendrick, LLC, but emphatically denies that the monthly payments were salary or wages. *Id.* Plaintiff further contends that the continuous nature of the levy underscores that TUPSS mischaracterized the monies it owed to LG Kendrick, LLC, as "wages, salary, and other income." *Id.* at 2. As such, Plaintiff contends that this Court should construe the allegations and inferences found in his Amended Complaint in his favor to conclude that the monthly payments were not wages, salary, or anything similar, and that TUPSS did not have in its possession anything that had "*actually been levied on.*" *Id.* at 3. Because TUPSS improperly surrendered property on which no levy had been made, Plaintiff asserts that TUPSS's argument for immunity should fail. *Id.* at 3-4.

In its Reply, TUPSS agrees that a motion to dismiss under Rule 12(b)(6) should be made before filing an answer, but states that it intended to file its motion pursuant to Rule

12(c), which treats a motion to dismiss filed after an answer has been filed as a motion for judgment on the pleadings.  Doc. 186 at 1.  Because the same legal standard is applied, TUPSS argues that Plaintiff's procedural objection is not grounds to deny TUPSS's Motion.  *Id.*  As to the merits, TUPSS argues that the reach of a federal tax lien is broad and that Congress intended the lien "to reach every interest in property that a taxpayer may have."  *Id.* at 2 (citing *United States v. National Bank of Commerce*, 472 U.S. 713, 719-20, 105 S.Ct. 2919 (1985)). *Id.*  TUPSS further argues that the periodic payments it made to LG Kendrick, LLC, constitute LG Kendrick, LLC's property and/or property rights, and that TUPSS's obligation, as a possessor of those property and/or property rights, was to honor the levy.  *Id.* at 3.  TUPSS restates that it is immune from liability by virtue of the fact that it obeyed the levy and that to do otherwise would have subjected it to liability to the United States.  *Id.* at 4-5.

  **B.**  **Supplemental Briefing**

  In its supplemental briefing, TUPPS argues that Plaintiff lacks standing because Plaintiff's Sixth Cause of Action seeks damages solely based on an alleged injury to LG Kendrick, LLC.  Doc. 220 at 3.  TUPPS therefore asserts that because a corporation or partnership must be represented by an attorney, Plaintiff lacks standing to prosecute LG Kendrick, LLC's cause of action.  *Id.*  TUPPS also argues that the purported assignment upon which Plaintiff relies is not valid under the Franchise Agreement between LG Kendrick, LLC, and TUPPS, because LG Kendrick, LLC, may not assign its rights without TUSS's consent. *Id.* at 5.  That being said, TUPPS contends that even based on the assignment as written, LG Kendrick, LLC, retains an interest in the franchise agreement sued upon and the payments Plaintiff claims are due under the agreement, yet LG Kendrick, LLC, is not a party to the case. Doc. 226 at 1.

In sum, TUPPS argues that Plaintiff cannot maintain a claim for breach of contract to which he is not a party; that Plaintiff cannot prosecute LG Kendrick, LLC's breach of contract claim as a non-attorney; and that the franchise agreement prohibits assignment of the kind Plaintiff relies on in this case.  *Id.* at 2.

In his supplemental briefing, Plaintiff argues that he, as the sole member of LG Kendrick, LLC, has the authority to assign the rights of LG Kendrick, LLC, to himself, and that he has found no legal restriction precluding him from doing so.  Doc. 221 at 1.  Plaintiff further argues that there is a legal presumption in favor of assignment that supports his ability to do so. *Id.* at 2.  As such, Plaintiff contends that in his personal capacity as LG Kendrick, LLC's assignee, he now possesses all the rights LG Kendrick has against TUPSS.  *Id.* at 3.  Plaintiff asserts that he not acting as some sort of agent for LG Kendrick, LLC, because he now "possesses the rights himself – alone."  *Id.*

Plaintiff also contends that the Franchise Agreement supports his argument that no franchisee would ever receive any salary or wage from TUPSS, and that any amounts he received from TUPSS were related to "reimbursements" for expenses incurred in dealing with the Corporate Accounts Program and the UPS Drop Off Program.  *Id.* at 3-4.  As such, Plaintiff asserts that because the Notice of Levy applied to "salary, wages, and other income," TUPSS did not have these items in their possession and the levy notice simply did not attach to anything.  *Id.* at 5.

