IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MICHAEL LUNNON,**

      **Plaintiff,**

      **vs.**                                                                                   **Civ. No. 16-1152 MV/JFR**

**UNITED STATES OF AMERICA,** *et al.***,**

      **Defendants.**

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on United States' Rule 12(b)(1) Motion to Partially Dismiss Cause of Action Two of the Amended Complaint ("Motion"), filed July 10, 2020. Doc. 166.  In his Proposed Findings and Recommended Disposition ("PFRD"), filed October 26, 2020, United States Magistrate Judge John F. Robbenhaar recommended that the Court grant the Motion.  Doc. 211.  On November 9, 2020, Plaintiff timely filed Plaintiff's Objections to Dismissal Recommendation (Doc. 224) ("Objections") which are now before the Court.

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).  "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition;

receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

The Court has considered the Motion, Plaintiff's Response, Defendant's Reply, and Plaintiff's Objections in light of the foregoing standards, and has conducted a *de novo* review. Based on this review, the Court finds that Plaintiff's Objections to the Magistrate Judge's PFRD are unfounded and they are overruled.

Plaintiff argues in his Objections that the Magistrate Judge erred by considering an issue not specifically raised until the United States' reply brief was submitted. Doc. 224 at 2. Plaintiff contends that it was not until the reply brief that the United States presented any argument about 26 U.S.C. § 7422 and that the Court should have either disregarded the United States' belated argument or allowed Plaintiff to respond. *Id.* Because the Court did neither, Plaintiff contends that the Court should disregard the portions of the PFRD that rely on 26 U.S.C. § 7422 or remand to the Magistrate Judge with instructions to allow Plaintiff to address the issues raised in the United States' reply brief for the first time. *Id.* at 2-3.

Plaintiff is correct that "the general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief." *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) (quoting *M.D. Mark, Inc. v. Kerr–McGee Corp.,* 565 F.3d 753, 768 n. 7 (10th Cir.2009)).  However, as discussed below, the United States did not raise the issue of 26 U.S.C. § 7422 for the first time in its reply brief.  Instead, the United States responded to an argument that Plaintiff raised in his Response.  As such, Plaintiff's Objections necessarily fail.

At issue here is Plaintiff's Second Cause of Action, in which he seeks a refund from the Defendant United States for taxes that Plaintiff claims were wrongfully assessed.  Plaintiff alleges violations of 26 U.S.C. § 6212 (Notice of Deficiency), 26 U.S.C. § 6213(a) (Restrictions Applicable to Deficiencies; Petition to Tax Court), and 26 U.S.C. § 6330 (Notice and Opportunity for Hearing Before Levy), and claims that, pursuant to 26 U.S.C. § 6213(a), he is entitled to a refund.  Doc. 104 at 4-5.  In its Motion, Defendant United States sought to partially dismiss Plaintiff's claim, arguing that 26 U.S.C. § 6213 does not waive jurisdiction to hear an alleged violation of 26 U.S.C. § 6330.  Doc. 166 at 2-5.  In his Response, Plaintiff conceded this point.  Doc. 173 at 1.  However, Plaintiff went on to argue that 28 U.S.C. § 1346(a)(1), which Plaintiff had not referenced in his Second Cause of Action but had referenced in the opening paragraph of his First Amended Complaint, provided for broad jurisdiction over refund claims for "nearly any reason."  *Id.* at 2.  Believing that to be the case, Plaintiff argued that 28 U.S.C. § 1346(a)(1) provided the necessary jurisdiction for his alleged violation of 26 U.S.C. § 6330.  *Id.* at 2-3.  In discussing and citing case law on the application of 28 U.S.C. § 1346(a)(1), Plaintiff dropped a footnote that

> 26 U.S.C. §7422 generally bars refund claims [pursuant to 28 U.S.C. § 1346(a)(1)] absent the prior filing of an administrative claim.  But this requirement is limited to the particular administrative refund "provisions of law in that regard".  There

3

>simply are no such refund 'provisions' regarding violations of §6330. Therefore, no administrative claim could be required because no provision even exists for it.

Doc. 173 at 2 n. 2. In its Reply, the United States agreed that 28 U.S.C. § 1346(a)(1) is a jurisdictional vehicle for some refund actions but that, as noted by Plaintiff in his footnote, it must be read in conjunction with 26 U.S.C. § 7422, which bars refund claims until a party has filed a claim for refund or credit with the IRS. Doc. 175 at 2. The United States went on to say that 26 U.S.C. § 6330 did not exempt Plaintiff from that requirement, as Plaintiff represented in his footnote, and that Plaintiff had not, in fact, established compliance with 26 U.S.C. § 7422 such that 28 U.S.C. § 1346(a)(1) would accord jurisdiction for his refund claim. *Id.* at 3-4. The United States also pointed out, as did the Magistrate Judge in his PFRD, that the case law that *Plaintiff cited* was inapposite and did not support his argument that 28 U.S.C. § 1346(a) is so broad as to give original jurisdiction over any refund claim, because each case that *Plaintiff cited* demonstrated that 28 U.S.C. § 1346(a) required reconciliation with 26 U.S.C. § 7422, which, in turn, requires administrative exhaustion. Docs. 175 at 4-6, 211 at 13-15.

All told, it was Plaintiff who, in his Response, raised the issue of jurisdiction for his refund claim pursuant to 28 U.S.C. § 1346(a)(1); it was Plaintiff who acknowledged its interaction with 26 U.S.C. § 7422; it was Plaintiff who posited that no administrative exhaustion was required in his case pursuant to 26 U.S.C. § 7422, because 26 U.S.C. § 6330 did not provide for or discuss filing a claim for refund or credit in the face of an alleged violation; and it was Plaintiff who cited case law that explicitly stated that, when reconciling 28 U.S.C. § 1346(a)(1) with 26 U.S.C. § 7422, "[i]t is undisputed that § 7422 requires administrative exhaustion." Doc. 173 at 1-3 (citing, *inter alia, United States v. Williams*, 514 U.S. 527, 533 (1995)). That the United States in its Reply addressed and disputed Plaintiff's argument that 28 U.S.C. § 1346(a)(1) provided for jurisdiction for Plaintiff's refund claim and that the provisions of 26

U.S.C. § 6330 did not exempt him from complying with 26 U.S.C. § 7422 does not amount to raising a new issue for the first time.[1]

In short, following its *de novo* review and having addressed Plaintiff's Objections, the Court finds no fault with the Magistrate Judge's PFRD.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections are **OVERRULED** and the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 211) are **ADOPTED**.

**IT IS FURTHER ORDERED** that the United States' Rule 12(b)(1) Motion to Partially Dismiss Cause of Action Two of the Amended Complaint (Doc. 166) is **GRANTED**.

_____
MARTHA VAZQUEZ
United States District Judge

---

[1] The Court notes that Plaintiff could have moved for leave to file a surreply, but chose not to do so.  *See* D.N.M. LR-Civ. 7.4(b).