**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**MICHAEL LUNNON,**

   **Plaintiff,**

  **vs.**           **Civ. No. 16-1152 MV/JFR**

**UNITED STATES OF AMERICA,** *et al.,*

   **Defendants.**

<u>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**</u>

  **THIS MATTER** is before the Court on The UPS Store, Inc.'s ("TUPSS") Motion to

Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion"), filed August 17, 2020.  Doc. 179.

Plaintiff filed a Response on August 27, 2020.  Doc. 181.  TUPSS filed a Reply on

September 10, 2020.  Doc. 186.  On October 26, 2020, the Court issued an Order for

Supplemental Briefing seeking supplemental briefing on the issues of Plaintiff's standing, LG

Kendrick, LLC's Assignment to Plaintiff, and the Franchise Agreement at issue between TUPSS

and LG Kendrick, LLC.  Doc. 212.  Pursuant to that Order, the parties each submitted

supplemental briefs on November 4, 2020.  Docs. 220, 221.  The parties submitted their

respective responses on November 10, 2020, and November 11, 2020.  Docs. 225, 226.  And

TUPSS submitted a reply on November 16, 2020.  Doc. 228.  Plaintiff filed a Notice of Briefing

Complete on November 17, 2020.  Doc. 229.  TUPSS filed a Notice of Briefing Complete on

November 18, 2020.  Doc. 230.

  In his Proposed Findings and Recommended Disposition ("PFRD"), filed November 20,

2020, United States Magistrate Judge John F. Robbenhaar found that Plaintiff does not have

standing to pursue claims against TUPSS, had willfully violated the Court's orders that LG

Kendrick, LLC, may only appear with an attorney, and had improperly attempted to circumvent

the rule that a corporation may litigate only through a licensed attorney by assigning LG

Kendrick, LLC's claims to himself.  Doc. 231 at 1-2.  The Magistrate Judge, therefore,

recommended that the Court grant the Motion and dismiss the Sixth Cause of Action in

Plaintiff's Amended Complaint without prejudice for lack of subject matter jurisdiction.

Doc. 231.

On December 1, 2020, Plaintiff timely filed Plaintiff's Objections to Dismissal

Recommendation (Doc. 233) ("Objections") which are now before the Court.

District courts may refer dispositive motions to a magistrate judge for a recommended

disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  28 U.S.C. §

636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).  "Within 14 days after being served with a copy of the

[magistrate judge's] recommended disposition, a party may serve and file specific written

objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); 28 U.S.C.

§ 636(b)(1).  When resolving objections to a magistrate judge's proposal, "[t]he district judge

must determine de novo any part of the magistrate judge's disposition that has been properly

objected to.  The district judge may accept, reject, or modify the recommended disposition;

receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R.

Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

 "[A] party's objections to the magistrate judge's report and recommendation must be

both timely and specific to preserve an issue for de novo review by the district court or for

appellate review."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir.

1996).  Further, "[i]ssues raised for the first time in objections to the magistrate judge's

recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

The Court has considered TUPSS's Motion, Plaintiff's Response, TUPSS's Reply, the parties' supplemental briefing, and Plaintiff's Objections in light of the foregoing standards, and has conducted a *de novo* review.  Based on this review, the Court finds that Plaintiff's Objections to the Magistrate Judge's PFRD are unfounded and will be overruled.

Plaintiff argues in his Objections that the Magistrate Judge erred in finding that Plaintiff lacked standing and that LG Kendrick, LLC, could not assign its rights to Plaintiff to circumvent the rule that a corporation may litigate only through a duly licensed attorney because the Magistrate Judge failed to consider or analyze the effect of the allegation that LG Kendrick, LLC, was the "alter ego" of Michael Lunnon and that TUPSS's actions were based almost entirely on this contention.  Doc. 233 at 2-4.  Plaintiff argues that because the government, in its attempt to recover Plaintiff's delinquent tax liability, issued its Notice of Levy on LG Kendrick, LLC, as Plaintiff's alter ego business entity, that LG Kendrick, LLC, was "*disregarded* as even having any existence for purposes of determining property rights" and that in doing so the IRS determined that the property rights at issue here "*belong to Lunnon*."  Doc. 233 at 3 (emphasis in original).  As a result, Plaintiff argues that *he* was the one who was damaged because the property at issue in the breach of contract claim necessarily belonged to *him* and not to LG Kendrick, LLC.  *Id.* at 4.  Plaintiff contends that under his analysis, the assignment of rights from LG Kendrick, LLC, to Lunnon would "actually be superfluous or even a nullity" and "would be the same as if Lunnon had assigned rights to himself." *Id.* at 3, n. 2.  In sum, Plaintiff asserts that

3

> [s]ince LG Kendrick was disregarded under the alter ego theory, the rights to the property in question under the TUPSS agreement necessarily belonged to Lunnon. Any interference with those rights were therefore also necessarily injury to *Lunnon's* rights.  Consequently, Lunnon would have standing to address injuries to his rights.

