**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**MICHAEL LUNNON,**

   **Plaintiff,**

  **vs.**           **Civ. No. 16-1152 MV/JFR**

**UNITED STATES OF AMERICA,** *et al.*,

   **Defendants.**

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

  **THIS MATTER** is before the Court on the United States' Motion for Partial Summary Judgment on the Section 7433 Action and Brief in Support ("Motion"), filed October 7, 2020. Docs. 197, 198.  Plaintiff filed a Response on October 28, 2020.  Doc. 215.  The United States filed a Reply on November 9, 2020.  Doc. 222.  In his Proposed Findings and Recommended Disposition ("PFRD"), filed December 18, 2020, United States Magistrate Judge John F. Robbenhaar found that Plaintiff had failed to present any evidence from which a reasonable jury could find that Plaintiff exhausted his administrative remedies before filing a civil action in district court as required by 26 U.S.C. § 7433 and 26 C.F.R. § 301.7433-1.  Doc. 241.  In the alternative, Judge Robbenhaar found that having viewed the undisputed material facts in a light most favorable to Plaintiff, Plaintiff had failed to present any evidence from which a reasonable jury could find that the IRS collected surplus proceeds pursuant to the March 2011 Levy such that Plaintiff was entitled to any relief pursuant to 26 U.S.C. 6342(a), or that Plaintiff had suffered damages due to the IRS's alleged failure to release the March 2011 Levy pursuant to 26 U.S.C. 6343.  *Id.*

On December 28, 2020, Plaintiff timely filed Plaintiff's Objections to Dismissal Recommendation (Doc. 244) ("Objections"), which are now before the Court.

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).  "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

 "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

The Court has considered the United States' Motion, Plaintiff's Response, the United States' Reply, and Plaintiff's Objections in light of the foregoing standards, and has conducted a *de novo* review.  Based on this review, the Court finds that Plaintiff's Objections to the

Magistrate Judge's PFRD lack a sound basis in the applicable law and the facts.  As such, they are overruled.

The first issue that the United States argued in its Motion was that Plaintiff brought his 26 U.S.C. § 7433 claim in district court without exhausting his administrative remedies as required therein.  Doc. 198 at 10-17.  Plaintiff argued that while he indeed sent an administrative claim, which the United States asserted was insufficient, he was actually under no obligation to do so and was exempt from the administrative exhaustion requirements of 26 U.S.C. § 7433 because the IRS had failed to publish its mailing addresses for making an administrative claim in the Federal Register as required by 5 U.S.C. § 552.  Doc. 215 at 4-7.  The Magistrate Judge found that Plaintiff's putative administrative claim was insufficient; Plaintiff raises no objections to this finding.  Doc. 241 at 19-25.  The Magistrate Judge also found that Plaintiff's publication argument failed because Plaintiff had actual notice of the administrative exhaustion requirements, including where and to whom to mail his administrative claim, and that any lack of publication with respect thereto was therefore harmless.  *Id.* at 16-19.  Plaintiff argues in his Objections that the Magistrate Judge overlooked the very narrow scope of his argument – that he was denied actual notice not of the relevant regulation and its requirements but of the actual mailing address of where to submit his claim.  Doc. 244 at 2-5.  Plaintiff again contends that 5 U.S.C. § 552 required the publication of such addresses in the Federal Register and that the IRS failed to do so.  *Id.*  On this basis, Plaintiff asks this Court to reject the Magistrate Judge's findings and recommended disposition and deny the United States' Motion.

As an initial matter, the Court agrees with the Magistrate Judge that a plain reading of 5 U.S.C. § 552 does not explicitly instruct agencies to publish *mailing addresses* for submitting administrative claims in the Federal Register.  *See* 5 U.S.C. § 552(a) (instructing that each

agency publish a *description* of the *established place* where the public may obtain information)
(emphasis added)).  The Court also agrees that 26 C.F.R. § 301.7433-1, the regulation that
outlines the manner and form for filing an administration claim, and of which Plaintiff was
aware, provided information regarding to whom and where he should send an administrative
claim, *i.e.,* "in writing to the Area Director, Attn: Compliance Technical Support Manager of the
area in which the taxpayer currently resides."  26 C.F.R. § 301.7433-1(e).  To Plaintiff's specific
objection, however, this Court, having conducted its *de novo* review, finds that Plaintiff's
mailing address publication argument necessarily fails because the undisputed evidence
demonstrates that the mailing addresses to which Plaintiff claims he was entitled were, in fact,
available and published, as argued by the United States in its Motion and Reply, in IRS
Publication 4235 and found at https://www.irs.gov/pub/irs-pdf/p4235.pdf.[1]   Docs. 198 at 15,
198-4 and 222 at 3.  Nowhere in Plaintiff's Response does he dispute this evidence or offer
evidence to the contrary.  Thus, although the mailing addresses were not published in the Federal
Register, the Court finds that even if they were required to be published, any failure to do so is
harmless based on the same legal principle discussed in the Magistrate Judge's analysis, *i.e.,* that
unpublished agency action retains its full effect on parties who have actual notice.  *See* Doc. 241
at 18; *see also Walcott v. United States*, 2017 WL 2901712, at *6 (D. Colo. July 7, 2017) (citing
5 U.S.C. § 552(a)) (finding that notice of proper address for filing administrative claims
ameliorated any deficiency in the IRS's compliance with the statute's publication requirement).

