# IN THE UNITED STATES DISTRIC COURT
## FOR THE DISTRICT OF NEW MEXICO

MICHAEL LUNNON,

       Plaintiff,

  vs.                                      Civ. No. 16-1152  MV/JFR

UNITED STATES OF AMERICA, *et al.*,

       Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

    **THIS MATTER** is before the Court on Plaintiff's Motion to Dismiss United States' Counterclaims, or Alternatively for Judgment on the Pleadings ("Motion to Dismiss"), filed January 15, 2021.  Doc. 246.  The United States filed its Opposition to Plaintiff's Motion to Dismiss on January 29, 2021.  Doc. 254.  Plaintiff filed a Reply on February 12, 2021.  Doc. 261. This matter is also before the Court on the United States' Motion for Summary Judgment on Counterclaims ("Motion for Summary Judgment"), filed January 20, 2021.  Doc. 249.  Plaintiff filed a Response on February 3, 2021.  Doc. 256.  The United States filed a Reply on February 12, 2021.  Doc. 259.  Having reviewed the parties' submissions and the relevant law, and for the reasons set forth herein, the Court finds that (1) Plaintiff's Motion to Dismiss is not well taken and recommends that it be **DENIED**; (2) Plaintiff's alternative Motion for Judgment on the Pleadings is not well taken and recommends that it be **DENIED**; (3) the United States' Motion for Summary Judgment is well taken and recommends that it be **GRANTED**.

---

[1] By an Order of Reference filed June 4, 2019 (Doc. 121), the presiding judge referred this matter to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the motions.

# I. <u>Relevant Procedural Background</u>

This action began on October 19, 2016, when Plaintiffs Michael Lunnon and LG Kendrick, LLC, filed a Complaint for Administrative Review, Injunctive Relief and Refund, Quiet Title, and Damages against the United States of America.  Doc. 1.  Plaintiffs' claims arose from a March 10, 2011, Notice of Levy on Wages, Salary, and Other Income, and a March 15, 2011, Notice of Federal Tax Lien issued by the Internal Revenue Service indicating that Plaintiff Michael Lunnon owed unpaid taxes for years 1998, 1999 and 2005.  *Id.*  On September 18, 2018, Plaintiff Michael Lunnon filed an Amended Complaint, in which he removed LG Kendrick, LLC, as a Plaintiff and added T. W. Lyons[2] and The UPS Store[3] as Defendants.  Doc. 104.  The Amended Complaint also removed a cause of action for quiet title, and added two causes of action, *i.e.,* Count IV against Defendant Lyons and TUPSS for RICO Violations, and Count VI against  TUPSS for Bad Faith Breach of Contract.[4]  *Id.*  On February 20, 2020, the United States filed an Amended Answer in which it alleged Counterclaims against Plaintiff seeking to reduce to judgment (1) unpaid federal tax liabilities assessed for the tax years 2006 through 2018 and (2) assessed trust fund recovery penalties with respect to unpaid employment taxes of LG Kendrick, LLC, for the tax year 2010.[5]  Doc. 148 at 9.

---

[2] T. W. Lyons is the IRS agent who issued the Notices that form the basis of Plaintiff's Amended Complaint. Defendant Lyons was dismissed from this action on March 23, 2020.  Docs. 149, 154.

[3] L.G. Kendrick, LLC, was in a franchise agreement with The UPS Store and the Notice of Levy demanded that it surrender payments owed to LG Kendrick, LLC, for tax claims that were asserted to exist solely against Plaintiff. Doc. 104 at 13 (Exh. 2).  Defendant The UPS Store was dismissed from this action on December 4, 2020.  Docs. 231, 236.

[4] The Amended Complaint does not contain a Count V.  *See* Doc. 104.  All that remains pending from Plaintiff's Amended Complaint is a portion of Plaintiff's Second Cause of Action that relates to his claim for a tax refund pursuant to 26 U.S.C. § 6213(a).  Docs. 143, 154, 235, 236, 253.

[5] Section 6672 is intended to serve as a device to recover withholding taxes an employer fails to pay to the government. *See O'Connor v. United States*, 956 F.2d 48, 50-51 (4th Cir. 1992) (citing 26 U.S.C. § 6672). Because the amounts collected or withheld from employees are to be held "in trust for the United States," 28 U.S.C. § 7501, those amounts

The United States' Counterclaims are now before this Court.

## II. Subject Matter Jurisdiction

In his Motion to Dismiss, Plaintiff argues that the United States' Counterclaims should be dismissed pursuant to Fed. R. Civ. P. 12(h) because the Court lacks subject-matter jurisdiction.[6] Doc. 246 at 3-4. In support, Plaintiff relies primarily on *U.S. v. Twenty-Two Firearms*, 463 F. Supp. 730 (D. Colo. Jan. 15, 1979)[7] and *U.S. v. One 1972 Cadillac, Coupe Deville, 2-Door Hardtop, ID. No. 6D47R2Q238123*, 355 F. Supp. 513 (D. Ky. March 21, 1973),[8] to argue that

> §7401 prohibits civil actions without authorization from the "Secretary" and Attorney General. Although the United States alleged such action was so

are called "trust fund" taxes, and the penalty prescribed by section 6672 is called the "trust fund recovery penalty." *U.S. v. Energy Resources, Co., Inc.*, 495 U.S. 545, 546-47 (1990).

[6] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(c).

[7] *U.S. v. Twenty-Two Firearms*, 463 F. Supp. 730 (D. Colo. Jan. 15, 1979), is a forfeiture case in which the United States sought to declare 22 firearms forfeited by claiming they were allegedly involved in, or used or intended to be used in, violation of a statute which prohibits persons from engaging in the business of firearms dealings without having first obtained a license. The United States asserted that the action was authorized pursuant to 26 U.S.C. § 7401. 463 F. Supp. at 730-31. Claimant filed a notice of claim stating he was the rightful owner of the 22 firearms and in his answer to the complaint asserted that he was without knowledge or information sufficient to form a belief as to the truth of the United States' authorization to seek forfeiture of the firearms effectively denying same and placing the requirements of Section 7401 at issue. *Id.* at 731. The court discussed that where allegations of authority to proceed and direction to commence the action are denied, the issues are put to proof and the conditions precedent shall not be presumed. *Id.* The court then explained that it was the government's burden to prove there was probable cause for institution of the forfeiture action and that once established it was then claimant's burden to prove that the forfeiture did not fall properly within the forfeiture act. *Id.* After discussing the evidence, the court determined that the government had failed to demonstrate the probable cause necessary to authorize the forfeiture proceedings or to trigger claimant's burden. *Id.* at 732. The court further determined that evidence from both the government and the claimant established that claimant was the rightful owner of the subject firearms. *Id.* The complaint, therefore, was dismissed and the firearms were ordered returned to the claimant. *Id.*

[8] In *U.S. v. One 1972 Cadillac, Coupe Deville, 2-Door Hardtop, ID. No. 6D47R2Q238129*, 355 F. Supp. 513 (D. Ky. March 21, 1973), the district judge presided over a "libel action" following the conviction of defendant for violation of Internal Revenue tax laws. Evidence had been admitted in an underlying criminal trial that a vehicle had been used in violation of internal revenue laws and was subject to forfeiture. 355 F. Supp. at 514. The intervenor denied the United States' allegation in its forfeiture complaint that the suit was properly commenced pursuant to 26 U.S.C. § 7401. *Id.* The district judge indicated that the "United States [had] offered no proof of compliance with 26 U.S.C. § 7401," but merely asserted the existence of the fact without argument or citation of authority for its view. *Id.* The court explained that when the issue of authority is not raised, there is a presumption of authorization. *Id.* However, the failure to prove jurisdictional facts when specifically denied is fatal to the maintenance of an action. *Id.* at 515. The district judge, therefore, found that the court had erred in hearing the underlying case on the merits and determined that the "hearing was a nullity and not amenable to effective order or judgment" because the court lacked jurisdiction over the subject matter. *Id.*

authorized, Lunnon's Answer denied the allegation. No presumption can be made regarding authorization for this type of action when such allegations are denied. Instead, the issues are put to proof.

*Id.* at 3. Plaintiff asserts that because he denied in his Answer to the United States' Counterclaims that the United States has the authority to proceed against him, the United States must specifically demonstrate its authorization for its civil tax enforcement action. *Id.*

In its Response, the United States contends that because Plaintiff provides no extraneous evidence of the United States' alleged noncompliance with Section 7401, Plaintiff's attack is "facial" and that the United States' allegations in its counterclaims must be presumed true. Doc. 254 at 2 (citing *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995)). The United States further contends that the case law Plaintiff cited is distinguishable because the attacks at issue were factual. *Id.* at 3.

