# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MICHAEL LUNNON,

      **Plaintiff,**

    vs.                                     Civ. No. 16-1152  MV/JFR

UNITED STATES OF AMERICA, *et al.*,

      **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on the United States' Motion for Partial Summary Judgment on the Section 6213 Action, filed January 19, 2021.  Doc. 247.  Plaintiff filed a Response on February 2, 2021.  Doc. 255.  The United States filed a Reply on February 16, 2021.  Doc. 262.  This matter is also before the Court on Plaintiff's Motion for Summary Judgment Against the United States, filed January 21, 2021.  Doc. 251.  The United States filed a Response on February 4, 2021.  Doc. 258.  Plaintiff filed a Reply on February 18, 2021.  Doc. 264.  Having reviewed the parties' submissions and the relevant law, and for the reasons set forth herein, the Court finds that the United States' Motion for Partial Summary Judgment is well taken and recommends that it is **GRANTED**.  The Court further finds that Plaintiff's Motion for Summary Judgment is not well taken and recommends that it be **DENIED**.

---

[1] By an Order of Reference filed June 4, 2019 (Doc. 121), the presiding judge referred this matter to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the motions.

# I. <u>Relevant Procedural Background</u>

This action began on October 19, 2016, when Plaintiffs Michael Lunnon and LG Kendrick, LLC ("LG Kendrick"), filed a Complaint for Administrative Review, Injunctive Relief and Refund, Quiet Title, and Damages against the United States of America. Doc. 1. Plaintiffs' claims arose from a March 10, 2011, Notice of Levy on Wages, Salary, and Other Income, and a March 15, 2011, Notice of Federal Tax Lien issued by the Internal Revenue Service indicating that Plaintiff Michael Lunnon owed unpaid taxes for years 1998, 1999 and 2005. *Id.* Following various appeals and stays, on September 18, 2018, Plaintiff Michael Lunnon filed an Amended Complaint, in which he removed LG Kendrick, as a Plaintiff and added T. W. Lyons[2] and The UPS Store[3] as Defendants. Doc. 104. The Amended Complaint also removed a cause of action for quiet title, and added two causes of action, *i.e.,* Count IV against Defendant Lyons and TUPSS for RICO Violations, and Count VI against TUPSS for Bad Faith Breach of Contract.[4] *Id.* At its core, Plaintiff's Amended Complaint is based on allegations that the United States engaged in the unauthorized collection of Plaintiff's unpaid taxes. *Id.* Since the filing of his Amended Complaint, Count I (Judicial Review of Administrative Decision) has been fully dismissed (Docs. 139, 143); Count II (Refund Against Defendant United States) has been partially dismissed (Docs. 211, 235); Count III (Damages for Unauthorized Collection Against United States Under 26 U.S.C. § 7433) has been fully dismissed (Docs. 139, 143, 241, 253);

---

[2] T. W. Lyons is the IRS agent who issued the Notices that form the basis of Plaintiff's Amended Complaint. Defendant Lyons was dismissed from this action on March 23, 2020. Docs. 149, 154.

[3] L.G. Kendrick, LLC, is a New Mexico limited liability corporation of which Plaintiff is the sole member. L.G. Kendrick, LLC, was in a franchise agreement with The UPS Store and the Notice of Levy demanded that it surrender payments owed to LG Kendrick, LLC, for tax claims that were asserted to exist solely against Plaintiff. Doc. 104 at 13 (Exh. 2). Defendant The UPS Store was dismissed from this action on December 4, 2020. Docs. 231, 236.

[4] Plaintiff's Amended Complaint did not contain a Count V.

Count IV (RICO Violations by Defendants T. W. Lyons and TUPSS) has been fully dismissed (Docs. 149, 154), and Count VI (Bad Faith Breach of Contract Against TUPSS) has been fully dismissed (Docs. 231, 236).

Now before the Court are the parties' cross motions for summary judgment addressing what remains of Plaintiff's Count II.[5]

## II. United States' Motion for Summary Judgment

### A. Undisputed Material Facts

On March 10, 2011, Revenue Officer Lyons served the Notice of Levy (the "March 2011 Levy"), shown as Exhibit 2 to the Plaintiff's Amended Complaint, on Mail Boxes Etc., Inc., to collect monthly payments Mail Boxes Etc. made to LG Kendrick. Doc. 248 at 6, ¶ 5. The March 2011 Levy related only to Plaintiff's income tax delinquencies for tax years 1998, 1999 and 2005. *Id.*, fn. 6.

On July 21, 2015, Revenue Officer Lyons served the Notice of Levy (the "July 2015 Levy") to collect monthly payments Mail Boxes Etc. made to LG Kendrick. Doc. 248 at 7, ¶ 7. The first page of the July 2015 Levy related only to Plaintiff's income tax delinquencies for tax years 2006, 2007, 2008 and 2009, and to the Section 6672 penalties assessed against him for the second, third and fourth quarters of 2009 and all four quarters of 2010. *Id.,* fn. 9.

At his deposition, Plaintiff was asked "[d]o you have any evidence to support the allegations you made in your amended complaint, at ECF 104?" Plaintiff answered, "I claim the Fifth Amendment; I refuse to answer the question on the grounds it may incriminate me." Doc. 248 at 7, ¶ 9, fn. 11. Plaintiff also was asked to admit that the IRS had mailed to him

---

[5] Plaintiff's Motion for Summary Judgment raises issues related to Count III of Plaintiff's Amended Complaint. Doc. 251. On January 29, 2020, the Court partially dismissed Count III. See Docs. 139, 143. On January 22, 2021, the Court dismissed what remained of Plaintiff's Count III. See Docs. 253, 241. As such, Plaintiff's claims related to Count III are not properly before the Court. *See* Section III, *infra*.

statutory notices of deficiency for 1998, 1999 and 2005. *Id.* at 8, ¶ 10. Plaintiff again invoked his Fifth Amendment privilege. *Id.*, fn. 12. When asked to identify any evidence supporting the contention in his Amended Complaint that the IRS had not mailed him statutory notices of deficiency, Plaintiff similarly invoked his Fifth Amendment privilege. *Id.*

      **B.**    **Disputed Material Facts**

Plaintiff disputes certain of the United States' undisputed material facts as follows:

(1) The United States asserts that it is undisputed that Plaintiff did not file income tax returns or amended income tax returns for any of the tax years 1998, 1999 and 2005. Doc. 248 at 6, ¶ 1, fn. 2. In support, the United States attached the Fourth Declaration of IRS Agent Brenda Garcia, which includes three exhibits (Forms 4340 for the tax years at issue). *Id.* Plaintiff objects to the Fourth Declaration of Brenda Garcia and argues that it amounts to untimely disclosed expert opinion evidence and that the attached exhibits are inadmissible evidence under certain Federal Rules of Evidence. Doc. 255 at 1, ¶ 1.

