IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL LUNNON,

      **Plaintiff,**

    vs.                                                                                  Civ. No. 16-1152 MV/JFR

UNITED STATES OF AMERICA, *et al.*,

      **Defendants.**

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS
### AND ADOPTING MAGISTRATE JUDGE'S
### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Plaintiff's Motion to Dismiss United States' Counterclaims or Alternatively for Judgment on the Pleadings ("Motion to Dismiss"), filed January 15, 2021.  Doc. 246.  This matter is also before the Court on the United States' Motion for Summary Judgment on Counterclaims ("Motion for Summary Judgment"), filed January 20, 2021.  Doc. 249.  In his Proposed Findings and Recommended Disposition ("PFRD"), filed June 23, 2021, United States Magistrate Judge John F. Robbenhaar recommended that the Court deny Plaintiff's Motion to Dismiss, deny Plaintiff's Motion for Judgment on the Pleadings, and grant the United States' Motion for Summary Judgment.  Doc. 270.  On July 7, 2021, Plaintiff timely filed Plaintiff's Objections to the PFRD ("Objections") which are now before the Court.  Doc. 271.

    District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).  "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); 28 U.S.C.

§ 636(b)(1).  When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

In light of the foregoing standards, the Court has considered the motions, responses, replies, and Plaintiff's Objections, and has conducted a *de novo* review.  Based on this review, and for the reasons discussed below, the Court finds that Plaintiff's Objections to the Magistrate Judge's PFRD are unfounded and they are overruled.

    A.    **Authorization Pursuant to 26 U.S.C. § 7401**

Plaintiff argued in his Motion to Dismiss that the Court lacked subject matter jurisdiction over the United States' Counterclaims.  Plaintiff explained that because he denied in his Answer that the United States had the authority to proceed against him pursuant to 26 U.S.C. § 7401, the United States was required to specifically demonstrate that it obtained authorization prior to proceeding with its civil tax enforcement action.  Doc. 246 at 3-4.  Plaintiff contended that his

attack on subject matter jurisdiction was factual.  Doc. 246 at 1-3.  Plaintiff reasserted the same subject matter jurisdiction argument in his Response to the United States' Motion for Summary Judgment.  Doc. 256 at 1-2.

The Magistrate Judge found that Plaintiff's subject matter jurisdiction argument presented a facial attack and that, accepting the allegations in the United States' Counterclaims as true, the United States had properly pled its compliance with Section 7401, thereby avoiding dismissal.  Doc. 270 at 3-8.  The Magistrate Judge further found that, because the United States attached declarations to its Reply to its Motion for Summary Judgment in which legal counsel attested to obtaining the authorization required pursuant to 26 U.S.C. § 7401, there was no evidence from which a reasonable jury could find that the United States had not satisfied the specific authorization required to proceed with its civil tax enforcement action against Plaintiff. *Id.*

Plaintiff objects to the Magistrate Judge's findings, rearguing that his challenge to the Court's subject matter jurisdiction amounts to a *factual* attack and that the Magistrate Judge incorrectly determined that his attack was *facial*.  Doc. 271 at 1, 2-5.  Citing *Stump v. Gates*, 211 F.2d 527 (10th Cir. 2000), Plaintiff also argues that the Magistrate Judge's reliance on the declarations attached to the United States' Reply to its Motion for Summary Judgment was improper because evidence presented for the first time in a reply should not be considered.  *Id.*  Lastly, Plaintiff argues that the Magistrate Judge improperly ignored evidence that he submitted via a Declaration attached to his Response to the United States' Motion for Summary Judgment that demonstrates that "the only document that ever existed on the matter [of § 7401 authorization was] an unsigned/unexecuted authorization. . ."  *Id.*

3

Plaintiff's objections are unfounded. The Court agrees with the Magistrate Judge's finding that Plaintiff's subject matter jurisdiction attack is *facial*. Here, Plaintiff's challenge to the Court's subject matter jurisdiction is based on the face of the pleadings, *i.e.,* that the United States' allegation regarding its authority to proceed was *insufficient*. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (A facial attack challenges the sufficiency of the complaint's allegations as to subject matter jurisdiction.). By comparison, Plaintiff is not challenging the truth of the allegation, *i.e.,* that even if sufficiently pled, the United States would not be authorized to bring a civil tax enforcement action. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (In a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.). Additionally, the Magistrate Judge discussed the case law that Plaintiff cited and explained it was distinguishable (Doc. 270 at 6), and then cited case law from this district that was directly on point (*Id.* at 6-7). *See United States v. Pfannenstiel*, A.F.T.R.2d 2004-965, at *1 (D.N.M. Feb. 15, 2001);[1] *see also United States v. RL Trove, Inc.*, EDCV019-2344, 2020 WL 2542618, at *1-2 (C.D. Cal. Feb. 21,