Lastly, Plaintiff argues that TUPSS's argument that the LG Kendrick, LLC, cannot make an assignment without its consent is a misconstruction of the Franchise Agreement. Doc. 225 at 2.  Plaintiff contends that the language in the agreement about "assignments" could only

lead to one conclusion: the "assignments" discussed relate only to transfers of someone's entire franchise to another party, which is not the case here.  *Id.* at 3.

    **C.**    **Legal Standards**

        **1.**    **Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the plaintiff's complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In undertaking this analysis, the Court considers "the complaint as a whole, along with the documents incorporated by reference into the complaint," construes all well-pled allegations in the light most favorable to the plaintiff. *Nakkhumpun v. Taylor*, 782 F.3d 1142, 1146 (10th Cir. 2015). "Well-pled" means that the allegations are "plausible, non-conclusory, and non-speculative." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Courts "disregard conclusory statements and look only to whether the remaining . . . factual allegations plausibly suggest the defendant is liable." *Mocek v. City of Albuquerque*, 813 F.3d 912, 921 (10th Cir. 2015).

Normally a motion to dismiss for failure to state a claim upon which relief can be granted should be made prior to filing the answer or in the answer itself.  *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (citing Fed. R. Civ. P. 12(b)(6)).  If the defendant makes the motion after filing the answer, the motion should generally be treated as a motion for judgment

on the pleadings. *Id.* (citing Fed. R. Civ. P. 12(c), (h)(2); *Lowe v. Town of Fairland, Okla.,* 143

F.3d 1378, 1381 n. 5 (10th Cir.1998); *Republic Steel Corp. v. Pennsylvania Eng'g Corp.,* 785

F.2d 174, 182 (7th Cir.1986)).  The same standard is used for evaluating 12(b)(6) and 12(c)

motions. *Id.* (citing *Atlantic Richfield Co. v. Farm Credit Bank of Wichita,* 226 F.3d 1138, 1160

(10th Cir.2000) ("A motion for judgment on the pleading under Rule 12(c) is treated as a motion

to dismiss under Rule 12(b)(6).")).

### 2.      Federal Rule of Civil Procedure 12(h)(3)

Pursuant to rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action."  Fed. R. Civ. P. 12(h)(3).  Objection to a federal court's subject-matter jurisdiction "may

be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after

trial and the entry of judgment."  *Arbaugh v. Y & H Corp*., 546 U.S. 500, 506 (2006); *see*

*Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)("A litigant generally may raise a court's lack of

subject-matter jurisdiction at any time in the same civil action, even initially at the highest

appellate instance."); *Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan*, 111 U.S. 379, 382

(1884) (holding that the nature and limits of federal judicial power require the court to raise the

issue of subject-matter jurisdiction *sua sponte*).

Whenever the court lacks jurisdiction of the subject matter involved in an action, the

court must dismiss the action. *See Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th

Cir. 1988).  The party seeking the exercise of jurisdiction bears the burden of establishing

jurisdiction and "must allege in his pleading the facts essential to show jurisdiction."  *United*

*States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp*., 55 F.3d 1491, 1495 (10th Cir.

1995) (citation and internal quotations omitted).  In determining whether a party has adequately

presented facts sufficient to establish jurisdiction, the court should look to the complaint's face, *see Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972), accepting the well-pleaded factual allegations as true, *see United States v. Rodriguez-Aguirre*, 2634 F.3d 1195, 1203 (10th Cir. 2001), but ignoring conclusory allegations of jurisdiction, *see Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  "[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims."  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

### 3.    Pro Se Litigants

Where, as here, a party is proceeding *pro se*, the Court is to liberally construe his pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). "But the court [is] not [to] 'assume the role of advocate for the pro se litigant.'" *Baker v. Holt*, 498 F. App'x 770, 772 (10th Cir. 2012) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Accordingly, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  In other words, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall*, 935 F.2d at 1110.