*Id.* at 4.

Plaintiff also objected to the Magistrate Judge's recommendation arguing that it failed to address the possibility of amending the complaint to cure any alleged deficiencies before dismissal.  *Id.* at 1.

Here, the record reflects that after the briefing was complete on TUPSS's Motion, the Magistrate Judge issued an Order for Supplemental Briefing in which he asked the parties to address the issue of Plaintiff's standing.  Doc. 212.  The concern expressed therein was that the Amended Complaint clearly alleged that TUPSS had breached its contract with *LG Kendrick, LLC*, and caused damages to *LG Kendrick, LLC*.  Doc. 212 at 7-9.  The Court noted that LG Kendrick, LLC, was not a party to this action.  *Id.* at 8.  The Order also asked for supplemental briefing on the issue of the Assignment on which Plaintiff relied to assert that LG Kendrick, LLC, had assigned its "rights to claims" to Plaintiff.  *Id.* at 9-10.

In Plaintiff's supplemental briefing, Plaintiff's sole and emphatic argument was that there was no legal restriction against Plaintiff, "as member/manager of LG Kendrick, from making property assignments."  Doc. 221 at 3.  And that once made, Plaintiff, "as the assignee in his personal capacity, possesses all the rights LG Kendrick had against TUPSS."  *Id.*  Plaintiff, therefore, asserted that he alone possessed all of the rights LG Kendrick, LLC, had against TUPSS and could pursue the breach of contract claim on that basis.  *Id.*  Similarly, in Plaintiff's Response to TUPSS's supplemental briefing, Plaintiff stated that

> unless some law imposes some sort of restriction, anyone has a right to assign a chose in action to someone else.  Further, an assignment completely divests the

assignor of any rights assigned, and an assignee then possesses those rights (not as some sort of agent of the assignor).

Doc. 225 at 1.  Nowhere in the supplemental briefing did Plaintiff raise the argument that he had standing as to the breach of contract claim against TUPSS because the IRS, by employing an alter ego theory of collection, determined that LG Kendrick, LLC, was "disregarded" as having any existence for determining property rights and that the property rights at issue belonged solely to Lunnon.  Instead, Plaintiff relied only on the validity of the Assignment he executed as the sole member of LG Kendrick, LLC, in which he attempted to assign "all rights to any claims against The UPS Store."  As such, Plaintiff's alter ego theory argument raised here for the first time in his Objections is waived.  "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Hinzo v. N.M. Dep't of Corrections*, No. Civ. 10-506 JB/CG, 2013 U.S. Dist. LEXIS 55104, at *2-4 (D.N.M. Mar. 29, 2013) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *United States v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.")).

As to Plaintiff's second objection that the Magistrate Judge failed to address the possibility of amending the complaint, the Court notes that the Magistrate Judge recommended that the Sixth Cause of Action of Plaintiff's Amended Complaint be dismissed *without* prejudice for lack of subject matter jurisdiction.  "[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims."  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).  Plaintiff's objection, therefore,

necessarily fails as a dismissal without prejudice does not foreclose the possibility of LG Kendrick, LLC, pursuing its breach of contract claims, if any.[1]

In short, following its *de novo* review and having addressed Plaintiff's Objections, the Court finds no fault with the Magistrate Judge's PFRD.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections are **OVERRULED** and the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 231) are **ADOPTED**.

**IT IS FURTHER ORDERED** that The UPS Store, Inc.'s Motion to Dismiss (Doc. 179) is **GRANTED** and that the Sixth Cause of Action of Plaintiff's First Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

MARTHA VAZQUEZ
United States District Judge

---

[1] Plaintiff is advised that should LG Kendrick, LLC, choose to bring claims, if any, for an alleged breach of contract with TUPSS, that LG Kendrick, LLC, must be represented by an attorney authorized to practice before this Court. D.N.M.LR-Civ. 83.7.  Absent the appearance of an attorney on behalf of LG Kendrick, LLC, any filings may be stricken and default judgment or other sanctions imposed.  D.N.M.LR-Civ. 83.8(c).