---

[1] The Court may take judicial notice of "official government publications."  *High Desert Relief, Inc. v. United States through Internal Revenue Serv.*, No. 16-cv-469 MCA/SCY, 2017 WL 1740467, at *7 (D.N.M. Mar. 31, 2017), *aff'd sub nom. High Desert Relief, Inc. v. United States*, 917 F.3d 1170 (10th Cir. 2019) (citing *Clemmons v. Bohannon*, 956 F.2d 1523, 1532 n.2 (10th Cir. 1992) (en banc) (Seymour, J. dissenting); *Clappier v. Flynn*, 605 F.2d 519, 535 (10th Cir. 1979); *see also* Federal Rule of Evidence 201(b)(2) (stating that the court may take judicial notice of a "fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned")).  IRS Publication 4235 is available at the IRS's website at https://www.irs.gov/pub/irs-pdf/p4235.pdf.

Moreover, the Court is not prepared to indulge Plaintiff's technical defense in the face of his knowing and undisputed failure to comply with the administrative exhaustion requirements of 26 U.S.C. § 7433. *See generally, Pitts v. U.S.*, 599 F.2d 1103, 1107-08 (1st Cir. 1979) (explaining that since the purpose of the publication requirement of the FOIA is public guidance, rather than the granting of technical defenses to litigants, a rule is not automatically rendered ineffective by a failure to publish it since it may be enforced against a person having actual and timely notice of it). Nor is the Court prepared to upend the well-established rationale for requiring administrative exhaustion. The United States Supreme Court has addressed the necessity of full exhaustion of administrative remedies in other contexts. The well-established rationale for requiring administrative exhaustion is applicable here.

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." This Court has described the doctrine as follows: "[A]s a general rule . . . courts should not topple over administrative decisions unless the administrative body not only has erred, but has erred against objection made at the time appropriate under its practice. Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

*Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (internal citations omitted). Here, it is undisputed that Plaintiff failed to properly exhaust his administrative remedies before bringing this action in district court. It is also undisputed that Plaintiff had actual notice of the regulatory requirements for doing so, and that mailing addresses for submitting his administrative claim were available from and published by the IRS. The Court, therefore, concludes that Plaintiff's objection lacks a sound basis in the applicable law is overruled.

As to the Magistrate Judge's alternative findings, Plaintiff reargues that pursuant to 26 U.S.C. § 6331, a levy is continuous until it is released.   Doc. 244 at 5-6.  Because the IRS did not release the March 2011 Levy, Plaintiff concludes that it continued indefinitely such that surplus funds had to have been collected for which he is entitled to damages.  *Id.*  Plaintiff further reargues that there is no law that says a subsequent levy notice can supersede a prior one, and adds that the Magistrate Judge improperly concluded, without sufficient analysis, that the IRS could legitimately credit any surplus funds to other tax claims.[2]  *Id.*

This Court finds no fault with the Magistrate Judge's analysis.  As the Magistrate Judge fully addressed, Plaintiff presented no evidence from which a reasonable jury could find that the IRS collected surplus proceeds pursuant to the March 2011 Levy.  The Magistrate Judge further found that the United States provided undisputed material evidence that the total amount the IRS collected on the March 2011 Levy was $36,630.30, an amount that was *less than* that total amount owing as indicated on the levy itself.  Doc. 241at 25-28.  In the face of this undisputed material evidence, the Magistrate Judge, therefore, properly concluded that Plaintiff had failed to provide evidence from which a reasonable jury could conclude that he had sustained damages or that the United States was liable for "actual, direct economic damages" as a result of the IRS's alleged failure to release the March 2011 Levy.  *See* 26 U.S.C. § 7433(a) and (b)(1).  Having raised no issues not already addressed by the Magistrate Judge, Plaintiff's objection as to this issue is overruled.

---

[2] Having found that the evidence demonstrated that the IRS did not collect surplus funds pursuant to the March 2011 Levy, the Magistrate Judge specifically noted that it was not addressing the United States' alternative argument that even if there had been surplus funds, the IRS could properly opt to credit funds to other delinquent accounts.   Doc. 241 at 28, n. 31.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections are **OVERRULED** and the

Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 241) are

**ADOPTED**;

**IT IS FURTHER ORDERED** that the United States' Motion to Partial Summary

Judgment on the Section 7433 Action (Doc. 197) is **GRANTED.**

_____

MARTHA VAZQUEZ
United States District Judge