In his Reply, Plaintiff argues that the portion of his Motion to Dismiss concerning the lack of authorization for suit under 26 U.S.C. § 7401 is "plainly a factual attack" and that to construe it as merely facial is "simply hogwash." Doc. 261 at 1. Plaintiff further argues that the United States' failure to present any evidence demonstrating its authorization for its civil tax enforcement action warrants dismissal of its Counterclaims.[9] *Id.* at 2-3.

Plaintiff reasserts his subject-matter jurisdiction argument in his Response to the United States' Motion for Summary Judgment. Doc. 256 at 1-2.

The Court finds it has subject-matter jurisdiction over the United States' Counterclaims. Although not addressed by the parties, the Court finds, as an initial matter, that the United States' Counterclaims are permissive, as opposed to compulsory, because they relate to unpaid taxes for

---

[9] Plaintiff requests that if the Court were to grant dismissal for lack of subject-matter jurisdiction that the Court not allow the United States an opportunity to amend its Counterclaims. Doc. 246 at 7-8.

tax years different from those that form the basis of Plaintiff's Amended Complaint.  As such,

the United States' Counterclaims must be supported by independent jurisdiction.[10]

Section 7401 states that

[n]o civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced.

26 U.S.C. § 7401.  The United States' Counterclaims begin with the following language:

Plaintiff, United States of America, pursuant to 26 U.S.C., Sections 7401 and 7403, at the direction of the Attorney General of the United States, or his delegate, and at the request of the Secretary of the Treasury, or his delegate, files these counterclaims against plaintiff Michael Lunnon [to] reduce to judgment unpaid federal tax liabilities.

---

[10] Whether the Court can exercise supplemental jurisdiction over a defendant's counterclaim depends on whether the counterclaims are part of the same case or controversy as the original claims in the complaint. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) ("[O]nce a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy."); 28 U.S.C. § 1367(a) ("the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). In deciding whether counterclaims "form part of the same case or controversy" as claims in a complaint and, therefore, fall within the court's supplemental jurisdiction, published Tenth Circuit precedent requires a district court to first determine whether the counterclaim is compulsory or permissive. A compulsory counterclaim necessarily falls within the federal court's supplemental jurisdiction, but "[a] permissive counterclaim must be supported by independent jurisdiction." *NLRB ex rel. Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO-CLC v. Dutch Boy, Inc., Glow Lite Div.*, 606 F.2d 929, 932 (10th Cir. 1979). (Other courts have questioned whether, after the enactment of 28 U.S.C. § 1367 in 1990, the issue of supplemental jurisdiction over a counterclaim should still turn on the compulsory/permissive distinction. *See Walker v. THI of New Mexico at Hobbs Ctr.*, 803 F. Supp. 2d 1287, 1299-300 (D.N.M. 2011) (collecting cases).  Neither party discusses this issue and any departure from the Tenth Circuit's holding in *Dutch Boy* would not be for this Court to pronounce.)

Federal Rule of Civil Procedure 13 states that a compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and [ ] does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). Otherwise, a counterclaim is permissive. To determine if a counterclaim satisfies the same "transaction or occurrence" requirement, a court should look at whether: "(1) the issues of fact and law raised by the principal claim and the counterclaim are largely the same; (2) *res judicata* would bar a subsequent suit on defendant's claim; (3) the same evidence supports or refutes the principal claim and the counterclaim; and, (4) there is a logical relationship between the claim and counterclaim." *F.D.I.C. v. Hulsey*, 22 F.3d 1472, 1487 (10th Cir. 1994); *see also Pipeliners Local Union No. 798, Tulsa, Okl. v. Ellerd*, 503 F.2d 1193, 1199 (10th Cir. 1974) (citing Wright and Miller, Federal Practice and Procedure, Civil § 1410). An affirmative answer to any of these questions indicates the claim is compulsory. Wright and Miller, Federal Practice and Procedure, Civil § 1410. The most compelling test is whether both the original claims and the counterclaims arose out of the same transaction or occurrence, which logically relate by reason of their common origin. *Pipeliners Local Union*, 503 F.2d at 1199.

Doc. 148 at 6, ¶ 53.

To begin, the cases Plaintiff cites in support of his Motion to Dismiss are distinguishable. For example, the claimant in *United States v. Twenty-Two Firearms* presented a *factual* attack on the United States' complaint, *i.e.,* whether the United States had established probable cause for instituting a forfeiture action. 463 F. Supp. at 731. Here, Plaintiff's attack on Defendant United States' authorization is *facial*.[11] And in *United States v. One 1972 Cadillac, Coupe Deville, 2-Door Hardtop, ID. No. 6D47R2Q238129*, the court determined that in the face of a challenge to the United States' purported authorization in an underlying forfeiture proceeding, the court had proceeded with hearings and made rulings, which had to be nullified, because the United States had offered no proof of compliance with 26 U.S.C. § 7401. Here, there have been no hearings or rulings in the face of Plaintiff's challenge to the United States' authorization. *See U.S. v. Tillinghast*, 55 F.2d 279, 282-83 (D.R.I. Jan. 20, 1932), *aff'd*, 69 F.2d 718 (1st Cir. 1934) (finding that the authorization for a suit to collect taxes need not precede the filing of the suit, which may be ratified thereafter so long as the approval precedes the hearing in court on the defendant's challenge to the authorization). Moreover, as discussed below, the United States has offered proof of its compliance with Section 7401 rendering Plaintiff's argument moot.

The case law aside, because Plaintiff's subject-matter jurisdiction argument presents a facial attack, the Court accepts the allegations of the United States' Counterclaims as true. *See Holt,* 46 F.3d at 1002-1003 (explaining that in reviewing a Rule 12(b)(1) facial attack on the complaint's allegations as to subject-matter jurisdiction, a district court must accept the

---

[11] Plaintiff argues that his subject-matter jurisdiction attack is factual. The Court does not agree. Here, Plaintiff is not arguing that the alleged facts of the United States' Counterclaims do not support subject-matter jurisdiction, *i.e.,* Plaintiff is not arguing that he does not owe unpaid taxes. *See Holt,* 46 F.3d at 1003 (explaining that a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends). Instead, Plaintiff argues only that the United States' mere allegation of authorization for its civil tax enforcement action is insufficient and requires proof. Thus, this amounts to a facial attack.

allegations in the complaint as true.)  As such, the United States has properly pled that it has met the requirements of 26 U.S.C. § 7401.  *See United States v. Pfannenstiel*, 93 A.F.T.R.2d 2004-965, at *1 (D.N.M. Feb. 15, 2001).  Additionally, the United States attached to its Motion for Summary Judgment two Declarations affirming the proper authorization and commencement of this civil tax enforcement action thereby offering proof of its compliance with Section 7401. Docs. 259-1, 259-2.  Section 7401 provides that a suit is properly authorized if the Secretary of the Treasury sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced.  The term "delegate" means any officer, employee or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly or indirectly by one or more redelegations of authority to perform the function mentioned.  26 U.S.C. § 7701(a)(12)(A).  Accordingly, the Declaration of Senior Counsel (Doc. 259-1) from the legal office of an agency of the Department of Treasury affirming that the Chief Counsel of the Internal Revenue Service authorized the U.S. Department of Justice, Tax Division, to file the Counterclaims pursued in this lawsuit *before* they were filed is sufficient to establish the first requirement of Section 7401.  *Pfannenstiel*, 93 A.F.T.R.2d 2004-965, at *1 (citing *United States v. Walters*, 638 F.2d 847, 850 (6th Cir. 1981)).  Further, the Declaration of filing counsel from the Department of Justice, Tax Division (Doc. 259-2), that a delegate of the Attorney General directed the filing of the Counterclaims *before* they were filed satisfies the second requirement of 26 U.S.C. § 7401.  *Id.*

For the foregoing reasons, the Court finds that the United States has properly pled that it has met the requirements of 26 U.S.C. § 7401 for commencing this civil tax enforcement action, which includes the authorization from the Secretary to proceed and the direction of the Attorney General to commence suit.  The Court, therefore, recommends that Plaintiff's Motion to Dismiss

7

based on subject-matter jurisdiction be **DENIED**.  The Court further finds that the United States has offered the specific authorization required to proceed in the face of Plaintiff's denial.  As such, there is no evidence from which a reasonable jury could find that the United States has not satisfied the specific authorization required to proceed with its civil tax enforcement action.  The Court, therefore, further recommends that Defendant United States is entitled to summary judgment on the issue of whether or not this proceeding was authorized by the Secretary of the Treasury and commenced at the direction of the Attorney General.

### III.  Motion for Judgment on the Pleadings

In the alternative to his Motion to Dismiss based on subject-matter jurisdiction, Plaintiff moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) due to the insufficiency of Defendant United States' allegations.  Doc. 246 at 5-7.