(2) The United States asserts that the IRS sent statutory notices of deficiency to Plaintiff for each of the tax years 1998, 1999 and 2005. Doc. 248 at 6, ¶¶ 2, 3, 4, fns. 3, 4, 5. In support, the United States attached the Fourth Declaration of IRS Agent Brenda Garcia, which includes three exhibits (Forms 4340 for the tax years at issue). *Id.* Plaintiff objects to the Fourth Declaration of Brenda Garcia and argues that it amounts to untimely disclosed expert opinion evidence and that the attached exhibits are is inadmissible evidence under certain Federal Rules of Evidence. Doc. 255 at 1-2, ¶¶ 2, 3, 4.

(3) The United States asserts that between March 2011 and August 2015, the IRS both levied and credited $36,953.62 towards the tax liabilities that were listed in the March 2011 Levy. Doc. 248 at 7, ¶ 6, fn. 7. Plaintiff argues that the March 2011 levy notice was continuous and

never released by the IRS and that as of the filing of the Amended Complaint the IRS had collected $70,538.80 on a levy notice which alleged only $44,528.81. Doc. 255 at 2, ¶ 6.

(4) The United States asserts that between August 25, 2015, and December 19, 2017, the IRS both levied and credited over $36,262.62 towards the Plaintiff's tax liabilities that were listed in the July 2015 Levy. Doc. 248 at 7, ¶ 8, fn. 10. Plaintiff argues that this levy cannot be effective since the March 2011 levy notice was never released and should be deemed continuous pursuant to 26 U.S.C. § 6331(e). Doc. 255 at 2, ¶ 8.

C. **Arguments**

1. **United States' Motion**

The United States argues that it is entitled to summary judgment on several grounds. First, it argues that Plaintiff cannot seek a refund of the levied funds because, as argued in his Amended Complaint, the funds were not levied from him but from LG Kendrick. Doc. 248 at 9. As such, the United States argues that the "proper action would be an action by LG Kendrick under 26 U.S.C. 7426, seeking a return of its own purported wrongfully levied funds." *Id*. Second, the United States argues that Plaintiff's Section 6213 action is barred by his failure to comply with 26 U.S.C. § 7422, which requires that before a taxpayer may bring suit in any court for the recovery of any tax alleged to have been erroneously or illegally collected, the taxpayer must file a claim for refund. *Id.* at 10. Third, the United States argues that Plaintiff is not entitled to a refund of the funds that were lawfully levied following the issuance of statutory notices of deficiency for each of the tax years at issue because the undisputed facts demonstrate that the IRS mailed the necessary notices of deficiency required under Section 6212 for the three tax years at issue. *Id.* at 10-12. Fourth, the United States contends that because Plaintiff refused to testify at his deposition and invoked his Fifth Amendment privilege, Plaintiff is precluded

from offering rebuttal evidence. *Id.* Lastly, the United States argues that Plaintiff cannot seek a refund of funds levied pursuant to the July 2015 Levy because that levy sought collection of taxes as to different tax periods which are not at issue in Plaintiff's Amended Complaint. *Id.* at 12-13.

### 2. **Plaintiff's Response**

As set forth above, Plaintiff disputes certain of the undisputed material facts the United States submitted. Doc. 255 at 1-2. In support, Plaintiff objects to the Fourth Declaration of Brenda Garcia the United States attached in support of its undisputed material facts and argues that Ms. Garcia's statements amount to expert opinion testimony which the United States failed to timely disclose as required by Federal Rule of Civil Procedure 26. *Id.* at 2-5. Plaintiff further argues that the Forms 4340 Ms. Garcia attached to her Declaration are inadmissible hearsay because they were not authenticated by her and are inadmissible under Federal Rule of Evidence 1006 because they are mere summaries without any supporting documents. *Id.*

Plaintiff next argues that he is the proper party to seek a refund because the levied amounts belong to him and that under the alter ego determination there is no distinction between the property of LG Kendrick and himself. Doc. 255 at 5-6. Plaintiff further argues that it is undisputed that the amounts levied were credited to him, not some third-party, thereby making the United States' argument that the proper action is for LG Kendrick to seek a refund pursuant to 26 U.S.C. § 7426 as "specious."[6] *Id.*

---

[6] Plaintiff notes in a footnote that the "[t]he Court also already rejected defendant's arguments about any application of 26 U.S.C. § 7426 (third-party unlawful levy)." Doc. 255 at 6, fn. 4 (citing Doc. 139, p. 18). Plaintiff's footnote, however, is misleading. When the United States initially moved to dismiss Plaintiff's Count II, it argued, *inter alia*, that if the Court were to liberally construe Plaintiff's second cause of action as a wrongful levy action under 26 U.S.C. § 7426, that it would fail because Plaintiff lacked standing to bring a third-party claim and because any action pursuant to 26 U.S.C. § 7426(a)(1) was time-barred by the 90-day statute of limitation provided in 26 U.S.C. § 6532(c). Doc. 139 at 15. The Court rejected the United States' argument explaining that Plaintiff had clearly articulated the basis of his refund claim as 26 U.S.C. § 6213 "and does not refer to 26 U.S.C. § 7426(a) anywhere in his Amended Complaint

Plaintiff contends that his refund claim is not barred by Section 7422 for failure to file an administrative claim because Section 6213(a) explicitly states that any relief sought pursuant to Section 6213(a) is "under the provisions of [6213(a)]." Doc. 255 at 6. Plaintiff also contends that the United States omits a critical part of Section 7422 which provides that the United States must demonstrate compliance with "provisions of the law" in regard to claims of illegal assessments/collections in violation of § 6213 and have failed to do so. *Id.*

Plaintiff asserts that he is entitled to a refund under Section 6213(a) because the United States has failed to provide any admissible evidence of mailing statutory notices of deficiency for the tax years 1998, 1999 and 2005. Doc. 255 at 6-7.