---

[1] The magistrate judge cited *United States v. Pfannenstiel*, 93 A.F.T.R.2d 2004-965, at *1 (D.N.M. Feb. 15, 2001), in which United States District Judge Bruce Black addressed the very same argument that Plaintiff raises here, *i.e.,* whether the Court lacked subject matter jurisdiction because the civil tax enforcement action allegedly was not authorized by the Secretary of the Treasury and because the taxpayer defendant denied the allegation such that there could be no presumption regarding authorization for this type of action and that the issue must be put to proof. *Id.* The defendant in that action, Mr. Pfannenstiel, even cited the same case that Plaintiff cites here, *U.S. v. Twenty-Two Firearms*, 463 F. Supp. 730 (D. Colo. 1979). Judge Black disagreed and ruled that

> [o]n a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The motion to dismiss should be denied. *The United States has properly pled that it has met the requirements of 26 U.S.C. § 7401, which includes the authorization of the Secretary of the Treasury.*

*Id.* (emphasis added).

2020).² Plaintiff's argument, therefore, that his subject matter jurisdiction attack is factual is not supported.

     Next, the Court finds no error in the Magistrate Judge's reliance on the United States' declarations to find that no reasonable jury could find that the United States had not satisfied the specific authorization required to proceed with its civil tax enforcement action. Although it is correct that "the general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief," *see Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) (quoting *M.D. Mark, Inc. v. Kerr–McGee Corp.,* 565 F.3d 753, 768 n. 7 (10th Cir. 2009)), the United States did not raise this issue for the first time in its Reply.³ To the contrary, Plaintiff raised the issue of whether the United States complied with 26 U.S.C. 7401 in both his Motion to Dismiss, *see* Doc. 246 at 3-4, *and* in his Response to the United States Motion for Summary Judgment. Doc. 256. As such, it is disingenuous of Plaintiff to argue that the United States raised this issue for the first time in its Reply to the Motion for Summary Judgment when the United States was merely responding to Plaintiff's argument first set forth in his Response.

---

² Similarly, in *RL Trove,* the taxpayer defendant challenged the court's subject matter jurisdiction based on the United States' alleged failure to satisfy the requirements of, *inter alia*, 26 U.S.C. § 7401, where the complaint failed to state that the action was commenced and authorized by the "Secretary." 2020 WL 2542618, at *1-2. The court explained that the defendant's attack on subject matter jurisdiction was *facial, i.e.,* the defendant asserted that the allegation contained in the complaint was insufficient on its face to invoke federal jurisdiction. *Id.*

³ Plaintiff cites, but misstates, *Stump v. Gates*, 211 F.2d 527, 533 (10th Cir. 2000), to support his argument that a court does not ordinarily consider "issues/evidence" raised for the first time in a reply brief. In *Stump*, the Tenth Circuit stated, "[t]his court does not ordinarily review *issues* raised for the first time in a reply brief," with no mention of evidence. *Id.* (emphasis added). Plaintiff's mischaracterization of the case law aside, the United States did not raise this issue for the first time in its Reply.

Finally, Plaintiff has failed to demonstrate how evidence that he submitted as part of his Response to the United States' Motion for Summary Judgment – what he describes as unsigned authorizations – bears on the magistrate judge's subject matter jurisdiction findings on the Motion to Dismiss, where the allegations in the complaint are accepted as true in the face of a facial attack. As for the Motion for Summary Judgment, the United States argued that Plaintiff's Declaration should be stricken because Plaintiff invoked his Fifth Amendment right against self-incrimination during his deposition testimony and should not be allowed to offer evidence after the fact. The Magistrate Judge did not address the United States' argument because it found that the United States had provided the necessary proof of its authority in compliance with 26 U.S.C. § 7401. Doc. 270 at p. 28, n. 22. The Court finds no error with the Magistrate Judge's findings.[4]

For the foregoing reasons, the Court finds no fault with the Magistrate Judge's PFRD on this issue and overrules Plaintiff's objections.