### D.    Plaintiff Does Not Have Standing and LG Kendrick, LLC, Cannot Assign Its Rights to Plaintiff to Circumvent The Rule That a Corporation May Litigate Only Through a Duly Licensed Attorney

"Standing under Article III of the Constitution requires that an injury be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling."  *Monsanto Co v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010) (citing

*Horne v. Flores*, 557 U.S. 443, 445 (2009)); *Protocols, LLC v. Leavitt*, 549 F.3d 1294, 1298 (10th Cir. 2008).  To meet the standing requirements, the party invoking federal jurisdiction "bears the burden of establishing these elements." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). The injury-in-fact element requires that the plaintiff be "the proper party to bring this suit." *Raines v. Byrd*, 521 U.S. 811, 818 (1997).  "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Spokeo*, 136 S.Ct. at 1548 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  For an injury to be "particularized," the injury "must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 650 n. 1.  Without individual liability, an individual, even the sole member of the LLC, lacks standing to bring a claim as the LLC. *See Lundstedt v. People's United Bank*, No. 3:14-cv-01479 (JAM), 2015 WL 540988, at *2 (D. Conn. Feb. 10, 2015) (explaining that "a person who transfers his or her assets to an LLC has no standing to seek damages when those assets – now belonging solely to the LLC – are harmed" and dismissing the plaintiff's claims for lack of standing because the alleged injury was "an injury to an LLC, and not an injury to plaintiff").

Here, the Sixth Cause of Action of Plaintiff's Amended Complaint clearly states that TUPSS's honoring of the IRS's levy constituted a bad faith breach of its franchise agreement with *LG Kendrick*, and caused damages to *LG Kendrick*.  Doc. 104 at 10.  Importantly, Plaintiff's Sixth Cause of Action does not allege that Plaintiff was individually damaged.  Thus, absent demonstration of suffering an individualized injury in fact, Plaintiff does not have standing.

Moreover, LG Kendrick, LLC, may not assign its rights to Mr. Lunnon as a *pro se* plaintiff to circumvent the rule that counsel must represent an LLC.  "In light of [the] policy reasons for preventing a lay person from representing a corporation in litigation, the federal

courts have in cases governed by federal law, disapproved any circumvention of the rule *by the procedural device of an assignment* of the corporation's claims to the lay individual." *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983) (emphasis added). Indeed, numerous courts faced with this question routinely hold that an individual who has been assigned claims from a corporation cannot proceed *pro se*. *See Sanchez v. Walentin*, 526 F. App'x 49, 51 (2d Cir. 2013) (unpublished) (specifically barring the assignment of claims by a corporation to a layperson so as to permit the layperson to proceed *pro se*); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (lay person may not assert *pro se* a claim assigned to litigant by the corporation); *Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385-86 (11th Cir. 1985), *cert. denied*, 474 U.S. 1058, 106 S.Ct. 799, 88 L.Ed.2d 775 (1986) (an individual *pro se* plaintiff cannot avoid the long-standing policy that corporate entities cannot appear *pro se* by obtaining a corporation's assignment of claim); *Heiskel v. Mozie*, 82 F.2d 861, 863 (D.C. Cir. 1936) ("It cannot be doubted, we think, that an assignment of a claim against another, made solely for the purpose of permitting the assignee – not an attorney – to conduct the litigation in proper person, would be colorable only and, therefore, insufficient to accomplish the purpose . . . ."); *Bischoff v. Waldorf*, 660 F. Supp. 2d 815, 819-21 (E.D. Mich. Sept. 25, 2009) (assuming the assignment of corporation's causes of action to plaintiff was valid but nonetheless dismissing *pro se* plaintiff's complaint because to allow a purported assignee of a corporation's claims to appear *pro se* "would be allowing him to flout a well-established and purposeful public policy by means of a procedural device. [He] chose to accept the advantages of incorporation and must now bear the burdens of that incorporation."); *In Re Thomas*, 387 B.R. 808, 815 (D. Colo. Mar. 25, 2008) (finding that purported assignee was not real party in interest and lacked standing to maintain adversary proceeding); *Jones v. Dacosta*, 930 F. Supp. 223, 225 (D. Md. June 18, 1996)