### A.  Plaintiff's Motion

Plaintiff argues that the United States' Counterclaims fail to show that the alleged assessments came within the assessment authority found in 26 U.S.C. § 6201.[12]  Doc. 246 at 4-5.  Plaintiff explains that in order for authority to exist for making any assessment at all, either a "determination" of tax must be made on a "return or list," or deficiency procedures must be followed pursuant to 26 U.S.C. §§ 6211 and 6212.[13]  Plaintiff argues that the United States' allegations fail to address these "conditions precedent" such that it can be assumed that the conditions were not satisfied.  *Id.* at 5.  Plaintiff asserts, therefore, that the tax assessments as alleged in Defendant United States' Counterclaims must be dismissed.

---

[12] Section 6201 describes the Secretary of the Treasury's assessment authority for making inquiries, determinations, and assessments of all taxes.  26 U.S.C. § 6201.

[13] Section 6211 provides the definition of deficiency.  26 U.S.C. § 6211.  Section 6212 describes notice of deficiency procedures.  26 U.S.C. § 6212.

Plaintiff also argues that the sole allegation for the claims made pursuant to 26 U.S.C.

§ 6672 is that assessments were made.[14]  *Id.* at 5-7.  Plaintiff explains that Section 6672 also

imposes several "conditions precedent" for its application which have not been met.  *Id.*  For

example, Plaintiff argues that Section 6672 requires that a person must be "required to collect,

truthfully account for, and pay over any tax imposed by" the tax code; that the person must

"willfully fail to collect such tax, or truthfully account for and pay over such tax, or willfully

attempt in any manner to evade or defeat any such tax or the payment thereof"; that a

preliminary notice must issue before the penalty can be imposed; and that Section 6751(b)

requires supervisory approval of a Section 6672 penalty.[15]  *Id.*  Plaintiff asserts that the United

States fails to allege any of these factors or elements in its Counterclaims rendering them wholly

insufficient.  *Id.*

### B.    The United States' Response

In its Response, the United States contends that its Counterclaims comply with the

*Iqbal/Twombly* pleading standard because they contain sufficient factual matter that, when

accepted as true, state a claim for relief that is plausible on its face.  Doc. 254 at 4 (citing *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'")); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (same).  In particular, the United

---

[14] Section 6672 provides for the procedure and administration of assessable penalties and the failure to collect and pay over tax, or attempt to evade or defeat tax.  26 U.S.C. § 6672.  Section 6672's general rule states that any person who is required to collect, truthfully account for, and pay over any tax imposed by this title but willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collect, or not accounted for and paid over.  26 U.S.C. § 6672(a).

[15] Section 6751(b) provides that certain penalties shall not be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate.  26 U.S.C. § 6751(b).

States contends that its Counterclaims contain allegations of how much tax and/or penalties and/or interest the IRS assessed against Plaintiff and that it attached two sets of official IRS transcripts evidencing Plaintiff's tax delinquencies.  Doc. 254 at 4.  The United States contends that its Counterclaims clearly state that the Secretary of the Treasury assessed the income tax and Section 6672 penalties alleged in its Counterclaims, which complies with Section 6201.  *Id.* at 4-5.  The United States also contends that Section 6672 does not require that it allege additional details in its Counterclaims beyond the dates and unpaid taxes assessed against Plaintiff, and that Plaintiff has failed to cite any case law to support his argument that more is required.  *Id.*

Lastly, the United States asserts that there is a presumption of regularity that supports the official acts of public officers and that courts presume that they have properly discharged their official duties in the absence of clear evidence to the contrary.  *Id.* at 5.  Here, the United States asserts that Plaintiff has failed to produce any evidence to counter this presumption.  *Id.*

### C.      Plaintiff's Reply

In his Reply, Plaintiff argues that although the United States attached IRS transcripts to its Counterclaims indicating unpaid tax assessments, the United States failed to cite specific portions of the transcripts that show the alleged assessments were based on "returns or lists" made under Title 26.  Doc. 261 at 3.  Plaintiff further argues that the United States failed to specifically address his Rule 9(c) conditions precedent allegation requirements.  *Id.* at 3, fn. 3.  Lastly, Plaintiff argues that the United States' assertion regarding the general presumption of regularity that supports the official acts of public officers is without evidence and therefore unsupported.  *Id.* at 3-4.

### D.    **Legal Standard**

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss under Rule 12(b)(6).  *See Atl. Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1160 (10th Cir. 2000).  In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff."  *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).  A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  In other words, a complaint must include enough facts to state a claim for relief that is plausible on its face.  *Id.* at 555–56.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.  The allegations must be sufficient to establish that, if true, "the plaintiff plausibly (not just speculatively) has a claim for relief."  *Corder v. Lewis Palmer School Dist. No. 38*, 566 F.3d 1219, 1224 (10th Cir. 2009) (internal quotation marks and citation omitted).  Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief.  *Iqbal*, 556 U.S. at 679.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Id.*  Furthermore, plaintiff must plead more than labels, conclusions or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Conclusory

allegations of liability, without supporting factual content, are insufficient. The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677.

### E.    <u>Analysis</u>

With this legal standard in mind, the Court assumes that the following well-pled facts taken from the United States' Counterclaims are true. Michael Lunnon resides in Gallup, New Mexico, and is a taxpayer owing taxes and penalties to the United States. Doc. 148 at 6, ¶ 57. A delegate of the Secretary of the Treasury assessed against Michael Lunnon income Form 1040 taxes, penalties, interest, and statutory additions for the years 2006 through 2018 in the amount of $1,144,529.87 as of March 2, 2020.[16]  *Id.* at 6-8, ¶¶ 58, 59, Exhibit B (Account Transcripts for the tax years 2006 through 2018). A delegate of the Secretary of the Treasury also assessed against Michael Lunnon trust fund recovery penalties pursuant to 26 U.S.C. § 6672 with respect to unpaid employment (Form 941) taxes of LG Kendrick, LLC, for 2010 in the amount of $26,331.21.[17]  *Id.* at 8-9, ¶ 60, Exhibit C (Account Transcripts for four quarters in 2010). Despite having been given proper notice and demand for payment of these assessments, Michael Lunnon has not fully paid the amounts due.  *Id.* at 9, ¶ 61.

The Court finds that the United States has pled sufficient facts in its Counterclaims to state a claim for relief that is plausible on its face. The United States' Counterclaims contain allegations of how much tax and/or penalties and/or interest was assessed against Plaintiff for the tax years at issue and attached two sets of official IRS transcripts evidencing Plaintiff's income

---

[16] The United States' Counterclaims detail the amounts owing for each year and include the tax assessed, late filing penalties, no-prepayment penalties, late payment penalties, and interest.  Doc. 148 at 6-8.

[17] The United States' Counterclaims detail the amounts owing for each quarter and include the penalty assessed and interest.  Doc. 148 at 9.

tax delinquencies and Section 6672 penalties.  Docs. 148 at 6-9, ¶¶ 58-60; 148-2 (Exh. B).  The transcripts indicate that the information contained therein is from tax "*return[s] or as adjusted*."  *See* Doc. 148-2.  The United States' Counterclaims clearly state that the Secretary of the Treasury assessed the income tax delinquencies and Section 6672 penalties.  Doc. at 6, ¶ 58; 8, ¶ 60; *see* 26 U.S.C. § 6201 (instructing that the Secretary of the Treasury is authorized and required to make . . . assessments of all taxes . . . and shall assess all taxes determined by the taxpayer or by the Secretary as to which returns or lists are made under this title).   Finally, the United States' Counterclaims allege that the United States provided Plaintiff with proper notice and demand for these assessments and that Plaintiff has not paid the amounts due.  *Id.* at 9, ¶ 61.  The Court finds these facts are sufficient to state a claim for relief that is plausible on its face.

Moreover, the Court finds there are no statutorily required "conditions precedent" the United States is required to plead pursuant to Rule 9(c) as Plaintiff argues.[18]  Rule 9(c) requires that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed.  But when denying that a condition precedent has occurred or been performed, a party must do so with particularity."  Fed. R. Civ. P. 9(c).  This special pleading requirement has been applied to conditions precedent in, *inter alia,* common law contracts claims, nonjurisdictional agency exhaustion requirements in some federal statutory claims, and claims against governmental and public bodies.  *See Anderson v. United Tel. Co. of Kansas*, 933 F.2d 1500, 1505 (10th Cir. 1991) (citing *McKee–Berger–Mansueto, Inc. v. Board of Educ.,* 626 F.2d 559, 562–63 (7th Cir.1980) (lack of specific statements in pleadings contesting