Finally, Plaintiff asserts that the 2015 Levy never took effect because the March 2011 Levy was never released. Doc. 255 at 7-8. Plaintiff, therefore, argues that all of the amounts levied are attributed to the March 2011 levy and that he is entitled to a refund of the surplus proceeds collected pursuant to 26 U.S.C. 6342(a). *Id.*

### 3. United States' Reply

The United States replies that although Plaintiff raises objections to the evidence presented in support of its Motion for Partial Summary Judgment, Plaintiff has ultimately failed to produce evidence by declaration or other admissible manner to create an issue of fact. Doc. 262 at 1-2. Specifically addressing each of Plaintiff's objections/arguments, the United States begins by asserting that the Forms 4340 attached to Ms. Garcia's Declaration are proper evidence of tax assessments and that the Federal Rules of Evidence do not render them inadmissible. *Id.* at 2. The United States next asserts that Ms. Garcia's Declaration does not amount to expert testimony and that her testimony stems from her experience as a revenue agent,

---

or his Response." *Id.* at 18. The Court, therefore, chose not to construe Plaintiff's Amended Complaint as stating a claim pursuant to 26 U.S.C. § 7426(a). *Id.*

which she uses to describe what she observes in the Forms 4340. *Id.* The United States contends that the levied funds at issue belonged to LG Kendrick and that LG Kendrick is the proper party to seek a refund. *Id.* at 3. The United States contends that the scope of Section 7422 is expansive and Plaintiff has failed to present any evidence that he has complied with its requirements before seeking a refund. *Id.* The United States asserts that it has presented evidence that statutory notices of deficiency were mailed to Plaintiff. *Id.* at 3-4. Lastly, the United States argues that Plaintiff's declarations in support of his opposition are invalid in the face of asserting his Fifth Amendment privilege during his deposition. *Id.* at 4-5.

### D. <u>Legal Standard</u>

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c*); see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party makes a proper summary judgment challenge, the "opposing party may not rely merely on allegations or denials in its own pleading; rather its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2); *see Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Unsubstantiated allegations carry no probative weight in summary judgment proceedings. To defeat a motion for summary judgment, evidence, including testimony, must be

based on more than mere speculation, conjecture, or surmise." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) (citation omitted). In ruling on a motion for summary judgment, a Court does not weigh the evidence or make credibility determinations, *see Anderson*, 477 U.S. at 249, but determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law," *id.* at 251-52. And in making this determination, the Court must construe all facts in the record, as well as the reasonable inferences that can be drawn from those facts, in a light most favorable to the nonmoving party. *See Worrell v. Henry*, 219 F.3d 1197, 1204 (10th Cir. 2000).

The Court's analysis is no less stringent where, as here, the parties file cross-motions for summary judgment. *See Hospice of New Mexico, LLC v. Sebelius,* 691 F.Supp.2d 1275, 1286 (D.N.M. 2010) (explaining that "cross-motions for summary judgment do not automatically empower the court to dispense with the determination whether questions of material fact exist. They require no less careful scrutiny than an individual motion.") (internal quotation marks omitted). Even so, when faced with cross-motions for summary judgment, the Court is "entitled to assume that no evidence needs to be considered other than that filed by the parties." *James Barlow Family Ltd. P'ship v. David M. Munson, Inc.,* 132 F.3d 1316, 1319 (10th Cir.1997) (citation omitted). Further, "[t]o the extent the cross-motions overlap," the Court is permitted to "address the [parties'] legal arguments together." *Berges v. Std. Ins. Co.,* 704 F.Supp.2d 1149, 1155 (D. Kan. 2010).

Where, as here, a party is proceeding *pro se*, the Court is to liberally construe his pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). "But the court [is] not [to] 'assume the role of advocate for the pro se litigant.'" *Baker v. Holt*, 498 F. App'x 770, 772 (10th Cir. 2012) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Accordingly,

the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). In other words, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110.

### E. <u>Analysis</u>

Plaintiff's Second Cause of Action in his Amended Complaint reads in pertinent part as follows:

> 17. Prior to defendant issuing its Notice of Levy, no district director or service center director had issued any Notice(s) of Deficiency to plaintiff regarding the claims made, as required under 26 U.S.C. §6212 and 26 C.F.R. § 301.6212-1. Its forced, levy collection action was in violation of 26 U.S.C. § 6213(a) (no assessment or collection action allowed absent valid notice of deficiency).

> 18. 26 U.S.C. § 6213(a) expressly provides for automatic refunds of monies collected in violation of the statute ("and a refund may be ordered by such court of any amount collected within the period during which the Secretary is prohibited from collection by levy . . . under the provisions of this subsection.")

> 19. Prior to defendant issuing its Notice of Levy, it also did not issue plaintiff (or LG Kendrick) any Notice of Right to a Collection Due Process Hearing regarding its claims, as required under 26 U.S.C. § 6330. Its forced collection action is therefore in violation of 26 U.S.C. § 6330(a).

> 20. Pursuant to 26 U.S.C. § 6213(a), plaintiffs [sic] seek an automatic refund of all funds taken by defendant, plus any statutory interest. As of the date of this Complaint, defendant has collected $70,538.80 (on a levy notice which alleged only $44,528.81 was purportedly due).

Doc. 104 at 4-5.

The Court previously dismissed ¶ 19 of Plaintiff's Count II. Docs. 211, 235. Thus, the first issue before the Court is whether the IRS has provided sufficient evidence that notices of deficiency for the tax years 1998, 1999 and 2005 existed and were mailed to Plaintiff as required by 26 U.S.C. § 6212. If so, Plaintiff's refund claim necessarily fails because the IRS did not

10

collect funds in violation of the statute's terms and the United States is entitled to judgment as a matter of law. If not, the issue is whether Plaintiff has legal standing to seek a refund pursuant to 26 U.S.C. § 6213(a) of the alleged improperly levied funds from his alter ego LG Kendrick.

The Court commences its consideration of the first issue by reviewing the applicable statutory provisions. The notice of deficiency begins the interaction between the taxpayer and the IRS. *Guthrie v. Sawyer*, 970 F.2d 733, 735 (10th Cir. 1992). Upon the determination that a tax deficiency exists, 26 U.S.C. § 6212 authorizes the IRS to send a notice of the deficiency to the taxpayer. *Id.* (citing 26 U.S.C. § 6212). "The IRS must send a deficiency notice to the taxpayer's last known address by certified mail or registered mail . . . . The IRS satisfies this obligation if it mails the notice to the taxpayer's last known address, even if the taxpayer does not actually receive the notice." *Walcott v. United States*, 782 F. App'x 728, 731–32 (10th Cir. 2019) (quoting *Cropper v. Comm'r*, 826 F.3d 1280, 1285 (10th Cir. 2016) (citation and internal quotation marks omitted)). If, however, "the IRS fails to prove that it properly mailed a deficiency notice, any tax assessment based on that notice is invalid." *Id.*; *see also* 26 U.S.C. § 6213(a) (requiring IRS to notify taxpayer of deficiency and permit timely petition for redetermination before assessing tax liability). Under 26 U.S.C. § 6213, the taxpayer ordinarily has ninety days after the mailing of the notice of deficiency to file a petition in the Tax Court challenging the deficiency determination. *Id.* (citing 26 U.S.C. § 6213). If the taxpayer goes to Tax Court, he may obtain a redetermination of deficiency, which amount is not assessed or required to be paid until the Tax Court decision has become final. *Id.* (citing 26 U.S.C. §§ 6213(a), 6215). But if the taxpayer does not file a petition, the IRS can make a deficiency assessment 90 days after the notice was mailed. *Walcott,* 782 F. App'x at 731-32. If a taxpayer alleges that the IRS levy occurred and collections were made without any notice of deficiency

11

being mailed to the taxpayer, the taxpayer aggrieved by collection activities may sue to recover the funds via a refund that had already been collected unlawfully. *Walcott v. United States*, 2017 WL 2901712, at \*4 (D. Colo. July 7, 2017).