### B.     Motion for Judgment on the Pleadings

In the alternative, Plaintiff moved for judgment on the pleadings and argued that the United States' Counterclaims failed to show that the alleged assessments came within the assessment authority found in 26 U.S.C. § 6201.[5] Doc. 246 at 4-5. Plaintiff explained that, for authority to exist for making any assessment at all, either a "determination" of tax must be made

---

[4] As part of his Declaration, Plaintiff attached two Forms 4477 – Civil Suit Recommendations and alleges that they are unsigned (representative agency department names are typed in the signature blocks). Even if the Court were to consider this "evidence," the Court initially notes that the forms do not encompass the scope of the United States' Counterclaims for unpaid tax liabilities for the tax years 2006 through 2018. *See* Doc. 257-1 at 12-13, 19-20. Further, Plaintiff's argument that these forms are the *only* evidence on the issue of authorization necessarily fails because the United States provided sworn declarations attesting to its authorization to pursue its civil tax enforcement action in full compliance with 26 U.S.C. § 7401.

[5] Section 6201 describes the Secretary of the Treasury's assessment authority for making inquiries, determinations, and assessments of all taxes. 26 U.S.C. § 6201.

on a "return or list," or deficiency procedures must be followed pursuant to 26 U.S.C. §§ 6211 and 6212.[6]  Plaintiff argued that the United States' allegations failed to address these "conditions precedent" such that it could be assumed that the conditions were not satisfied.  *Id.* at 5.  Plaintiff asserted, therefore, that the tax assessments as alleged in Defendant United States' Counterclaims must be dismissed.

Plaintiff also argued that the sole allegation for the claims made pursuant to 26 U.S.C. § 6672 was that assessments were made.[7]  *Id.* at 5-7.  Plaintiff explained that Section 6672 also imposes several "conditions precedent" for its application, which the United States failed to plead.  *Id.*  For example, Plaintiff argued that Section 6672 requires:  that a person must be "required to collect, truthfully account for, and pay over any tax imposed by" the tax code; that the person must "willfully fail to collect such tax, or truthfully account for and pay over such tax, or willfully attempt in any manner to evade or defeat any such tax or the payment thereof"; that a preliminary notice must issue before the penalty can be imposed; and that Section 6751(b) requires supervisory approval of a Section 6672 penalty.[8]  *Id.*  Plaintiff asserted that the United

---

[6] Section 6211 provides the definition of deficiency.  26 U.S.C. § 6211.  Section 6212 describes notice of deficiency procedures.  26 U.S.C. § 6212.

[7] Section 6672 provides for the procedure and administration of assessable penalties and the failure to collect and pay over tax or attempt to evade or defeat tax.  26 U.S.C. § 6672.  Section 6672's general rule states that any person who is required to collect, truthfully account for, and pay over any tax imposed by this title but willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.  26 U.S.C. § 6672(a).

[8] Section 6751(b) provides that certain penalties shall not be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher-level official as the Secretary may designate.  26 U.S.C. § 6751(b).

States failed to allege any of these factors or elements in its Counterclaims, rendering them wholly insufficient.  *Id.*

The Magistrate Judge found that the United States had pled sufficient facts in its Counterclaims with respect to Plaintiff's income tax delinquencies and Section 6672 penalties to state a claim for relief that is plausible on its face.  Doc. 270 at 12-13.  The Magistrate Judge noted that the allegations included how much tax and/or penalties and/or interest was assessed against Plaintiff and indicated that the United States had provided Plaintiff with proper notice and demand.  *Id.* at 12-13.  The Magistrate Judge also noted that the United States had attached official Account Transcripts evidencing Plaintiff's income tax delinquencies and Section 6672 penalties.  *Id*.  The Magistrate Judge found that there are no statutorily-mandated "conditions precedent" that the United States was required to plead as part of its allegations.  *Id.* at 13-14.  Lastly, the Magistrate Judge found that the United States is entitled to a "presumption of official regularity" and that Plaintiff had not presented any evidence that the United States had not properly discharged its duties or that the assessments as alleged were irregular or erroneous.  *Id.* at 14-15.

Plaintiff makes several objections to the Magistrate Judge's findings on this issue, all of which are unfounded.  The Court addresses each in turn.