(corporation may not assign interest in case to individual in order to permit individual to litigate claim *pro se*); *Capital Group, Inc. v. Gaston & Snow*, 768 F. Supp. 264, 265-66 (E.D. Wis. July 25, 1991) (corporation may not assign interest in case to individual in order to permit individual to litigate claim *pro se*); *Roberts v. State Dep't of Revenue*, 162 P.3d 1214, 1220 (Alaska 2007) (business's assignment of claim to owner was invalid attempt to circumvent statutory requirement that business be represented by an attorney); *Driscoll v. T.R. White Co., Inc.*, 805 N.E.2d 482, 483 (Mass. 2004) (assignment of corporation's claims by corporation to sole shareholder could not authorize non-attorney shareholder to represent corporation in court);  *see also M2 Tech, Inc. v. M2 Software, Inc.*, 589 F. App'x 671, 675 (5th Cir. 2014) (denying a Rule 24 intervention as a matter of right by a *pro se* individual assigned the corporation's claims because it not only nullifies the well-established rule that in federal court, corporations must be represented by counsel; but also, the record established that the *pro se* individual's sole reason for pursuing the assignment and motion to intervene was so that the corporation could protect its trademark rights in federal court without retaining counsel); *CalMat Co. v. Oldcastle Precast, Inc.*, 2018 WL 3111605, at *4 (D.N.M. June 22, 2018) (rejecting corporate officer's Rule 24 intervention where purpose of motion was to circumvent corporate representation requirement).

To be clear, LG Kendrick is not a party to this action and is not represented by counsel as required.  Further, as a *pro se* Plaintiff, Mr. Lunnon may proceed only "with respect to his *own* claims or claims against him personally[.]"  *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009) (emphasis in original).  "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *accord Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011) ("The right to proceed *pro se* in a civil action in federal court is guaranteed by 28

U.S.C. § 1654.  Because *pro se* means to appear for one's self, however, a person may not appear

on another person's behalf in the other's cause[.]" (brackets and quotations omitted)).  Plaintiff,

therefore, may represent only himself in his individual capacity – not LG Kendrick, LLC, as a

limited liability company.

In the District of New Mexico, "[a] corporation, partnership or business entity other than a

natural person must be represented by an attorney authorized to practice before this Court."

D.N.M.LR–Civ. 83.7. Local rule 83.8(c) provides:

> A motion to withdraw from representation of a corporation, partnership or business
> entity other than a natural person must include a notice that the corporation, partnership
> or business entity other than a natural person can appear only with an attorney. Absent
> entry of appearance by a new attorney, any filings made by the corporation, partnership
> or business entity other than a natural person may be stricken and default judgment or
> other sanctions imposed.

D.N.M.LR–Civ. 83.8(c)  Local Rule 83.8(c) applies to limited liability companies, like LG

Kendrick, LLC.  *See Two Old Hippies, LLC,* 784 F. Supp. 2d 1221, 1223-1230 (D.N.M. Feb. 14,

2011) (limited liability companies are not exempt from requirements concerning legal

representation); *see also Roscoe v. United States*, 134 F. App'x 226, 228 (10th Cir. 2005)

(affirming an order from a "magistrate judge prohibit[ing] the LLC from proceeding without

counsel"); *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general

matter, a corporation or other business entity can only appear in court through an attorney and

not through a non-attorney corporate officer appearing pro se."); *Berrios v. N.Y.C. Hous. Auth.*,

564 F.3d 130, 133 (2d Cir. 2009) (a layperson may not represent a corporation in which he is the

sole shareholder, a limited liability company of which he is the sole member, or a partnership

where he is a partner); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("[A] sole

member of a limited liability company must bear the burdens that accompany the benefits of the

corporate form and may appear in federal court only through a licensed attorney.").