---

[18] Plaintiff cites *Coffman v. Hutchinson Cmty. Coll.* for the premise that if conditions precedent exist for a claim, they must be alleged in the complaint pursuant to Fed. R .Civ. P. 9(c).  Doc. 246 at 3.  In *Coffman*, defendant moved to dismiss plaintiff's state law tort claims based on plaintiff's failure to provide notice "with the clerk or governing body of the municipality" as statutorily required before proceeding with tort claims against a municipality.  *Coffman*, 2017 WL 4222891, at *3 (D. Kan. Sept. 22, 2017).  The Kansas District Court explained that the written notice requirement of the state statute was a "condition precedent to suit" and "under Fed. R. Civ. P. 9(c), a plaintiff must include a statement in his Complaint alleging that he has performed the required notice."  *Id.*

adequacy of company's performance of contract for construction management services implicates Rule 9(c)); *Ginsburg v. Insurance Co. of N. Am.,* 427 F.2d 1318, 1321–22 (6th Cir.1970) (failure to specifically deny timely filing of proof of loss in insurance contract implicates Rule 9(c)); *Lumbermens Mut. Ins. Co. v. Bowman,* 313 F.2d 381, 387 (10th Cir.1963) (proof of loss is condition precedent to enforcement of insurance contract); *Jackson v. Seaboard Coast Line R.R.,* 678 F.2d 992, 999 n. 7, 1000–01 (11th Cir.1982) (failure to allege in pleadings exhaustion of administrative remedies implicates Rule 9(c))); *see also Coffman v. Hutchinson Cmty. Coll.*, 2017 WL 4222891, at *3 (D. Kan. Sept. 22, 2017) (explaining that the written notice requirement of state statute regarding tort claims was a condition precedent to suit and that under Fed. R. Civ. P. 9(c) a plaintiff must include a statement alleging that he has performed the required notice). The Court, however, can find no indication in the federal rules or case law that the special pleading requirements of Rule 9(c) were meant to apply broadly to pleading the basic elements of a cause of action. *Anderson*, 933 F.2d at 1505 (finding that certain statutory requirements did not amount to condition precedents as contemplated by Rule 9(c)). Further, while the statutes at issue here[19] admittedly detail and govern the necessary procedure and administration of making tax assessments, the determination of tax deficiencies and assessable penalties, and the notice required and restrictions on assessments, the Court can find no requirements in these statutes that amount to conditions precedent that the United States must specifically plead when commencing a civil tax enforcement action. *Id.*

Lastly, as a general rule the United States is entitled to "the presumption of official regularity," which is that " 'in the absence of clear evidence to the contrary, courts presume that

---

[19] 26 U.S.C. § 6201, *Assessment Authority*; 26 U.S.C. § 6211, *Definition of a Deficiency*; 26 U.S.C. § 6212, *Notice of Deficiency*; 26 U.S.C. § 6213, *Restrictions Applicable to Deficiencies; Petition to Tax Court*; and 26 U.S.C. § 6672, *Failure to Collect and Pay Over Tax, or Attempt to Evade or Defeat Tax.*

[public officers] have properly discharged their official duties.' " *United States v. Ahrens,* 530 F.2d 781, 785 (8ᵗʰ Cir. 1976) (quoting *United States v. Chemical Foundation, Inc.,* 272 U.S. 1, 14–15, 47 S.Ct. 1, 6–7, 71 L.Ed. 131 (1926)). As long as the procedures used and the evidence relied upon by the government to determine the assessment had a rational foundation the inquiry focuses on the *merits* of the tax liability and not on the IRS procedures. *Ruth v. U.S.,* 823 F.2d 1091, 1094 (7ᵗʰ Cir. 1987). Here, Plaintiff's argument that the United States' reliance on this presumption is without evidence is misplaced. In the face of this presumption, the burden is on *Plaintiff* to present evidence that the United States has not properly discharged its duties or that the assessments at issue are irregular or erroneous. Plaintiff has not presented any evidence that the United States has not complied with the applicable statutory requirements for determining and making the tax assessments against him, but instead argues only that the United States failed to specifically plead what Plaintiff characterizes as "conditions precedent" in its Counterclaims. Plaintiff's argument is without merit and insufficient to overcome the presumption of official regularity.

For all of the foregoing reasons, the Court finds that Plaintiff's alternative motion for judgment on the pleadings is not well taken and recommends that it be **DENIED.**

### IV. <u>Motion for Summary Judgment</u>

The United States moves for summary judgment on it Counterclaims.

### A. <u>Undisputed Material Facts</u>

#### 1. <u>Background Information</u>

Beginning in 1995 and through at least 2020, Plaintiff operated a UPS Store franchise business ("the UPS Franchise"), originally under the name Mail Boxes Etc., and later as a UPS Store, which provides the public with shipping, copying, notary and business services. Doc. 250

at 8, ¶1, fn. 1.  Plaintiff filed Forms 941, *Employer's Quarterly Federal Tax Returns*, with the IRS for the UPS Franchise for the quarter ending on September 30, 2001, through the quarter ending on December 31, 2002.  *Id.* at 9, ¶ 2, fn. 2.  On January 2005, Plaintiff renewed its Franchise Agreement between himself, as franchisee 100% owner of the franchise, and Mail Boxes Etc., Inc., as franchisor.  *Id.* at 9, ¶ 3, fn. 3.  On February 5, 2009, Plaintiff formed LG Kendrick, LLC, ("Kendrick") and identified himself as its manager and sole member.  Doc. 250 at 9, ¶ 4, fn. 4; Doc. 221-1.  On July 15, 2010, Plaintiff amended the Franchise Agreement to reflect that he had transferred and assigned his ownership in the UPS Franchise to Kendrick. Doc. 221-3 at 134-35.

## 2.    Trust Fund Recovery Penalties for 2010

On March 24, 2009, Plaintiff executed a signature card document to update the business name of a checking account at Bank of Colorado d/b/a Pinnacle Bank, bearing an account number ending in '6201 (the "6201 Account").  Doc. 250 at 9, ¶ 5, fn. 5.  The document updated the name of the business to LG Kendrick LLC d/b/a UPS Store.  *Id.*  About every two weeks in 2010, Plaintiff wrote checks, drawn on the '6201 Account, made payable to multiple individuals, including Cameron Curley, Denise Hardy, and Melanie Chico.  *Id.* at 10, ¶ 6, fn. 6.  During 2010, Plaintiff also wrote dozens of checks drawn on the '6201 Account to various third-party payees, including Avanti Press, Inc.; Aztec Discount Supplies, Inc.; BCT; BGPA; Butler's Office Equipment and Supply; City of Gallup Utility Systems; Controlled Air & Metal Co., Inc.; the DFS Group; DirectoryPLUS; Gallup Solar; General Mailing and Shipping Systems, Inc.; Hasler; the Hillman Group; Leanin' Tree Inc.; McClintock Paper Company; Native Properties; New Mexico Gas Company; Pens Etc.; Pre-Paid Legal Services; Quest; Shred-it; State Farm

Insurance Companies; and Town Talk. *Id.* at ¶ 7, fn. 7. In 2010, Plaintiff wrote at least ten checks to himself drawn on the '6201 Account. *Id.* at ¶ 8, fn. 8.

In 2010, IRS revenue officer T. W. Lyons visited Plaintiff at the UPS Store, advised Plaintiff he owed unpaid taxes, and left Plaintiff with certain IRS publications. Doc. 250 at 13, ¶ 17.

On June 13, 2011, a delegate of the Secretary of the Treasury assessed $7,878.96 against Kendrick in employment taxes for each quarter of 2010, as well as penalties of $1,772.77, $1,772.77, $1,772.77, and $1,418.21, for the four quarters of 2010, respectively. Doc. 250 at 10-11, ¶ 9, fn. 9. Kendrick unsuccessfully challenged the IRS collection of employment taxes in Tax Court, including the employment taxes for the four quarters of 2010. *Id.* at 11, ¶ 10, fn. 10.

On October 1, 2012, a delegate of the Secretary of the Treasury assessed against Plaintiff penalties under 26 U.S.C. § 6672 in the amount of $6,171.48 for each quarter of 2010, based on the unpaid Form 941 taxes assessed against Kendrick for the same quarters. Doc. 250 at 11, ¶ 11, fn. 11. Taking into account accruing interest and any credits or payments applied to the accounts, the amounts of Section 6672 delinquencies for 2010 calculated to January 5, 2021, total $26,331.21 [sic].[20] *Id.* at ¶ 12, fn. 12.