To satisfy its burden, therefore, the United States must show that deficiency notices for the relevant tax years existed and were properly mailed to the taxpayer. *Cropper*, 826 F.3d at 1285. The United States bears the burden of proving that the IRS properly mailed a notice of deficiency "by competent and persuasive evidence." *Id.* (quoting *Welch v. United States*, 678 F.3d 1371, 1378 (Fed. Cir. 2012)). The United States is entitled to a rebuttable presumption of proper mailing if it "(a) shows that the notice of deficiency existed and (b) produces a properly completed Postal Form 3877 certified mail log (or equivalent)." *Id; see also United States v. Meyer*, 914 F.3d 592, 594 (8th Cir. 2019) (citing *O'Rourke v. United States*, 587 F.3d 537, 540 (2d Cir. 2009) (per curiam)). The United States may also meet its burden with evidence that is "otherwise sufficient." *O'Rourke,* 587 F.3d at 540. "[S]ufficiently corroborative evidence in the form of testimony, correspondence, habit evidence, or otherwise" will establish both "the existence of the notice of deficiency and of timely mailing." *Meyer*, 914 F.3d at 594 (quoting *Welch*, 678 F.3d at 1380).

1. **Plaintiff's Objections to the Fourth Declaration of Brenda Garcia and the Attached Exhibits Are Unfounded**

To begin, the Court finds that Plaintiff's objections regarding the Fourth Declaration of Brenda Garcia and the attached exhibits are unfounded and recommends that they be overruled.

In her Declaration, Ms. Garcia states her position with the IRS, describes her official duties and responsibilities, details her authorized access to electronic taxpayer records, and explains her assigned partial responsibility in overseeing the collection of Plaintiff's tax liabilities. Doc. 248-2 at 1-2, ¶¶ 1-3. Ms. Garcia identifies three exhibits attached to her

Declaration, *i.e.,* Forms 4340 for the tax years 1998, 1999 and 2005, and provides information regarding the nature of the forms, when the information in the forms was created, who provided the information contained in the forms, and how taxpayer information is stored by the IRS during the normal course of its official business. *Id.* at 2-3, ¶¶ 4-7. Based on the information as recorded in the Forms 4340, Ms. Garcia declares that it demonstrates Plaintiff did not file income tax returns for the tax years 1998, 1999 and 2005, and that statutory notices of deficiency were sent to Plaintiff for each of those tax years. *Id.* at 3, ¶¶ 7-10.

### a.     <u>Ms. Garcia's Declaration Is Not Expert Testimony</u>

Plaintiff first argues that Ms. Garcia's statements in her Declaration amount to expert opinion testimony and that the United States failed to timely disclose her as an expert witness. Doc. 255 at 2-5. As such, Plaintiff asserts that Ms. Garcia's testimony must be disregarded. *Id.* In support, Plaintiff contends that Ms. Garcia's Declaration lacks the requisite personal knowledge in the creation of the Forms 4340 necessary for lay witness testimony thereby rendering her statements "specialized knowledge." *Id.* at 3, fn. 1. For example, Plaintiff asserts that Ms. Garcia did not prepare the Forms 4340, that the Declaration consists of conclusory statements about the contents of the Forms 4340, and that Ms. Garcia fails to show that she had any personal knowledge of how the Forms 4340 were created. *Id.* at 3. In the absence of personal knowledge, Plaintiff asserts that Ms. Garcia's testimony can only amount to expert witness testimony that is admissible under Federal Rule of Evidence 702. *Id.*

The Court is not persuaded and finds that Ms. Garcia's Declaration is factual in nature. Notably, Ms. Garcia was not hired by the United States to help the trier of fact to understand technical, scientific or specialized evidence, *e.g.,* she is not providing testimony on relevant regulatory practices or details about tax preparation. *See* Fed. R. Evid. 702; *see also United*

*States v. Clark*, 2014 WL 12823950, at*2 (N.D. Tex. June 27, 2014) (describing that educating a

jury as to relevant regulations and providing details about tax preparation are appropriate

subjects for expert testimony). Nor does Ms. Garcia's Declaration contain a statement of

opinions she intends to offer or provide an explanation of reliable principles and methods she

applied to data to form an expert opinion. *Id.* To the contrary, the Declaration contains no

opinions at all. Instead, Ms. Garcia declares she is an IRS employee assigned to the collection of

Plaintiff's tax liabilities and is authorized to access Plaintiff's electronic taxpayer information.

Further, Ms. Garcia's Declaration is limited to evidence concerning the standard operating

procedures and practices of the IRS as it relates to the IRS's electronic tax data and as contained

in the Forms 4340. Ms. Garcia's Declaration, therefore, is purely *factual* in nature. *See*

*generally United States v. Burlington Res. Oil & Gas Co.*, 20000 WL 1058972, at *7 (S.D. Tex.

May 18, 2000) (finding that to the extent an individual offers evidence concerning what the

standard operating procedure of the IRS was at the time in issue, the evidence is "factual" in

nature and may be admissible, if probative to a material issue of fact, pursuant to Federal Rules

of Evidence 402 and 406); *see also Welch*, 678 F.3d at 1380 (finding that corroborative evidence

in the form of testimony and habit will establish both "the existence of the notice of deficiency

and of timely mailing"). As such, the Court finds that Plaintiff's objection to Ms. Garcia's

Declaration on the ground that it amounts to undisclosed expert opinion evidence is unfounded

and recommends that it be overruled.