      **1.**     **<u>26 U.S.C. § 6201</u>**

Plaintiff reargues that 26 U.S.C. § 6201 requires the United States to plead certain conditions precedent in its Counterclaims and that, in the absence of doing so, the United States' Counterclaims must be dismissed.  Doc. 271 at 5-9.  In support, Plaintiff cites to a number of cases that he argues demonstrate the necessity of strict compliance with statutory conditions precedent either prior to bringing suit and/or for sustaining a legal course of action.  *Id.*

To begin, Plaintiff is simply wrong that the plain language of 26 U.S.C. § 6201 or related tax assessment statutes require the United States to plead its compliance with certain "conditions precedent" as part of its allegations in a complaint. That is not to say that the United States is not required to prove it allegations and its compliance with any respective statutory requirements related to civil tax enforcement actions in order to succeed on the merits of its claims. But at the dismissal stage of legal proceedings, a complaint need not include "detailed factual allegations," but must set forth a short and plain statement of the facts sufficient to give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). Given this pleading standard and the complete absence of mandates in the relevant statutes regarding pleading requirements, the Court finds no fault with the Magistrate Judge's findings that the United States pled sufficient facts in its Counterclaims to state a claim for relief that is plausible on its face. Doc. 270 at 12-13.

Moreover, the cases to which Plaintiff cites are not applicable and fail to address the issue before the Court, *i.e.,* whether the United States' Counterclaims contained sufficient facts to avoid dismissal and/or whether the relevant statutes at issue here mandate certain pleading requirements. *See Hallstrom v. Tillamook*, 493 U.S. 20, 25-26 (1989) (involving explicit statutory requirement found in 26 U.S.C. § 6972 (Resource Conservation and Recovery Act of 1976) that precluded suit absent a mandatory 60-day notice provision); *Fedorenko v. United States*, 449 U.S. 490, 506 (1981) (addressing issue of whether an immigrant's failure to comply with congressionally imposed prerequisites to the acquisition of citizenship found in 8 U.S.C. § 1451(a) (Immigration and Nationality Act of 1952, as amended) could render his procured naturalization unlawful); *Botany Worsted Mills v. United States*, 278 U.S. 282, 288-89 (1929) (considering whether an informal agreement between subordinate officials of the bureau and a

taxpayer regarding certain deductible expenses was binding in the absence of compliance with statutory authority (Section 3229 of the Revised Statutes) when compromising tax claims; *United States v. Spain*, 825 F.2d 1426, 1427-29 (10th Cir. 1987) (deciding whether the Drug Enforcement Administration had authority to act under a particular statute, 21 U.S.C. § 811(h) **(**Authority and Criteria for Classification of Substances), to put a particular drug on Schedule I under a delegation of authority, and holding that all elements of the exercise of authority must conform strictly to the law and decisions and be accomplished by the agency having authority to act). Although this random assortment of case law supports general principles of statutory compliance when initiating suit or in proving the merits of a claim, *none* of these cases addresses the specific statutes at issue here or provide any support for Plaintiff's contention that the United States was required to plead statutory compliance as part of its allegations in its Counterclaims. Plaintiff's objection therefore is overruled.

        **2.**      **Account Transcripts**

Plaintiff argues that the Magistrate Judge's observation that "[t]he transcripts indicate that the information contained therein is from tax "return[s] or as adjusted," "deprived him of the opportunity to address the conclusion later made by the Magistrate," thus denying him due process. *Id.* at 9-10 (citing Doc. 270 at 13). "In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint." *Oxendine v. Kaplan,* 241 F.3d 1272, 1275 (10th Cir. 2001); *accord Hall v. Bellmon,* 935 F.2d 1106, 1112 (10th Cir.1991) ("A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal."). As such, the Court finds no error in the Magistrate Judge's observations drawn from the exhibits attached to the United States' Counterclaims. Plaintiff's alleged due

process argument thus is moot. Moreover, Plaintiff was accorded, and has taken his opportunity here, to make objections to the Magistrate Judge's findings, which are being fully addressed herein.

Plaintiff further argues that the United States failed to include in its allegations any argument or explanation regarding the content of the Account Transcripts that it attached to its Counterclaims. *Id.* at 9-10. In making this argument, Plaintiff mistakenly blends the standards for ruling on the merits with the standards for determining whether dismissal is appropriate. At the dismissal stage of the proceedings, the absence of legal argument is not fatal to a party's complaint because the question before the court is whether the complaint includes enough factual content to draw a reasonable inference that the defending party is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Applying this standard, Plaintiff has failed to demonstrate any such factual insufficiency in the United States' Counterclaims. This objection, therefore, is overruled.