Plaintiff and LG Kendrick, LLC, are aware of and on notice of the attorney representation requirement for business entities. On October 25, 2016, the Clerk of the Court mailed a letter to LG Kendrick, LLC, advising Plaintiff that pursuant to Local Rule 83.7, a corporation or partnership must be represented by an attorney authorized to practice before this Court. Doc. 7. On April 28, 2017, the Tenth Circuit advised Plaintiff that he could not represent LG Kendrick, LLC. Doc. 54. Although counsel entered an appearance on LG Kendrick, LLC's behalf on July 25, 2017 (Doc. 59), counsel moved to withdraw on February 15, 2018, after Plaintiff filed a Notice of Bankruptcy and the case was temporarily stayed. Docs. 88, 89. In granting counsel's motion to withdraw, District Judge Vázquez explicitly advised LG Kendrick, LLC, that it could only appear with an attorney and that absent entry of appearance by a new attorney, any filings made by LG Kendrick, LLC, may be stricken and default judgment or other sanctions may be imposed. Doc. 89. On July 26, 2018, however, one week after the parties filed a Joint Motion for Leave to Amend Pleadings adding TUPSS as a Defendant and alleging a breach of contract between TUPSS and LG Kendrick, LLC, and despite the Court's clear instruction regarding the requirement of counsel for any LG Kendrick, LLC-related claims, Plaintiff, as the sole member of LG Kendrick, LLC, prepared an assignment in which he granted LG Kendrick, LLC's rights to any claims against TUPSS (and T. W. Lyons and the United States) to himself. Doc. 221-2. The Court finds this assignment was done in willful violation of District Judge Vázquez's order and the Court does not countenance Plaintiff's clear intent to flout the rules. In sum, although Plaintiff argues that by virtue of the assignment he now possesses all the rights LG Kendrick, LLC, has against TUPSS and, therefore, can act on his own behalf in seeking damages, if any, arising from an alleged breach of contract between TUPSS and LG Kendrick, LLC, Plaintiff is mistaken.

For all of the foregoing reasons, the Court finds that, even if it were to assume that the assignment here was valid,[13] this cause of action must be dismissed because to allow a purported assignee of an LLC's claims to appear *pro se* "would be allowing him to flout a well-established and purposeful public policy by means of a procedural device."[14]  *Bischoff*, 660 F. Supp. 2d at 821.

## IV.    RECOMMENDATION

The Court finds that the Sixth Cause of Action in Plaintiff's First Amended Complaint does not allege that Plaintiff personally suffered a concrete injury in fact as an individual and that Plaintiff, therefore, lacks standing to sue TUPSS in federal court.  The Court also finds that LG Kendrick, LLC, cannot assign its rights to Plaintiff as a *pro se* plaintiff to circumvent the rules that counsel must represent an LLC.  For these reasons, the Court recommends that TUPSS's Motion to Dismiss be **GRANTED** and that the Sixth Cause of Action in Plaintiff's Amended Complaint be dismissed without prejudice for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

---

[13] The Court does not address the merits of TUPSS's argument that the Franchise Agreement prohibits any assignments absent its consent thereby making the assignment invalid.

[14]  Although not directly on point, the Court finds instructive similar public policy considerations at issue when assignments are used to manufacture diversity jurisdiction and give rise to a presumption of collusion.  *See* 28 U.S.C. § 1359 (district courts lack jurisdiction over any "civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court); *see also Yokeno v. Mafnas*, 973 F.2d 803, 809-11 (9th Cir. 1992) (certain assignments are presumptively collusive and necessitate a heightened level of judicial scrutiny, such as where assignor and assignee are so closely related and assignment signed by the same person on behalf of both parties as to present an opportunity for manipulation); *Prudential Oil Corp. v. Phillips Petroleum Co.*, 546 F.2d 469, 475 (2d Cir. 1976) (holding that where a non-diverse parent corporation has assigned a claim to its wholly owned diverse subsidiary engaged in no business other than prosecution of that claim, the assignment must be treated as presumptively improper).

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**