On October 5, 2020, the United States deposed Plaintiff in this matter and asked him certain questions regarding bank accounts he maintained in 2010. Doc. 250 at 12, ¶¶ 13-16, fns. 13-16. Questions included whether Kendrick maintained a bank account in 2010; whether Kendrick maintained a bank account for payroll taxes; whether Plaintiff had a bank account in

---

[20] The trust fund recovery penalties reflected in the Account Transcripts attached to the United States' Counterclaims are calculated as of March 2, 2020, and indicate a total owed amount of $26,331.21. Doc. 148-3 at 1-8. The trust fund recovery penalties reflected in the INSTA transcripts attached to the United States' Motion for Summary Judgment are calculated as of January 5, 2021, and indicate a total owed amount of $27,185.44. Doc. 250-2 at 15-16.

his name in 2010; whether Plaintiff had signed the signature card for the '6201 Account; whether Plaintiff could confirm his signature on checks bearing his name and could explain the payee/purpose of the checks issued from the '6201 Account; and whether anyone other than Plaintiff issued checks from the '6201 Account. *Id.*, fns. 13-16 (Exh. 1, Lunnon Deposition). Plaintiff invoked his Fifth Amendment right against self-incrimination as to all of these questions. *Id.* The United States also asked Plaintiff a series of questions related to his status as a responsible party for Kendrick during 2010, including who operated the UPS Store, who had authority to hire and fire employees, who prepared quarterly financial statements, and what steps were taken to ensure that Plaintiff complied with employment tax obligations in 2010. Doc. 250 at 17-18, ¶ 34(d) through (f), fns. 37-39 (Exh. 1 Lunnon Deposition). Plaintiff invoked his Fifth Amendment right against self-incrimination as to all of these questions. *Id.*

### 3. <u>Income Tax Liabilities</u>

#### (a) <u>2006 Through 2009</u>

Plaintiff failed to file Form 1040 income tax returns for each of the tax years 2006 through 2009. Doc. 250 at 13, ¶ 19, fn. 19. A delegate of the Secretary of the Treasury made assessments under 26 U.S.C. § 6020 against Plaintiff of income tax and penalties for each of the tax years 2006 through 2009. *Id.* at ¶ 20, fn. 20. On May 8, 2014, the IRS sent Plaintiff statutory notices of deficiency for the tax years 2006 through 2009 that included IRS Forms 4549-A ("Income Tax Examination Changes") explaining how the IRS calculated the income tax and penalties Plaintiff owed. *Id.* at 14, ¶ 21, fn. 21. The Forms 4549-A identified the Schedule C Gross Receipts the IRS attributed in assessing Plaintiff's income tax for each of the tax years 2006 through 2009. *Id.* at ¶ 22, fn. 22. The gross receipts were based on an analysis by the IRS of bank account activity from accounts that Plaintiff controlled. *Id.* at ¶ 23, fn. 23. In assessing

Plaintiff's income tax for the tax years 2006 through 2009, the IRS credited zero business expenses to Plaintiff.  *Id.* at 15, ¶ 24, fn. 24.

### (b)     2010 Through 2012

On July 20, 2015, a delegate of the Secretary of the Treasury made assessments under 26 U.S.C. § 6020 for each of the tax years 2010 through 2012 against Plaintiff for his personal income tax when he failed to timely file income tax returns.  Doc. 250 at 15, ¶ 25, fn. 25.  For each of the tax years 2010 through 2012, Plaintiff filed Form 1040 income tax returns after their respective due dates and after the IRS had assessed him under 26 U.S.C. § 6020.  *Id.* at ¶ 26, fn. 26.  Based on Plaintiff's late-filed returns for 2010 through 2012, the IRS partially abated some of Plaintiff's assessments for each of these years.  *Id.* at ¶ 27, fn. 27.

### (c)     2013 Through 2016

For each of the tax years 2013 through 2016, Plaintiff filed Form 1040 income tax returns after their respective due dates.  Doc. 250 at 15, ¶ 28, fn. 28.  Based on Plaintiff's income tax returns for 2013 through 2016, a delegate of the Secretary of the Treasury made assessments against Plaintiff for his personal income tax and penalties.  *Id.* at 16, ¶ 29, fn. 29.

### (d)     2017 and 2018

On July 30, 2018, Plaintiff timely filed a Form 1040 income tax return for tax year 2017, after having requested a six-month extension of the filing deadline.  Doc. 250 at 16, ¶ 30, fn. 30.  Plaintiff timely filed a Form 1040 income tax return for tax year 2018.  *Id.* at ¶ 31, fn 31.  Based on Plaintiff's filed income tax returns, a delegate of the Secretary of the Treasury made assessments against Plaintiff for his personal income tax and penalties for the tax years 2017 and 2018.  *Id.* at 16-17, ¶ 32, fn. 32.

### (e)      Total Income Tax Liabilities

As of January 5, 2021, Plaintiff owes $1,185,680.96 in income tax, penalties and interest for the tax years 2006 through 2018.[21]  Doc. 250 at 17, ¶ 33, fn. 33.

### (f)      Deposition Testimony

On October 5, 2020, the United States deposed Plaintiff in this matter and asked him if he "had any grounds to contest the assessments made against [him] in the counterclaims"; whether he could identify any evidence or present any grounds to contest the income tax assessments made against him for tax years 2006 through 2009; and about the gross receipts from his business and business expenses for the tax years 2006 through 2009.  Doc. 250 at 17-18, ¶ 34(a) through (c), fns. 34-36.  Plaintiff invoked his Fifth Amendment right against self-incrimination as to all of these questions.  *Id.*

### B.      The United States' Motion

#### 1.      Trust Fund Recovery Penalties for 2010

The United States argues that it has met its burden of establishing that Plaintiff was properly assessed trust fund recovery penalties for each quarter of 2010.  Doc. 250 at 19-22.  By way of background, the United States explains that employers are required to withhold Federal

---

[21] 2006 = $162,998.74
   2007 = $235,898.27
   2008 = $251,529.97
   2009 = $218,068.12
   2010 = $32,916.63
   2011 = $26,531.81
   2012 = $25,532.85
   2013 = $38,268.91
   2014 = $41,013.77
   2015 = $55,295.90
   2016 = $55,498.96
   2017 = $19,481.40
   2018 = $22,645.63

Doc. 250 at 17, ¶ 33, fn. 33.

Insurance Contributions Act (FICA) and federal income taxes from employees' wages each pay period and remit the amount withheld to the IRS on a quarterly basis. *Id.* The money the employer withholds is held in "trust" for the United States and often referred to as "trust fund" taxes. *Id.* These trust funds may not be used for business expenses and Congress enacted 26 U.S.C. § 6672 to prevent same. *Id.*

The United States argues that it has satisfied the initial burden of proof as to whether valid Section 6672 assessments have been made against Plaintiff by submitting Forms 4340 for the assessments for the periods ending March 31, 2010, June 30, 2010, September 30, 2010, and December 31, 2010. *Id.* The United States argues that these Forms 4340 establish that the IRS properly assessed Plaintiff with a penalty for each quarter of 2010. *Id.* Having done so, the United States argues that Plaintiff now "has the burden of going forward with evidence and the burden of persuasion to overcome the presumption attaching to the Forms 4340." *Id.* (citing *Long v. United States*, 972 F.2d 1174, 1181, n. 9 (10th Cir. 1992); *Muck v. United States*, 3 F.3d 1378, 1381 (10th Cir. 1993); *United States v. Hodges*, 684 F. App'x 722, 731 (10th Cir. 2017) (the burden remains with the taxpayer even in a counterclaim)).

The United States next argues that Plaintiff cannot meet his burden of establishing that he is not liable for the trust fund recovery penalties. Doc. 250 at 23-26. The United States explains that a person is liable for a penalty under Section 6672 when two elements are met, *i.e.,* the person assessed is a "responsible person" within the meaning of Section 6672, and the person assessed acted "willfully" in failing to collect or pay over the withheld taxes within the meaning of Section 6672. *Id.* (citing *Finley v. United States*, 82 F.3d 966, 970 (10th Cir. 1996)). The United States argues that Plaintiff meets the definition of "responsible person" because he was the owner and sole member of Kendrick and the only person who had the ability to sign checks

from the '6102 Account. *Id.* The United States argues that Plaintiff also acted willfully because he was the only person authorized to withdraw funds from the '6201 Account and would have known that no employment returns were being filed with the IRS and that no payments were being remitted with a return. *Id.* The United States further argues that Plaintiff recklessly disregarded his tax obligations because (1) Plaintiff was compliant with his employment tax obligations for a certain period of time evidencing he understood that a business with employees had a duty to pay employment taxes; (2) IRS revenue agent T. W. Lyons visited Plaintiff's place of business and advised him of his failure to comply with his employment tax obligations; and (3) Plaintiff acknowledged receiving requests for payment from the IRS. *Id.*

### 2. Tax Liabilities for Tax Years 2006 Through 2009

The United States argues that it has met its burden of demonstrating Plaintiff's tax liabilities for the years 2006 through 2009 by providing Forms 4340 and Forms 4549-A, along with INSTA transcripts evidencing Plaintiff's total tax delinquencies with statutory interest accruals through January 5, 2021. Doc. 250 at 26-27.

### 3. Tax Liabilities for the Tax Years 2010 Through 2018

The United States argues that is has met its burden of demonstrating Plaintiff's tax liabilities for the years 2010 through 2018 based on Plaintiff's own admission of tax owed that he presented in filed tax returns and by providing Forms 4340 evidencing Plaintiff's total tax delinquencies with statutory interest accruals through January 5, 2021. Doc. 250 at 27-30.