### b. The Forms 4340 Attached to Ms. Garcia's Declaration Are Admissible Evidence

Plaintiff next argues that the Forms 4340 attached to Ms. Garcia's Declaration are

inadmissible hearsay evidence because they are not authenticated by Ms. Garcia, and that the

Forms 4340 are inadmissible pursuant to Federal Rule of Evidence 1006 because they are merely

summaries without any documents offered in support.  Doc. 255 at 3.  The Court is not

persuaded.  First, the Tenth Circuit has rejected the argument that IRS certificates of assessment

are inadmissible hearsay.  *Walcott*, 782 F. App'x at 733 (citing *Long v. United States*, 972 F.2d

1174, 1181 (10th Cir. 1992) and *United States v. Fletcher*, 322 F.3d 508, 518 (8th Cir. 2003)

(holding IRS records of assessments or liens levied against taxpayers are admissible under the

public records and reports exception to the hearsay rule)).  Further, Forms 4340, signed and

sealed by an authorized delegate of the Secretary of the Treasury, as is the case here, carry a

presumption of correctness and are routinely used to prove that a tax assessment has been made.

*See March v. IRS,* 335 F.3d 1186, 1188 (10th Cir.2003); *see also Guthrie,* 970 F.2d at 737.

Lastly, Forms 4340 are admissible into evidence as self-authenticating official records of the

United States. *See* Fed. R. Evid. 803(8) and 902(1); *United States v. Welch*, 2013 WL 1444053,

at *11 (D. Colo. Mar. 13, 2013), *report and recommendation adopted*, 2013 WL 1442627 (D.

Colo. Apr. 8, 2013).

     Plaintiff's argument with respect to Rule 1006 is equally misplaced.  Rule 1006 by its

terms applies when a party is not attempting to have real evidence received, but instead is

attempting to introduce a summary of that evidence.[7]   However, official documents, such as IRS

forms, are probative evidence in and of themselves and, in the absence of contrary evidence, are

sufficient to establish that notices and assessments were properly made.  *Hughes v. U.S.,* 953

---

[7] Rule 1006 provides, in relevant part:

> The contents of voluminous writing, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation.  The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place.

Fed. R. Evid. 1006.  The materials upon which the summary is based need not themselves be admitted into evidence, but the admission of summaries is conditioned on the requirement that the evidence upon which they are based, if not admitted, must be admissible.  *U.S. v. Samaniego*, 187 F.3d 1222, 1223 (10th Cir. 1999) (citing *Harris Mkt. Research v. Marshall Mktg. & Communications Inc.,* 948 F.2d 1518, 1525 (10th Cir. 1991)).

F.2d 531, 540 (9th Cir. 1992) (citations omitted); *see also Freeman v. U.S.*, 2005 WL 3132185,

*2 (S.D. Tex. Nov. 22, 2005) (Federal Rule of Evidence 1006 does not render the Form 4340

inadmissible).  Thus, because the Forms 4340 are not merely a summary record of proof, but are

themselves proof that assessments were made, Rule 1006 does not render them inadmissible.  *Id.*

As such, the Court finds that Plaintiff's objection to Ms. Garcia's Declaration on the ground that

the Forms 4340 are inadmissible is unfounded and recommends that it be overruled.

> **2.  The United States Has Presented Sufficient Evidence That Plaintiff Did Not File Tax Returns for the Tax Years 1998, 1999 and 2005**

The Court finds that the United States has presented undisputed material evidence that

Plaintiff did not file income tax returns for the tax years 1998, 1999 and 2005.  Here, Ms. Garcia

attached Forms 4340 to her Fourth Declaration which show no entry for a taxpayer return and the

Commissioner's creation of a "Substitute for Return" for each of the tax years at issue.  Doc.

248-2 at 5, 17, 29.  "The Tax Court has repeatedly confirmed that a Form 4340 can provide the

basis for finding that a taxpayer has not filed a return."  *Wheeler v. C.I.R.*, 446 F. App'x 951, 953

(10th Cir. 2011) (unpublished) (citing *Hazel v. Comm'r, T.C.M. (RIA)* 2008-134, 2008 WL

2095414 at *2-3 (TC. 2008) (collecting cases)).  As explained in *Hazel*:

> A form 4340 is a literal transcript containing tax data from an Internal Revenue Service (IRS) master file associated with a particular taxpayer.  An IRS master file is opened by the filing of a tax return or (when a taxpayer has not filed a return) by the Commissioner's creating a substitute for return (SFR).  Therefore, a Form 4340 contains return filing information, such as whether a return has been filed or an SFR has been prepared.  Such information is one of the "other matters" described in the titled of the Form 4340.

*Hazel,* 2008 WL 2095414 at *3 (citations omitted).  Where, as here, "the IRS master file and

thus the Form 4340 were opened by the preparation of the SFR . . . and there is no entry

indicating petitioner filed a timely return," a finding that the petitioner did not file a return is proper. *Id.*

Plaintiff has offered no evidence to create a factual dispute that he did not file income tax returns for the tax years 1998, 1999 and 2005, and the Court has found his objections to the United States' evidence and undisputed material facts are unfounded. *See* Section II.E.1., *supra*. As such, viewing the evidence in a light most favorable to the nonmoving party, the Court finds that no reasonable factfinder could find that Plaintiff has carried his burden of proving that he filed tax returns for the relevant years. Accordingly, the Court recommends that summary judgment be granted in favor of the United States that Plaintiff did not file tax returns for the tax years 1998, 1999 and 2005.

### 3. The United States Has Established Both the Existence of and Proper Mailing of Notices of Deficiency for the Tax Years 1998, 1999 and 2005

The United States attached the Fourth Declaration of Brenda Garcia to its Motion for Partial Summary Judgment to support its undisputed material facts that the IRS mailed notices of deficiencies to Plaintiff for the tax years 1998, 1999 and 2005. Doc. 248-2. Attached to Ms. Garcia's Fourth Declaration are Forms 4340 for the tax years 1998, 1999 and 2005. *Id.* The Forms 4340 contain Plaintiff's taxpayer information including, *inter alia,* (1) when the substitutes for return were created; (2) when delinquency notices were issued; (3) when tax penalties and additional tax was assessed "per default of 90 day letter"; (4) when statutory notices of balances due were issued; (5) when collection due process levy notices were issued; (6) when Plaintiff requested collection due process hearings; (7) when collection due process hearing decisions were issued; and (8) when statutory notices of intent to levy were issued. Doc. 248-2.

The United States also referenced in its Motion for Partial Summary Judgment a previously docketed Declaration of Brenda Garcia dated October 6, 2017, in support of its undisputed material facts that the IRS mailed notices of deficiencies to Plaintiff for the tax years 1998, 1999 and 2005.  Doc. 248, at 6, ¶¶ 2-4, fns. 3-5 (referring to Doc. 68).  Attached to that Declaration are three exhibits.  Docs. 68-1, 68-2 and 68-3.  Ms. Garcia declared therein that

> Exhibit 1 is a true and correct copy of the Notice of Deficiency regarding Plaintiff's income tax liability for 2005, that was mailed to Plaintiff by certified mail, on February 25, 2008, to his address at 1300 W. I40 Frontage 200, Gallup, NM 87301-5353500.