### 3. Rule 10(c)

Plaintiff newly argues that the exhibits that the United States attached in support of its Counterclaims function as evidentiary materials and should be "disregarded as improper under Rule 10(c), as well as for violating local rule 10.6 (relevant portions of exhibits must be marked by underlining by bracketing shading, etc.)." Doc 271 at 10, fn. 4, 5. Because this issue is being raised for the first time here, it is waived. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Hinzo v. N.M. Dep't of Corr.*, No. Civ. 10-506 JB/CG, 2013 U.S. Dist. LEXIS 55104, at *2-4 (D.N.M. Mar. 29, 2013) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *United States v. Garfinkle*, 261 F.3d 1030, 1030-

31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.")).  This objection, therefore, is overruled.

### 4. Presumption of Regularity

Fourth, Plaintiff argues that

> [t]he Recommendation finally asserts the "presumption of regularity" also applies to this matter, and therefore the mere allegation of making assessments should also include a presumption they came within the limited authority of §6201(a). . . . However, *none* of the cases cited in the Recommendation involved any such presumption applying to a Rule 7 pleading, much less to a *lack of factual allegations* in a complaint that might permit such a presumption." Doc. 271 at 11 (emphasis in original).  Plaintiff argues that applying any such presumption to pleadings would fly in the face of the principle that a court cannot "supply additional factual allegations to round out" a complaint.

*Id.* (citing *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009); *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)).  Plaintiff's objection misstates the Magistrate Judge's findings as to the "presumption of regularity."  The Magistrate Judge did not apply a presumption of regularity to the pleading standard but rather applied a presumption of regularity to the procedures used and the evidence relied upon by the government to determine that the tax assessments made against Plaintiff had a rational foundation.  This objection, therefore, is overruled.

### 5. 26 U.S.C. 6213(a)

Plaintiff argues that he mentioned in his Motion to Dismiss that the tax claims were presumptively barred by 26 U.S.C. 6213(a) since no allegations exist about the issuance of any deficiency notices.  Doc. 271 at 11.  Although Plaintiff's Motion to Dismiss "mentioned" that he denied in his Answer the United States' Counterclaims on this basis, Plaintiff neither relied on nor developed this argument as grounds to dismiss the United States' Counterclaim.  The Court, therefore, will not consider this argument now for the first time in Plaintiff's Objections.

*Garfinkle*, 261 F.3d at 1030-31; *see also Utahns for Better Transp. v. U.S. Dep't of Transp.,* 305 F.3d 1152, 1169 (10th Cir. 2002) (one-sentence argument waived because not adequately briefed).  This objection, therefore, is overruled.

### 6. **26 U.S.C. § 6672**

Plaintiff reargues that, like 26 U.S.C. § 7401, 26 U.S.C. § 6672 imposes several conditions precedent that the United States failed to plead as part of its allegations.  Plaintiff points to no language within 26 U.S.C. § 6672, nor can this Court find any, that mandates pleading requirements.  Again, this does not mean that the United States does not have to comply with relevant statutory requirements in proving the merits of its case.  But in the absence of any mandated pleading requirements, under the applicable legal standard for determining whether a complaint is subject to dismissal for failure to state a claim, Plaintiff has failed to demonstrate that the United States' allegations pursuant to 26 U.S.C. § 6672, as set forth in its Counterclaims, are insufficient to state a claim for relief that is plausible on its face.  This objection, therefore, is overruled.

For the foregoing reasons, the Court finds no fault with the Magistrate Judge's PFRD related to Plaintiff's Motion for Judgment on the Pleadings and overrules Plaintiff's objections.

### C. **Motion for Summary Judgment**

The United States moved for summary judgment on its Counterclaims and provided evidence that it had satisfied its burden of demonstrating Plaintiff's tax liabilities for the years 2006 through 2018 and had satisfied its burden of proof that valid Section 6672 assessments were made against Plaintiff.  Doc. 250 at 19-30.  The Magistrate Judge found that Plaintiff failed to present any evidence to create disputes over material facts that might affect the outcome of the suit under the governing law that precludes the entry of summary judgment.  Doc. 270 at 28-29.