### 4. Fifth Amendment Privilege

The United States further argues that because Plaintiff invoked his Fifth Amendment privilege against self-incrimination and refused to give substantive responses, Plaintiff cannot

now withdraw his invocation of the Fifth Amendment privilege and present evidence to the contrary and challenging the trust fund recovery penalty assessments.  Doc. 250 at 28-30.

In sum, the United States argues that it is entitled to summary judgment on its Counterclaims and requests the Court enter partial summary judgment against Plaintiff in the amount of unpaid income taxes for tax years 2006 through 2018 in the amount of $1,185,680.96 and for the trust fund recovery penalties in the amount of $26,331.21, both amounts as of January 5, 2021, plus prejudgment and post judgment interest on those amounts at the rates set forth in 26 U.S.C. §§ 6601, 6621, and 28 U.S.C. § 1961(c) until paid.  Doc. 250 at 30.

### C.  <u>Plaintiff's Response</u>

Plaintiff incorporates the arguments from his Motion to Dismiss/Motion for Judgment on the Pleadings that the United States has failed to provide proof of its authorization to commence its civil tax enforcement action and that this Court does not have subject-matter jurisdiction. Doc. 256 at 1-3.  Plaintiff also restates his arguments regarding the United States' failure to sufficiently plead certain conditions precedent in its Counterclaims.  *Id.*  Plaintiff argues that the United States' Motion for Summary Judgment fails (1) to address anything at all regarding its compliance with the limitations of Section 6201, *i.e.,* that taxes were determined on a return or list or compliance with deficiency proceedings; (2) to allege the required elements for imposing any penalty under Section 6672; and (3) to allege the required approval for imposing Section 6672 penalties pursuant to Section 6751(b) and Section 7491(c).  *Id.* at 4-5.  Plaintiff further argues that his 2018 bankruptcy and discharge are of record in this case and that tax penalties are considered discharged if they occur more than three years before a bankruptcy filing.  *Id.* at 5. Plaintiff states that the Counterclaims in this case allege numerous penalties being imposed more than three years before the bankruptcy filing and that a judgment from this Court would violate

the bankruptcy discharge injunction. *Id.* Lastly, Plaintiff argues that the United States'
arguments in its Motion for Summary Judgment go beyond those presented in its Counterclaims
and that the United States is attempting to constructively amend its Counterclaims by presenting
issues that were not initially alleged. *Id.* at 3.

Plaintiff submitted a Declaration in Opposition to Counterclaims to which he attached an
Exhibit. Doc. 257. Plaintiff states that the Exhibit is a "true and correct copy of the only suit
authorization document that was contained in the Rule 26 disclosures made to [him] by
government counsel." *Id.* Plaintiff argues that the authorization document is unsigned and is
evidence that the United States does not have the requisite authority to pursue its Counterclaims
against Plaintiff. Doc. 256 at 2.

### D. United States' Reply

The United States contends that in its Motion for Summary Judgment it has presented
*prima facie* evidence of proper assessments *via* IRS Forms 4340 thereby shifting the burden to
Plaintiff to present evidence of incorrect or erroneous assessments. Doc. 259 at 1. The United
States further contends that because Plaintiff elected to invoke his Fifth Amendment privilege
against self-incrimination at his deposition when asked about his defenses to its Counterclaims,
that Plaintiff is barred from presenting declarations now in support of his opposition. *Id.* at 1-2.

The United States replies to Plaintiff's specific arguments as follows:

#### 1. Section 7401

The United States replies that Plaintiff's challenge to its authority to commence its civil
tax enforcement action pursuant to Section 7401 lacks merit because Plaintiff has failed to
produce any evidence that would counter the normal presumption of regularity that attaches to
the actions of public officers. Doc. 259 at 2. Additionally, the United States argues that even

though Plaintiff has presented no evidence that the Counterclaims were filed in violation of Section 7401, it has attached Declarations proving the requisite authority to commence its civil tax enforcement action in accordance with Section 7401.

### 2. Relief Sought

The United States asserts that the relief it seeks in its Motion for Summary Judgment has not been enlarged from what was sought in its Counterclaims. Doc. 259 at 4. The United States further asserts that Plaintiff failed to provide any explanation for or examples of how the United States' Motion for Summary Judgment presents issues that go "far beyond" those presented in its Counterclaims. *Id.*

### 3. Burden of Proof

The United States contends that Plaintiff seeks to impose a higher burden on the United States than what the law requires, *i.e.,* that the United States needs to plead that the assessments against Plaintiff complied with Sections 6201, 6751(b) and 7491. Doc. 259 at 4. The United States argues that by presenting Forms 4340 and transcripts of assessments, it has established that Plaintiff owes income tax assessments for each of the tax years 2006 through 2018 and owes Section 6672 penalties for each quarter of 2010. *Id.* at 5. The United States argues that these assessments are presumptively correct and that in the face of this evidence the burden shifts to Plaintiff to present evidence that the assessments are incorrect. *Id.* at 4.

### 4. Section 6201

The United States argues that Section 6201 merely authorizes the IRS to assess tax. Doc. 259 at 5 (citing 26 U.S.C. § 6201 ("The Secretary is authorized and required to make the inquiries, determinations, and assessments of all taxes including interest, additional amounts, additions to the tax, and assessable penalties.")). The United States argues that it has provided

evidence through the Declaration of Chris Lozano that a delegate of the Secretary of the Treasury made the assessments against Plaintiff.  *Id.*  The United States further argues that Plaintiff's speculation that the United States has not complied with Section 6201 does not create an issue of fact.  *Id.*

### 5.    Section 6751(b)

The United States argues that it is not settled whether supervisory approval is required for the assessment of Section 6672 penalties.  Doc. 259 at 6 (citing *United States v. Rozbruch*, 28 F. Supp. 3d 256, 265 (S.D.N.Y. 2014) (finding that Section 6672 assessments do not trigger the written supervisory approval required under Section 6751(b) because the liability is in substance of a tax despite being denominated as a penalty) (collecting cases), *aff'd on other grounds*, 621 F. App'x 77, 78 (2d Cir. 2015))).  That said, the United States argues that to the extent Section 6751(b) applies, it has complied with its provisions.  *Id.* at 5-6.  Specifically in response to Plaintiff's argument, the United States attached a "*Recommendation re: Trust Fund Recovery Penalty Assessment*" signed by Group Manager Ann Taylor on February 3, 2012, which provided supervisory approval for the Section 6672 penalties against Plaintiff.  *Id.* at 6.

### 6.    Bankruptcy

The United States argues that Plaintiff's bankruptcy did not discharge the delinquencies for which the United States seeks a judgment.  Doc. 259 at 7-9.  The United States explains that under Section 523 of the bankruptcy code, Section 6672 penalties are not dischargeable in bankruptcy.  *Id.*  As for penalties on the tax assessments against Plaintiff, the United States explains that to the extent income tax penalties were discharged in bankruptcy, the IRS has already abated those penalties.  *Id.*  For example, the United States argues that the IRS abated tax penalties for the tax years 2006 through 2012.  *Id.*  For the tax years 2013 through 2018, the

United States explains that all of the income tax penalties for those tax years were assessed *after* Plaintiff's January 5, 2018, bankruptcy petition and were not abated because the penalties were not assessed three years before that date. *Id.*

E.  **Legal Standard**

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c*); see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party makes a proper summary judgment challenge, the "opposing party may not rely merely on allegations or denials in its own pleading; rather its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2); *see Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Unsubstantiated allegations carry no probative weight in summary judgment proceedings. To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Bones v. Honeywell Int'l, Inc*., 366 F.3d 869, 875 (10th Cir. 2004) (citation omitted). In ruling on a motion for summary judgment, a Court does not weigh the evidence or make credibility determinations, *see Anderson*, 477 U.S. at 249, but determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter

of law," *id.* at 251-52. And in making this determination, the Court must construe all facts in the record, as well as the reasonable inferences that can be drawn from those facts, in a light most favorable to the nonmoving party. *See Worrell v. Henry*, 219 F.3d 1197, 1204 (10th Cir. 2000).

**F.    Analysis**

In an action to collect unpaid taxes due, the government bears the initial burden of proof. *United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1983). Here, the United States has produced Forms 4340 for each of the years at issue in its Counterclaims, which creates a rebuttable presumption that the assessments made against Plaintiff are valid. *Id.; see also March v. I.R.S.*, 335 F.3d 1186, 1188 (10th Cir. 2003). Additionally, as previously stated, the United States, as a general rule, is entitled to the presumption of official regularity. In the face of these presumptions, Plaintiff has the burden of persuasion by a preponderance of the evidence that official duties were improperly discharged or that the assessments are irregular or erroneous. *Palmer v. United States Internal Revenue Service*, 116 F.3d 1309, 1312 (9th Cir. 1997); *see also Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992) (if a taxpayer does not present evidence to the contrary, a district court may properly rely on the Forms 4340 to conclude that valid assessments were made).