Doc. 68 at 2, ¶ 4.  Ms. Garcia further declared that the examination files for 1998 and 1999 were in storage and that although requested those files "did not arrive in time for the United States to incorporate any documents from those files into its Surreply [to Plaintiffs' Application for a Temporary Restraining Order and Preliminary Injunction]."  *Id.* at 2, ¶ 5.  Ms. Garcia went on to declare that

> 5. . . . I was able to verify that the IRS sent out Notices of Deficiency for 1998 and 1999 by contacting IRS employee Paul Tribe, a Technical Coordinator in the Ogden Exam Operation.  As discussed in more detail below, he was able to look for particular codes in the IDRS to verify that Notices of Deficiency were mailed to Mr. Lunnon for 1998 and 1999. Those codes do not indicate how the Notices of Deficiencies were sent to Mr. Lunnon (*e.g.*, certified mail).  However, it is standard practice at the IRS to send Notices of Deficiency to taxpayers by certified mail to the taxpayer's last known address.
>
> 6. The IRS relies on the Integrated Data Retrieval System (IDRS) to store and track taxpayer information. As transactions, such as assessments or payments, occur on a taxpayer's account for a particular tax period, the transactions are electronically recorded in IDRS. IRS employees, including me, can then access the information through a computer terminal.  IDRS is the IRS's routing method of keeping track of most taxpayer information, as well as its routine way of retrieving and reviewing that information.  IDRS has a number of different "modules" or computer commands to display different types of information or perform calculations as the user requires.  In an IDRS printout, a disposal code of 10 used in conjunction with a TC300 posting means that the IRS issued the taxpayer a Notice of Deficiency for that year and the taxpayer did not file a petition challenging the deficiency in the United States Tax Court.

7.  Attached as Exhibit 2 is the printout from the IDRS of Mr. Lunnon's 1998 liability showing disposal code 10 associated with the TC300 code was entered on July 12, 2004.  This means that a Notice of Deficiency was mailed to Mr. Lunnon, on July 12, 2004, for his 1998 liability, but he did not file a petition with the United States Tax Court about this liability.  As previously discussed in paragraph 5, it is standard practice at the IRS to mail Notices of Deficiency by certified mail to the taxpayer's last known address.

8.  Attached as Exhibit 3 is the printout from the IDRS of Mr. Lunnon's 1999 liability showing disposal code 10 associated with the TC300 code was entered on February 3, 2003.  This means that a Notice of Deficiency was mailed to Mr. Lunnon, on February 3, 2003, for his 1999 liability, but he did not file a petition with the United States Tax Court about this liability.  As previously discussed in paragraph 5, it is standard practice at the IRS to mail Notices of Deficiency by certified mail to the taxpayer's last known address.

Doc. 68 at 2-3.

Plaintiff's objections aside, *see* Section II.E.1, *supra*, Plaintiff argues that the IRS's inability to produce actual copies of the deficiency notices for 1998 and 1999 is evidence that they do not exist.  Doc. 255 at 4, fn. 3.  Plaintiff  also argues that the evidence the United States submitted fails to state what address was used for any purported mailing.  *Id.*

### a.    <u>1998 and 1999 Tax Years</u>

The United States did not produce copies of the notices of deficiency for the 1998 and 1999 tax years.[8]  Instead, it submitted Ms. Garcia's Declarations, IDRS printouts that indicate

---

[8] Plaintiff cites *Brutsche v. C.I.R.*, 585 F.2d 436, 442 (10th Cir. 1978) for the premise that the inability to find a record is evidence of its non-existence.  Doc. 255 at 4, fn. 3.  Plaintiff's reliance on this case is misplaced.  In *Brutsche*, the issue was whether taxpayers made a valid Subchapter S election.  *Id.* at 438.  If they did, they were liable for any properly assessed tax deficiencies arising from corporate activities.  *Id.*  If they did not, the corporation, not the individual taxpayers, were liable.  *Id.*  By way of background, the IRS initially rejected the corporation's Subchapter S election due to incomplete information and sent a letter to that effect that required a response.  *Id.* at 440.  Taxpayer shareholders argued, *inter alia,* that they did not respond thereafter with the necessary shareholders' consent to the election making any initial election invalid.  *Id.*  The Tenth Circuit determined that the taxpayers had presented direct evidence that the shareholders' original attempt to consent to the corporation's Subchapter S election was initially unsuccessful, and that in order to show that no later consent was filed conforming to the demands of the IRS rejection letter, taxpayers had to prove the nonexistence or nonoccurrence of any such later consent.  *Id.* at 442.  The Tenth Circuit determined that all the direct and circumstantial evidence possibly available proved the nonexistence of the later consent because the IRS Commissioner testified that "absolutely no verification" of such later consent could be found and because the IRS Commissioner stipulated that he was unable to find the correspondence in question despite a diligent search of his administrative files.  *Id.*  Additionally, the taxpayer testified directly that he did not respond to

particular codes which verify that notices of deficiency were mailed to Plaintiff for each of the relevant tax years, and Forms 4340.  Docs. 248-2 and 68 at 2-3, ¶¶ 5-8 (Exhs. 2 and 3). Although the IDRS printouts do not indicate how the notices were mailed or identify the specific address to which they were mailed, Ms. Garcia declared that "it is standard practice at the IRS to mail Notices of Deficiency by certified mail to the taxpayer's last known address." *Id.* Additionally, the Forms 4340 indicate, *inter alia*, that the IRS mailed notices of deficiency to Plaintiff, that assessments were made "per default of 90 day letter," that collection due process levy notices were issued "return receipt signed," that timely requests for collection due process hearings were requested, and that decision letters related to the collection due process hearings were issued.  Doc. 248-2 at 4-27.

The Court finds that the United States has met its burden to present the requisite "otherwise sufficient evidence" that notices of deficiency for the tax years 1998 and 1999 both existed and were properly mailed to Plaintiff at his last known address.  *See Meyer*, 914 F.3d at 595 (finding that production of a case history report and the Form 4340 established both the existence and mailing of the notice of deficiency); *see also United States v. Ahrens,* 530 F.2d 781, 785 (8th Cir. 1976) (quoting *United States v. Chemical Foundation, Inc.,* 272 U.S. 1, 14–15, 47 S.Ct. 1, 6–7, 71 L.Ed. 131 (1926)) (finding that as a general rule the United States is entitled to "the presumption of official regularity," which is that " 'in the absence of clear evidence to the contrary, courts presume that [public officers] have properly discharged their official duties.' ");

---

the rejection letter.  *Id.*  Here, however, the direct and circumstantial evidence, *i.e.,* the declarations of Brenda Garcia, the IDRS printouts, and the Forms 4340, verify the existence and mailing of the notices of deficiency, and Plaintiff has failed to present any direct or circumstantial evidence to prove otherwise.