The Magistrate Judge also found that Plaintiff's procedural arguments, which included Plaintiff's argument that the Motion for Summary Judgment went beyond the allegations in the United States' Counterclaims, were without merit and failed to carry any probative weight. *Id.* at 29-38.

Plaintiff objects to the Magistrate Judge's findings and reargues that by considering the arguments and evidence presented in the United States' Motion for Summary Judgment, the Magistrate Judge allowed the United States to improperly amend its Counterclaims. Doc. 271 at 15-17. Plaintiff explains that the sole issues raised in the United States' Counterclaims "were about the mechanical recording of assessments, and issuance of payment demands," and that the United States failed to allege any grounds on which its claims were based. *Id.* Plaintiff further explains that in its Motion for Summary Judgment, the United States went beyond its "naked assessment and payment demand notices" and alleged issues not addressed in its Counterclaims. *Id.* This, Plaintiff argues, constituted an attempted constructive amendment. *Id.*

The Court overrules Plaintiff's objection. In the PFRD, the Magistrate Judge correctly noted that the United States pled in its Counterclaims that a delegate of the Secretary of the Treasury assessed against Michael Lunnon income Form 1040 taxes, penalties, interest, and statutory additions for the years 2006 through 2018 in the amount of $1,144,529.87 as of March 2, 2020.[9] Doc. 270 at 30 (citing Doc. 148 at 6-8, ¶¶ 58, 59, Exhibit B). The Magistrate Judge also noted that the United States pled that a delegate of the Secretary of the Treasury assessed against Michael Lunnon trust fund recovery penalties pursuant to 26 U.S.C. § 6672 with respect to unpaid employment (Form 941) taxes of LG Kendrick, LLC, for 2010 in the amount of

---

[9] The United States' Counterclaims detailed the amounts owing for each year and included the tax assessed, late filing penalties, no-prepayment penalties, late payment penalties, and interest. Doc. 148 at 6-8.

$26,331.21.[10] *Id.* (citing Doc. 148 at 8-9, ¶ 60, Exhibit C). The Magistrate Judge explained that in its Motion for Summary Judgment, the United States did nothing more than support its factual position as to its two claims as provided for in Rule 56. *Id.* (citing Fed. R. Civ. P. 56(c) (providing in pertinent part that (1) a party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact)). The Magistrate Judge found that Plaintiff's argument of constructive amendment was unsubstantiated because the two claims alleged in the United States' Counterclaims were the same two claims on which the United States moved for summary judgment, and that Plaintiff had failed to present any evidence from which a reasonable jury could find that the United States' Motion for Summary Judgment went beyond its Counterclaims. *Id.* The Court finds no fault with the Magistrate Judge's findings.

For the foregoing reasons, Plaintiff's objection to the Magistrate Judge PFRD on this issue is overruled.

## CONCLUSION

In sum, following its *de novo* review and having addressed Plaintiff's Objections, the Court finds no fault with the Magistrate Judge's PFRD.

---

[10] The United States' Counterclaims detailed the amounts owing for each quarter and include the penalty assessed and interest. Doc. 148 at 9.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections are **OVERRULED** and the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 270) are **ADOPTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss United States' Counterclaims or Alternatively for Judgment on the Pleadings, filed January 15, 2021 (Doc. 246), is **DENIED.**

**IT IS FURTHER ORDERED** that the United States' Motion for Summary Judgment on Counterclaims, filed January 20, 2021 (Doc. 249), is **GRANTED**.

**IT IS FURTHER ORDERED** that judgment is entered against Plaintiff for tax liabilities assessed against him for the tax years 2006 through 2018 in the amount of $1,185,680.96 as of January 5, 2021, plus prejudgment and post judgment interest on those amounts at the rates set forth in 26 U.S.C. §§ 6601, 6621, and 28 U.S.C. § 1961(c) until paid.

**IT IS FURTHER ORDERED** that judgment is entered against Plaintiff for trust fund recovery penalties assessed against him for the tax year 2010 in the amount of $27,185.44 as of January 5, 2021, plus prejudgment and post judgment interest on those amounts at the rates set forth in 26 U.S.C. §§ 6601, 6621, and 28 U.S.C. § 1961(c) until paid.

_____
MARTHA VAZQUEZ
United States District Judge