Plaintiff has not argued or presented any evidence that the Forms 4340 suffer from technical irregularities or that the tax assessments are erroneous or lack a rational foundation.[22] Plaintiff has also not argued or presented any evidence that he is not the "responsible person" within the meaning of Section 6672, or that he did not act "willfully" in failing to collect or pay

---

[22] The only "evidence" Plaintiff presented is in the form of a Declaration to which he attached an exhibit that he declares demonstrates that the United States' Counterclaims have not been authorized and the Court does not have subject-matter jurisdiction. Because the Court has already found that it has subject-matter jurisdiction, the Court does not address the United States' argument that Plaintiff's Declaration should be stricken.

over the withheld taxes within the meaning of Section 6672. Lastly, Plaintiff has not presented

any evidence that the IRS failed to properly discharge its duties in the manner prescribed by the

applicable statutes. As such, the Court finds that Plaintiff has failed to present any evidence to

create disputes over material facts that might affect the outcome of the suit under the governing

law that precludes the entry of summary judgment.

The Court also finds Plaintiff's procedural arguments are without merit, as discussed

below, and fail to carry any probative weight in this summary judgment proceeding.

### 1.    Section 7401

Plaintiff argues that the United States has failed to present proof of its authority to

commence this civil tax enforcement action against him. This argument is without merit. The

Court incorporates its analysis regarding the United States' authority for commencing this civil

tax enforcement action. *See* Section II, *supra*. The Court finds that the United States has offered

the specific authorization required to proceed in the face of Plaintiff's denial in his Answer. As

such, there is no evidence from which a reasonable jury could find that the United States has not

satisfied the specific authorization required to proceed with its civil tax enforcement action.

The Court, therefore, recommends that Defendant United States is entitled to summary judgment

on the issue of whether or not this proceeding was authorized by the Secretary of the Treasury

and commenced at the direction of the Attorney General

### 2.    The Motion for Summary Judgment Does Not Go Beyond the Allegations in the Complaint

Plaintiff argues that the United States' Motion for Summary Judgment goes "far beyond"

the issues presented in its Counterclaims. In support, Plaintiff reasserts from his Motion for

Judgment on the Pleadings that because the United States failed to specifically plead in its

Counterclaims its compliance with what he characterizes as conditions precedent, that the United

States is precluded from referring to or demonstrating its compliance in support of its Motion for Summary Judgment. Plaintiff further argues that in doing so the United States is attempting to constructively amend its Counterclaims, which Plaintiff opposes. The Court disagrees. A motion for summary judgment is distinguishable from a motion to dismiss in that the Court considers evidence outside of the pleadings. Further, the Court has already found that there are no statutory requirements that amount to conditions precedent that the United States failed to specifically plead when commencing this tax enforcement action. *See* Section II, *supra*. Here, the United States pled in its Counterclaims that a delegate of the Secretary of the Treasury assessed against Michael Lunnon income Form 1040 taxes, penalties, interest, and statutory additions for the years 2006 through 2018 in the amount of $1,144,529.87 as of March 2, 2020.[23] *Id.* at 6-8, ¶¶ 58, 59, Exhibit B. The United States also pled that a delegate of the Secretary of the Treasury assessed against Michael Lunnon trust fund recovery penalties pursuant to 26 U.S.C. § 6672 with respect to unpaid employment (Form 941) taxes of LG Kendrick, LLC, for 2010 in the amount of $26,331.21.[24] *Id.* at 8-9, ¶ 60, Exhibit C. In its Motion for Summary Judgment, the United States does nothing more than support its factual position as to these allegations as provided for in Rule 56. *See* Fed. R. Civ. P. 56(c) (providing in pertinent part that (1) a party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B)

---

[23] The United States' Counterclaims detail the amounts owing for each year and include the tax assessed, late filing penalties, no-prepayment penalties, late payment penalties, and interest. Doc. 148 at 6-8.

[24] The United States' Counterclaims detail the amounts owing for each quarter and include the penalty assessed and interest. Doc. 148 at 9. *See also* fn. 19, *supra*.

showing that the materials cited do not establish the absence or presence of a genuine dispute, or

that an adverse party cannot produce admissible evidence to support the fact). The Court,

therefore, finds that Plaintiff's argument is unsubstantiated and that he has failed to present any

evidence from which a reasonable jury could find that the United States' Motion for Summary

Judgment goes beyond its Counterclaims.

### 3. Section 6201

Plaintiff argues that the United States' Motion for Summary Judgment "fails to address

anything at all regarding compliance with the limitations of § 6201," and that without *something*

"there can hardly be any assumption the alleged assessments were even *authorized* under

§ 6201." Doc. 256 at 4 (emphasis in original).

Section 6201 provides assessment authority and explains that

[t]he Secretary is authorized and required to make the inquiries, determinations, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing under any former internal revenue law, which have not been duly paid by stamp at the time and in the manner provided by law. Such authority shall extend to and include the following:

(1) Taxes shown on return. – The Secretary shall assess all taxes determined by the taxpayer or by the Secretary as to which returns or lists (or payments under section 6225(c)(2)(B)(i)) are made under this title.
. . .

26 U.S.C. § 6201(a)(1).

As previously discussed, the United States submitted certified copies of IRS Forms 4340

for all of the tax liability assessments and trust recovery penalties assessment made against

Plaintiff and at issue in its Counterclaims, each of which discloses the identification of the

taxpayer, the taxable period, the assessed amounts, and the character of the assessments. *See* 26

C.F.R. § 301.6203-1 (describing method of assessment and information sufficient for taxpayer to

ascertain the correctness of the assessment). In addition, the United States submitted reports the

IRS prepared to show interest accruals through January 5, 2021. *See* Doc. 250-2 at 8-16. IRS Forms 4340 are "routinely used to prove that tax assessment has in fact been made" and are "presumptive proof of a valid assessment." *Guthrie v. Sawyer,* 970 F.2d 733, 737 (10th Cir.1992) (internal quotation marks omitted); *see also Long,* 972 F.2d at 1181 ("For purposes of granting summary judgment, a Certificate of Assessments and Payments is sufficient evidence that an assessment was made in the manner prescribed by [applicable regulations]."). "If a taxpayer does not present evidence indicating to the contrary, a district court may properly rely on the forms to conclude that valid assessments were made." *Guthrie,* 970 F.2d at 737–38; *see Long,* 972 F.2d at 1181 n.9 ("The taxpayer has the burden of going forward with evidence and the burden of persuasion to overcome the presumption attaching to the Forms 4340.").

Plaintiff has not presented any evidence to overcome the presumptive correctness of the forms and reports the United States submitted in support of its Motion for Summary Judgment on its Counterclaims or to demonstrate that they were not authorized and made in the manner prescribed by Section 6201. Plaintiff's bare allegation of noncompliance, therefore, is unsubstantiated and carries no probative weight in summary judgment proceedings. The Court, therefore, finds that Plaintiff has failed to present any evidence from which a reasonable jury could find that the United States failed to comply with the assessment authority pursuant to Section 6201.

### 4. <u>Section 6672</u>

Plaintiff argues that the United States failed to plead compliance with the required elements for imposing any penalty under § 6672, and lacks the requisite approval pursuant to § 6751(b) for imposing any penalty. Doc. 256 at 4.

Section 6672 addresses the failure to collect and pay over tax, or attempt to evade or defeat tax and explains that

> [a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected or not accounted for and paid over. No penalty shall be imposed under section 6653 or part II of subchapter A of chapter 68 for any offense to which this section is applicable.

26 U.S.C. § 6672(a). Section 6672 also requires that "[n]o penalty shall be imposed under subsection (a) unless the Secretary notifies the taxpayer in writing by mail to an address as determined under section 6212(b) or in person that the taxpayer shall be subject to an assessment of such penalty." 26 U.S.C. § 6672(b).

Plaintiff's argument that the United States failed to specifically plead compliance with the required elements for imposing penalties pursuant to Section 6672 is without merit. *See* Section III, *supra*. The United States attached to its Motion for Summary Judgment evidence that it provided Forms 4340 for the trust recovery penalties assessment made against Plaintiff and at issue in its Counterclaims. Doc. 250 at 11-12, fns. 11-12 (Exhibits 2, 3); Doc. 193-2 at 1-17. In addition, the United States submitted reports the IRS prepared to show interest accruals through January 5, 2021. *See* Doc. 250-2 at 15-16. For purposes of granting summary judgment, these forms and reports are sufficient evidence that the trust fund recovery penalties were made in the manner prescribed by Section 6672. Moreover, the United States provided evidence of its compliance with the notice requirements of Section 6672, *i.e.,* that IRS revenue officer T. W. Lyons visited Plaintiff at the UPS Store in 2010 and advised Plaintiff he owed unpaid taxes, that Plaintiff acknowledged in correspondence his receipt of "Request for Payment" related to Form 941 employment taxes, and that Plaintiff had unsuccessfully

challenged the IRS collection of employment taxes in Tax Court for the four quarters of 2010. Doc. 250 at 11, 13, ¶¶ 10, 17, 18.