*Welch*, 678 F.3d at 1371 (finding that corroborative evidence in the form of testimony . . . habit evidence will establish both "the existence of the notice of deficiency and of timely mailing").

Additionally, when the deficiency relates to income taxes, the notice will be deemed "sufficient" if it is mailed to the taxpayer's "last known address." *Mabbett v. Comm'r.*, 610 F. App'x 760, 763 (10th Cir. 2015) (citing 26 U.S.C. 6212(b)(1); *see also Armstrong v. Comm'r*, 15 F.3d 970, 973 (10th Cir. 1994) ("A notice of deficiency is valid, even if it is not received by the taxpayer, if it is mailed to the taxpayer's 'last known address'"); *Guthrie*, 970 F. 2d at 737 ("The IRS satisfies its obligation to mail a notice of deficiency if the notice is sent to the taxpayer's last known address, even if the taxpayer does not actually receive the notice). Generally, "a taxpayer's last known address is the address that appears on the taxpayer's most recently filed and properly processed Federal tax return, unless the [IRS] is given clear and concise notification of a different address." 26 C.F.R. § 301.6212–2(a). The last known address rule "gives the IRS a safe harbor by permitting constructive notice where, for instance, the taxpayer has failed to inform the [IRS] of a change of address. Congress was concerned that requiring actual notice in such cases would impose an almost impossible burden on the IRS to keep track of every taxpayer's whereabouts." *Mabbett*, 610 F. App'x at 763 (quoting *Gyorgy v. Comm'r,* 779 F.3d 466, 473 (7th Cir.2015) (citation and quotations omitted)).

Based on the foregoing, the Court finds that the United States has established with sufficient evidence a rebuttable presumption of the existence and proper mailing of notices of deficiency for the tax years 1998 and 1999. The burden, therefore, shifts to Plaintiff to rebut the presumption by "clear and convincing evidence." *Id.* (citing *Welch*, 678 F.3d at 1378). Plaintiff has failed to present any evidence at all and the Court has found his objections to the United States' evidence and undisputed material facts are unfounded. *See* Section II.E.1., *supra*. As

such, viewing the evidence in a light most favorable to the nonmoving party, the Court finds that

no reasonable factfinder could find that Plaintiff has carried his burden of proving that notices of

deficiency for the 1998 and 1999 tax liabilities did not exist and were not mailed.  Accordingly,

the Court recommends that summary judgment be granted in favor of the United States on the

issue of whether notices of deficiency existed and were properly mailed to Plaintiff for the 1998

and 1999 tax years.  *See Celotex*, 477 U.S. at 322 (summary judgment warranted against a party

who "fails to make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial"); *Anderson*, 477 U.S.

at 248 (evidence must be "such that a reasonable jury could return a verdict for the nonmoving

party").

### b.    2005 Tax Year

The United States has produced an actual copy of the Notice of Deficiency for the 2005

tax year.  Doc. 68 at 2, ¶ 4 (Exh. 1).  The United States has also produced a Form 4340 for the

2005 tax year that indicates, *inter alia*, the IRS mailed a delinquency notice, assessed additional

taxes "by examination audit deficiency, 90 day letter undeliverable";[9] and that collection due

process levy notices were issued "return receipt signed."  Doc. 248-2 at 28-35.  The United

States, therefore, has established a rebuttable presumption of the existence and proper mailing of

the Notice of Deficiency for that year.  *See Cropper,* 826 F.3d at 1285*; see also Meyer*, 914 F.3d

at 595.  Because the presumption applies, the burden shifts to Plaintiff to rebut the presumption

by "clear and convincing evidence."  *Id.* (citing *Welch*, 678 F.3d at 1378).

---

[9] The fact that notices of deficiency are "returned to the IRS as 'undeliverable' does not render the notice of deficiency ineffective.... [S]uch notices are valid irrespective of their receipt as long as they are sent to a taxpayer's last known address." *Gille v. United States,* 33 F.3d 46, 48 (10th Cir.1994); *Guthrie,* 970 F.2d at 737 ("The IRS satisfies its obligation to mail a notice of deficiency if the notice is sent to the taxpayer's last known address, even if the taxpayer does not actually receive the notice); *see* 26 U.S.C.A. § 6212(b)(1).

Plaintiff has failed to present any evidence at all to rebut the presumption that a Notice of Deficiency for the tax year 2005 existed and was properly mailed to him, and the Court has found his objections to the United States' evidence and undisputed material facts are unfounded. *See* Section II.E.1., *supra*. The Court, therefore, finds that the United States has presented undisputed material evidence to establish both the existence of and proper mailing of a Notice of Deficiency for the 2005 tax year. As such, viewing the evidence in a light most favorable to the nonmoving party, the Court finds that no reasonable factfinder could find that Plaintiff has carried his burden of proving that a Notice of Deficiency for the 2005 tax liabilities did not exist or was not properly mailed. Accordingly, the Court recommends that summary judgment be granted in favor of the United States on the issue of whether a Notice of Deficiency was mailed for the 2005 tax year. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

### 4. The United States Is Entitled to Judgment As a Matter of Law on Plaintiff's Refund Claim

Plaintiff's claim for a refund pursuant to 26 U.S.C. § 6213(a) is based on his allegation that "no district director or service center director had issued any Notice(s) of Deficiency to plaintiff regarding the claims made, as required under 26 U.S.C. §6212." Doc. 104 at 4, ¶ 17. 26 U.S.C. § 6213 provides in pertinent part:

> Within 90 days . . . after the notice of deficiency authorized in section 6212 is mailed . . . , the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. . . . [N]o assessment of a deficiency in respect of any tax imposed . . . and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day . . . period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. . . . [T]he making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court, and a *refund may be ordered by such court of any amount collected within the period which the Secretary is prohibited from collection by levy or through a proceeding a court under the provision of this subsection*. . . .

26 U.S.C. § 6213(a) (emphasis added).  The Court has found that the United States has provided

sufficient evidence to create a rebuttable presumption of the existence and proper mailing of

notices of deficiency for the tax years 1998, 1999 and 2005.  *See* Section II.E.3., *supra*.