Finally, although the United States disputes whether or not supervisory approval pursuant to Section 6751(b)(1) is required for the assessment of Section 6672 penalties, the United States nonetheless attached to its Reply a "*Recommendation re: Trust Fund Recovery Penalty Assessment*" signed by Group Manager Ann Taylor on February 3, 2012, which provided supervisory approval for the Section 6672 penalties against Plaintiff.[25]  Doc. 259 at 6.  Plaintiff's argument, therefore, is moot.

In sum, Plaintiff has failed to present any evidence to overcome the presumptive correctness of the forms and reports the United States submitted in support of its Motion for Summary Judgment on its Counterclaims or to demonstrate that they were not authorized and made in the manner prescribed by Sections 6672 and 6751(b).  Plaintiff's bare allegation of noncompliance, therefore, is unsubstantiated and carries no probative weight in summary judgment proceedings.  The Court, therefore, finds that Plaintiff has failed to present any evidence from which a reasonable jury could find that the United States failed to comply with the statutory requirements of Sections 6672 and 6751(b) in assessing trust fund recovery penalties against Plaintiff.

### 5. <u>Section 7491(c)</u>

Plaintiff argues that his "motion also pointed out that 26 U.S.C. § 7491(c) imposed a burden of production to support any penalty claims, and no allegations were even made in the counterclaim about any of the penalties alleged."  Doc. 256 at 4.

---

[25] Section 6751 provides in pertinent part that "[n]o penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate.  26 U.S.C. § 6751(b)(1).

Section 7491 is a statute that addresses the "burden of proof" in judicial proceedings.

Section 7491(c) states

> (c) Penalties. – Notwithstanding any other provision of this title, the Secretary shall have the burden of production in any court proceeding with respect to the liability for any individual for any penalty, addition to tax, or additional amount imposed by this title.

26 U.S.C. § 7491(c).

As an initial matter, there is nothing in 26 U.S.C. § 7491 that requires the United States to separately allege in its Counterclaims any penalties that are included in the tax liabilities made against Plaintiff. That aside, the United States submitted Forms 4340 which are presumptive proof of a valid tax assessments, which include penalties and interest. As such, the United States has met any burden of production with respect to the tax liabilities assessed against Plaintiff. Moreover, Plaintiff has not disputed the accuracy of the Forms 4340 nor has he presented contradictory evidence. The Court, therefore, finds that Plaintiff's allegation of noncompliance is unsubstantiated and carries no probative weight in summary judgment proceedings. The Court further finds that Plaintiff has failed to present any evidence from which a reasonable jury could find that the United States failed to comply with the statutory requirements of Section 7491(c) in assessing tax liabilities against Plaintiff.

### 6. Bankruptcy

Lastly, Plaintiff argues that his 2018 bankruptcy and discharge are of record in this case. Doc. 256 at 5. Plaintiff argues that tax penalties are considered discharged if they occur more than three years before a bankruptcy filing and that the United States' Counterclaims alleged numerous penalties being imposed more than three years before the bankruptcy filing. *Id.* Plaintiff asserts that entry of summary judgment would violate the bankruptcy discharge injunction. *Id.*

On January 5, 2018, Plaintiff filed for Chapter 7 bankruptcy. Doc. 84. The United States Bankruptcy Court for the District of New Mexico entered an Order of Discharge on May 16, 2018. Doc. 92.

Though not specifically raised by Plaintiff, liability under 26 U.S.C. § 6672 is not dischargeable in bankruptcy regardless of whether the tax debt is reduced to judgment. *See* 11 U.S.C. §§ 523(a)(1)(a) & 507(a)(8)(C); *see also Matter of Severance,* 593 F.2d 4 (5th Cir.1979) (finding that liability under § 6672 is not dischargeable in bankruptcy). As such, the United States' civil tax enforcement action related to the trust fund recovery penalties is not impacted by Plaintiff's bankruptcy.

As for tax penalties assessed as part of the tax liabilities against Plaintiff for the years 2006 through 2018, for a tax penalty to be dischargeable, it has to have been assessed more than three years before the filing of the bankruptcy petition. *See* 11 U.S.C. § 523(a)(7)(B) (penalties are dischargeable if "imposed with respect to a transaction or event that occurred before three years before the date of filing of the petition"); *see also Roberts v. United States* (*In re Roberts*), 906 F.2d 1440, 1445 (10th Cir. 1990) (interpreting Section 523(a)(7)(B) to "hold that a penalty 'imposed with respect to a transaction or event that occurred before three years before' the bankruptcy petition is discharged in bankruptcy"). A review of the Forms 4340 for the tax years 2006 through 2012 in this case reveal that Plaintiff's bankruptcy proceedings and discharge were recorded therein and that penalties and associated interest were abated as a result. For example, for the tax year 2006, the Form 4340 indicates that late filing penalties (and associated interest) assessed in 2014 were abated in the amount of $61,996.46 (Doc. 250-3 at 56-62); for the tax year 2007, the Form 4340 indicates that late filing penalties (and associated interest) assessed in 2014 were abated in the amount of $86,841.07 (Doc. 250-3 at 63-68); for the tax year 2008, the Form

4340 indicates that late filing penalties (and associated interest) assessed in 2014 were abated in the amount of $92,985.72 (Doc. 250-3 at 69-74); for the tax year 2009, the Form 4340 indicates that late filing penalties (and associated interest) assessed in 2014 were abated in the amount of $81,078.60 (Doc. 250-3 at 75-80); for the tax year 2010, the Form 4340 indicates that late filing penalties (and associated interest) assessed in 2015 were abated in the amount of $90,897.86 (Doc. 250-3 at 81-86); for the tax year 2011, the Form 4340 indicates that late filing penalties (and associated interest) assessed in 2015 were abated in the amount of $81,585.54 (Doc. 250-3 at 87-92); and for the tax year 2012, the Form 4340 indicates that late filing penalties (and associated interest) assessed in 2015 were abated in the amount of $79,944.47 (Doc. 250-3 at 93-97). For the tax years 2013 through 2018, the Forms 4340 indicate that all of the penalties assessed were *after* January 5, 2018, and *after* Plaintiff obtained his discharge on May 16, 2018. Doc. 250-3 at 98-116. As such, any penalties and associated interest assessed in those tax years are not dischargeable as a result of Mr. Lunnon's bankruptcy. 11 U.S.C. § 523(a)(7)(B); *Roberts*, 906 F.2d at 1445.

In sum, the United States has submitted Forms 4340 which are presumptive proof of a valid tax assessments. As detailed above, they account for Plaintiff's bankruptcy and discharge and indicate that the IRS abated late filing penalties and associated interest assessed in 2014 and 2015 in the total amount of $575,329.72. Doc. 250-3 at 56-100. Plaintiff has not disputed the accuracy of the Forms 4340 nor has he presented contradictory evidence. The Court, therefore, finds that Plaintiff's bare allegation that entry of summary judgment would violate the bankruptcy discharge injunction is unsubstantiated and carries no probative weight in summary judgment proceedings. The Court further finds that Plaintiff has failed to present any evidence

from which a reasonable jury could find that entry of summary judgment would violate the United States Bankruptcy Court's Order of Discharge.

## V.  <u>Recommendation</u>

Having viewed the undisputed material facts in a light most favorable to Plaintiff, and for the reasons discussed above, the Court finds that Plaintiff has presented no evidence from which a reasonable jury could find that he can overcome the presumption that the tax liability assessments and trust fund recovery penalties assessed against him are irregular or erroneous. The Court also finds that Plaintiff has not presented any evidence from which a reasonable jury could find that he is not the "responsible person" within the meaning of Section 6672, or that he did not act "willfully" in failing to collect or pay over withheld taxes within the meaning of Section 6672.  Lastly, the Court finds that Plaintiff has not presented any evidence from which a reasonable jury could find that the IRS failed to properly discharge its duties in the manner prescribed by the applicable statutes.

For all of the foregoing reasons, and there being no genuine dispute as to any material fact, the Court recommends that the United States' Motion for Summary Judgment as to its Counterclaims be **GRANTED**.

The Court further recommends that judgment be entered against Plaintiff for tax liabilities assessed against him for the tax years 2006 through 2018 in the amount of $1,185,680.96 as of January 5, 2021, plus prejudgment and post judgment interest on those amounts at the rates set forth in 26 U.S.C. §§ 6601, 6621, and 28 U.S.C. § 1961(c) until paid.

The Court further recommends that judgment be entered against Plaintiff for trust fund recovery penalties assessed against him for the tax year 2010 in the amount of $27,185.44 as of

January 5, 2021,[26] plus prejudgment and post judgment interest on those amounts at the rates set

forth in 26 U.S.C. §§ 6601, 6621, and 28 U.S.C. § 1961(c) until paid.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**

---

[26] *See* fn. 19, *supra.*