Moreover, Plaintiff has offered no evidence to rebut the presumption.  Instead, Plaintiff objects to

the evidence the United States offered on grounds of undisclosed expert opinion testimony and

inadmissibility of Forms 4340.  The Court, however, has found that Plaintiff's objections are

unfounded.  *See* Section II.E.1., *supra*; *see also Walcott v. United States*, 2018 WL 5982142, at

*3–4 (D. Colo. Nov. 13, 2018), aff'd, 782 F. App'x 728 (10th Cir. 2019) (finding that evidentiary

objections are not a substitute for the production of evidence).  Further, Plaintiff has failed to

identify any inaccuracies presented in the Notice of Deficiency and Form 4340 for 2005, or in

the IDRS printouts and Forms 4340 for the tax years 1998 and 1999, all of which is sufficient

evidence to establish the existence and proper mailing of the notices of deficiency.  *Meyer*, 914

F.3d at 595.

Viewing the evidence in a light most favorable to the nonmoving party, the Court finds

that no reasonable factfinder could find that Plaintiff has carried his burden of proving that the

IRS collected funds in violation of the provisions of 6213(a).  The Court, therefore, recommends

that summary judgment be entered in favor of the United States on Plaintiff's claim for a refund

pursuant to 26 U.S.C. § 6213(a) because, in the face of properly mailed notices of deficiency, the

IRS did not violate the provisions of Section 6213(a) when it levied and collected funds pursuant

to the March 2011 Levy.  *Walcott*, 2017 WL 2901712, at *3-5 (finding that § 6213(a)

contemplates a proceeding "in the proper court, including the Tax Court," by which a taxpayer

can seek a refund of funds that were collected by a levy *in violation of that section's terms* and

granting summary judgment on claim for refund pursuant to § 6213(a) where plaintiff failed to

present any evidence to rebut the presumption that notices of deficiency existed and were properly mailed as required); *see generally United States v. Melot*, 2012 WL 6204139, at \*6 (D.N.M. Oct. 29, 2012), *aff'd in part*, 562 F. App'x 646 (10th Cir. 2014) (citing *Vance v. United States ex rel. Dowie,* 109 F. App'x 294, 296, 2004 WL 2005930, \*2 (10th Cir.2004) (concluding that, because the taxpayer "had the opportunity . . . to challenge the tax assessments and liens in Tax Court," he could not later "attempt to litigate or relitigate those issues years later" by "collaterally attacking the assessments" in a separate suit in district court)).[10]

### III.    Plaintiff's Motion for Summary Judgment

In his Motion for Summary Judgment, Plaintiff seeks summary judgment against the United States on (1) Count II in the Amended Complaint, which seeks a refund under 26 U.S.C. § 6213(a); and (2) Count III, which seeks a return for surplus proceeds under 26 U.S.C. 6343 and 6342(b).  Doc. 251 at 1.

As an initial matter, on January 29, 2020, and January 22, 2021, respectively, the Court addressed and disposed of Plaintiff's arguments in Count III of his Amended Complaint related to his alleged unauthorized collection pursuant to 26 U.S.C. § 7433, and specifically addressed Plaintiff's arguments based on 26 U.S.C. §§ 6342(b) and 6343.  *See* Docs. 139, 143, 241, 253. Notably, Plaintiff did not seek relief from either of the Court's judgments nor did Plaintiff file notices of appeal.  Accordingly, the Court finds that Plaintiff's attempt to relitigate or raise new arguments related to Count III by way of his Motion for Summary Judgment are not properly before the Court.

---

[10] Having found that the United States is entitled to summary judgment on Plaintiff's claim for refund pursuant to § 6213(a), the Court does not address the United States' alternative grounds for summary judgment.  Similarly, the Court does not address Plaintiff's corresponding arguments in response.

As for Plaintiff's Motion for Summary Judgment regarding what remains of Count II, Plaintiff repeats his arguments as stated in his Response to the United States' Motion for Summary Judgment, *i.e.*, that the IRS never mailed or delivered notices of deficiency to him, that the United States has failed to produce sufficient evidence demonstrating the existence and mailing of the notices of deficiency, and that the March 2011 Levy was never released such that even if the Court were to find sufficient notices were mailed he is entitled to a refund of the excessive funds collected pursuant to that levy.[11]  Doc. 251 at 5-9.

The Court finds Plaintiff's arguments are unavailing.  The Court has found that the United States has provided sufficient evidence to create a rebuttable presumption that notices of deficiency for the tax years 1998, 1999 and 2005 existed and were properly mailed to Plaintiff. *See* Section II.E.3., *supra*.  Moreover, in the face of this rebuttable presumption, Plaintiff has failed to present any clear and convincing evidence in rebuttal.[12]  See *Cropper,* 826 F.3d at 1285 (explaining that once the IRS has satisfied its burden of showing that deficiency notices existed and were mailed to the taxpayer, the burden shifts to the taxpayer who must rebut with clear and convincing evidence).  As such, the Court has recommended that summary judgment be entered in favor of the United States on Plaintiff's claim for refund pursuant to § 6213(a) because, in the face of properly mailed notices of deficiency, the IRS did not violate the provisions of Section

---

[11] On December 18, 2020, the Court entered Magistrate Judge's Proposed Findings and Recommended Disposition in which the Court found that Plaintiff had failed to present any evidence to support his allegation that the IRS collected excess funds based on the March 2011 Levy or that he had suffered "actual, direct economic damages" for the IRS's alleged failure to release the March 2011 Levy.  Doc. 241 at 25-30.  On January 22, 2021, the Court entered an Order Overruling Plaintiff's objections and Adopting Magistrate Judge's Proposed Findings and Recommended Disposition. Doc. 253.  Thus, the Court has already fully addressed and disposed of this issue.

[12] Plaintiff attached a Declaration to his Motion for Summary Judgment in which he declares that the United States did not disclose Notices of Deficiency as part of its initial disclosures, that he has not found any "over-assessment schedules" as described in 26 U.S.C. § 6407, and that the United States failed to make any expert witness disclosures as described in Rule 26(a)(2).  Doc. 252.  Plaintiff has failed to demonstrate how his Declaration creates an issue of fact in light of the undisputed material evidence the United States provided in support of its Motion for Partial Summary Judgment.  The Court does not address the United States' argument that Plaintiff's Declaration should be stricken because the Court has already found that the United States is entitled to summary judgment.

6213(a) when it levied and collected funds pursuant to the March 2011 Levy. *Walcott*, 2017 WL

2901712, at *3-5.

## IV.     RECOMMENDATION

For all of the foregoing reasons, the Court finds that the United States' Moton for Partial

Summary Judgment on the Section 6213 Action (Doc. 247) is well taken and recommends that

it be **GRANTED**.  The Court further finds that Plaintiff's Motion for Summary Judgment

Against United States (Doc. 251) is not well taken and recommends that it be **DENIED**.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**