IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL LUNNON,

      Plaintiff,

vs.                                                   Civ. No. 16-1152 MV/JFR

UNITED STATES OF AMERICA, *et al.*,

      Defendants.

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on United States' Motion for Partial Summary Judgment on the Section 6213 Action, filed January 19, 2021. Doc. 247. This matter is also before the Court on Plaintiff's Motion for Summary Judgment Against the United States, filed January 21, 2021. Doc. 251. In his Proposed Findings and Recommended Disposition ("PFRD"), filed July 8, 2021, United States Magistrate Judge John F. Robbenhaar recommended that the Court grant the United States' Motion for Partial Summary Judgment, and deny Plaintiff's Motion for Summary Judgment. Doc. 272. On July 20, 2021, Plaintiff timely filed Plaintiff's Objections to the PFRD ("Objections") which are now before the Court. Doc. 273.

      District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal, "[t]he district judge

must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

The Court has considered the motions, responses, replies, and Plaintiff's Objections in light of the foregoing standards, and has conducted a *de novo* review. Based on this review and for the reasons discussed below, the Court finds that Plaintiff's Objections to the Magistrate Judge's PFRD are unfounded and thus are overruled.

    A.    **United States' Motion for Partial Summary Judgment**

The United States moved for summary judgment on what remained of Count II of Plaintiff's Amended Complaint in which Plaintiff alleged that

> 17. Prior to defendant issuing its Notice of Levy, no district director or service center director had issued any Notice(s) of Deficiency to plaintiff regarding the claims made, as required under 26 U.S.C. §6212 and 26 C.F.R. § 301.6212-1. Its forced, levy collection action was in violation of 26 U.S.C. § 6213(a) (no assessment or collection action allowed absent valid notice of deficiency).

Doc. 104 at 4-5. Plaintiff further alleged in the absence of proper notice that

      18. 26 U.S.C. § 6213(a) expressly provides for automatic refunds of monies collected in violation of the statute ("and a refund may be ordered by such court of any amount collected within the period during which the Secretary is prohibited from collection by levy . . . under the provisions of this subsection.")

      . . . .

      20. Pursuant to 26 U.S.C. § 6213(a), plaintiffs [sic] seek an automatic refund of all funds taken by defendant, plus any statutory interest. As of the date of this Complaint, defendant has collected $70,538.80 (on a levy notice which alleged only $44,528.81 was purportedly due).

Doc. 104 at 4-5.

      In the PFRD, the Magistrate Judge began his analysis by determining whether the IRS provided sufficient evidence that notices of deficiency for the tax years 1998, 1999, and 2005 existed and were properly mailed to Plaintiff as required by 26 U.S.C. § 6212. Doc. 272 at 10. Having found that the IRS met its burden and that Plaintiff had offered no evidence in rebuttal, the Magistrate Judge found that no reasonable factfinder could find that Plaintiff had carried his burden of proving that the IRS collected funds in violation of the provisions of 26 U.S.C. § 6213(a). *Id.* at 17-25. Because Plaintiff was not entitled to a refund, the Magistrate Judge did not address whether Plaintiff had legal standing to seek a refund of the funds that he alleged were improperly levied from his alter ego LG Kendrick.

      Plaintiff objects to the Magistrate Judge's findings that the IRS met its burden of establishing both the existence and proper mailing of notices of deficiency for the tax years 1998, 1999, and 2005. Doc. 272 at 1-4. Plaintiff argues that controlling Tenth Circuit authority, *Cropper v. Comm'r of Internal Revenue*, 826 F.3d 1280 (10th Cir. 2016), mandates that the IRS is only entitled to a rebuttable presumption of proper mailing when it (1) establishes the existence of a notice of deficiency and (2) produces a properly completed PS Form 3877 certified mail log. *Id.* Plaintiff further argues that when the government fails to meet the

3

requirements of this rebuttable presumption, the court's reliance on "otherwise sufficient" evidence is only applicable in the face of a deficient, as opposed to missing, PS Form 3877. *Id.* Plaintiff contends that the United States failed to produce copies of notices of deficiency or PS Forms 3877 for the tax years 1998 and 1999, and failed to produce a PS Form 3877 for the tax year 2005.[1][2] *Id.* In the absence of this specific evidence, therefore, Plaintiff asserts that the

---

[1] In a footnote, Plaintiff asserts that *Cropper* also addressed whether the "last known address" was used in any deficiency notice and that here there is no evidence regarding what mailing address may have been used for the years 1998 or 1999, or that the address used on the 2005 notice was his "last known address." Doc. 273 at 3 n.1. In *Cropper*, the Tenth Circuit noted that the IRS must send a deficiency notice to the taxpayer's "last known address" by certified mail or registered mail before it assesses liability for unpaid taxes. 826 F.3d at 1285 (citing 26 U.S.C. § 6212(a), (b)(1)). The court further noted that the IRS satisfies this obligation if it mails the notice "to the taxpayer's last known address, even if the taxpayer does not actually receive the notice." *Id.* (citing *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992); *see also Tatum v. Comm'r*, 85 T.C.M. (CCH) 1200, 2003 WL 1918914, at *3 n.4 (2003) (noting that IRS satisfies § 6212's mailing requirement by sending notice to taxpayer's last known address "regardless of receipt or nonreceipt")); *Mabbett v. Comm'r*, 610 F. App'x 760, 763 (quoting *Gryorgy v. Comm'r*, 779 F.3d 466, 473 (7th Cir. 2015) (The last known address rule "gives the IRS a safe harbor by permitting constructive notice where, for instance, the taxpayer has failed to inform the [IRS] of a change of address. Congress was concerned that requiring actual notice in such cases would impose an almost impossible burden on the IRS to keep track of every taxpayer's whereabouts."). The Magistrate Judge's PFRD addressed this issue (Doc. 272 at 19-23) and the Court finds no fault with his findings. As explained therein, Plaintiff has provided no evidence whatsoever of what should have been considered his "last known address" within the meaning of the regulations. *See* 26 C.F.R. § 301.6212-2(a) (a taxpayer's last known address is the address that appears on the taxpayer's most recently filed federal tax return unless the IRS is given clear and concise notification of a different address). Moreover, the burden is on Plaintiff to provide evidence to overcome the presumption that the IRS acted properly under the statute by complying with the requirement to mail the notices to his last known address. *See United States v. Ahrens*, 530 F.2d 781, 785 (8th Cir. 1976) (quoting *United States v. Chemical Found., Inc.,* 272 U.S. 1, 14–15 (1926)) (as a general rule the United States is entitled to "the presumption of official regularity," which is that "'in the absence of clear evidence to the contrary, courts presume that [public officers] have properly discharged their official duties.'"). Plaintiff has not done so here. Plaintiff's argument, therefore, is unfounded and his Objections on this basis to the Magistrate Judge's findings are overruled.

[2] In a footnote, Plaintiff reargues, without more, that the United States' inability to retrieve notices of deficiency for 1998 and 1999 should create an inference that they do not exist. Doc. 273 at 3-4 n.2. The Magistrate Judge's PFRD addressed this argument and the Court finds no

Magistrate Judge improperly relied on "otherwise sufficient" evidence to determine that the United States had met its burden of establishing the existence and proper mailing of notices of deficiency for the tax years at issue.³  *Id.*

---

fault with his findings.  *See* Doc. 272 at 19 n.8.  Plaintiff's argument, therefore, is unfounded and his Objections on this basis to the Magistrate Judge's findings are overruled.

In the same footnote, Plaintiff also reargues, without more, that in his Declaration attached to his Motion for Summary Judgment, he declared that he had not received notices of deficiency of certified mailing records for the tax years at issue here as part of the United States Rule 26(a) disclosures, and that under Rule 37(c), the lack of disclosure would bar any attempt to use the undisclosed deficiency notices (if any actually exist), without substantial justification for the lack of disclosure.  *Id.*  In its Motion for Summary Judgment, however, the United States did not rely on undisclosed notices of deficiency or certified mailing records for the tax years 1998 and 1999. To the contrary, the United States conceded that they could not be found.  Doc. 272 at 19. Instead, the United States produced Forms 4340 and provided declaration testimony as evidence of the existence and proper mailing of the notices of deficiency for 1998 and 1999.  *Id.* at 19-22. Further, the notice of deficiency for 2005 attached to the United States' Motion for Summary Judgment has been part of the record in this case since October 6, 2017 (*see* Doc. 68-1). Moreover, the United States did not rely solely on the 2005 notice of deficiency as evidence, but also provided a Form 4340 and declaration testimony as evidence of the existence and proper mailing of the notice of deficiency for 2005.  *Id.* at 22-23.  As such, any argument regarding the nondisclosure of the 2005 notice of deficiency pursuant to Rule 26(a) is irrelevant in the face of otherwise sufficient evidence.  Plaintiff's argument, therefore, is unfounded and his Objections to the Magistrate Judge's findings on this basis are overruled.

³ In a footnote, Plaintiff, without more, reasserts his objections to the declarations that the United States provided in support of its Motion for Summary Judgment.  Doc. 273 at 4 n.3.  The Magistrate Judge's PFRD fully addressed Plaintiff's Objections to the Fourth Declaration of Brenda Garcia and the Attached Exhibits, and the Court finds no fault with his findings.  *See* Doc. 272 at 12-16.   Plaintiff's argument, therefore, is unfounded and his Objections on this basis to the Magistrate Judge's findings are overruled.

In the same footnote, Plaintiff argues that the United States provided no argument that the Certificate of Assessments "are made in violation of the federal Privacy Act (5 U.S.C. § 552a(e)(4)), and because of this they cannot be considered any sort of 'official record.'"  *Id.*  However, Plaintiff raised this issue for the first time in his Reply.  *See* Doc. 264 at 3-5.  As such, it is waived.  "The general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief."  *See Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) (quoting *M.D. Mark, Inc. v. Kerr–McGee Corp.,* 565 F.3d 753, 768 n. 7 (10th Cir. 2009)).

Plaintiff's narrow interpretation of "otherwise sufficient" evidence is not supported by *Cropper* or any other relevant case law. In *Cropper*, the taxpayer sought judicial review in Tax Court after disagreeing with the IRS's Office of Appeals' determination that notices of tax deficiency had been properly mailed and that the IRS had met all applicable requirements to proceed with a levy action. 826 F.3d at 1283-84. The Tax Court sustained the Office of Appeals' determination and the taxpayer appealed to the Tenth Circuit. *Id.* at 1284-85. The taxpayer argued, *inter alia,* that the IRS failed to prove that it mailed the deficiency notices as required by 26 U.S.C. § 6212(a). *Id.* at 1285. More specifically, the issue was whether a defective PS Form 3877 precluded a presumption of proper mailing. *Id.* at 1285-86. The Tenth Circuit, citing *Welch v. United States*, 678 F.3d 1371 (Fed. Cir. 2012), explained that even when the IRS is not entitled to a presumption of mailing due to a defective PS Form 3877, it "may meet its burden [of proof] with evidence that is 'otherwise sufficient.'" *Cropper*, 826 F.3d at 1286 (citing *Welch*, 678 F.3d at 1377 (quoting *O'Rourke v. United States*, 587 F.3d 537, 541 (2d Cir. 2009)). The Tenth Circuit found that the defects in the PS Form 3877 were minor and, similar to the court's holding in *Welch*, explained that the IRS had come forward with other evidence that the mailing procedures were followed.[4] *Cropper*, 826 F.3d at 1286-87. The Tenth

---

[4] The Tenth Circuit noted:

> Specifically, the settlement officer reviewed Cropper's IRS account transcripts to verify that the IRS issued deficiency notices before assessing tax liabilities against Cropper. The officer also confirmed that the IRS used Cropper's Norwood address – the address on file with the IRS since 2003 – not only for mailing the deficiency notices, but also to mail the lien notice, the levy notice, and all correspondence relating to the CDP hearing. And the officer noted that Cropper's IRS account transcripts didn't reflect that the Postal Service returned as undeliverable any correspondence mailed to the Norwood address.

826 F.3d at 1286. The court further noted that the administrative record included Forms 4340. *Id.* at 1287.

Circuit, therefore, affirmed the IRS Office of Appeals' determination that the IRS had properly mailed notices of tax deficiency to the taxpayer's last known address. *Id.*

The *Cropper* court's reliance on the standards set forth in *Welch* for determining whether the evidence submitted by the IRS is sufficient to demonstrate timely mailing of a notice of deficiency is significant and relevant to the facts at issue here. In *Welch*, the taxpayers contended that the IRS failed to present evidence that it timely mailed notices of deficiency and, in particular, that the IRS's failure to produce a PS Form 3877 or the information contained on PS Form 3877 in a different format was dispositive. 678 F.3d at 1376. The IRS argued that a PS Form 3877 was not necessary in all circumstances and that its production of date-stamped notices of deficiency, certified mail return-receipt cards, and a computer-generated control card matching the amounts listed on the Forms 4340 was otherwise sufficient to support its contention that notices of deficiency had been mailed to the appellants. *Id.* at 1377. The court in *Welch* ultimately determined that because the government possessed copies of the notice of deficiency to demonstrate timely mailing, the government need only produce a completed PS Form 3877 *or otherwise sufficient documentation of certified mailing*. *Id.* at 1379-80. The court determined that the evidence the IRS submitted *in the absence of the PS Form 3877* was "otherwise sufficient." *Id.*

In reaching that determination, and important for our purposes here, the *Welch* court discussed other courts' analyses of the sufficiency of the evidence presented to establish timely mailing of a notice of deficiency. *Id.* at 1377-78. Using those decisions for general guidance, the court structured standards for determining whether evidence submitted by the IRS was

7

sufficient to demonstrate the existence and timely mailing of a notice of deficiency. The court explained:

> First, we find that the government bears the burden of proving proper mailing of a notice of deficiency by competent and persuasive evidence. *Butti [v. Comm'r],* 95 T.C.M. (CCH) 1321, 2008 WL 898822 at *3 [(2008)]; *Coleman [v. Comm'r],* 94 T.C. [82] at 90 [(1990)]. Next, where the IRS has (1) established the existence of a notice of deficiency and (2) produced a properly completed PS Form 3877 certified mail log it is entitled to a presumption of mailing, and the burden shifts to the taxpayer to rebut that presumption by clear and convincing evidence. *See, e.g., [United States v.] Ahrens*, 530 F.2d [781,] 784-85 [(5th Cir. 1976)]. **In the absence of a properly completed PS Form 3877, where the existence of a notice of deficiency is not in dispute, the government must come forward with evidence corroborating an actual timely mailing of the notice of deficiency. The evidence presented to prove timely mailing may include documentary evidence as well as evidence of mailing practices corroborated by direct testimony.** *See e.g., Byk v. Comm'r*, 46 T.C.M. (CCH) 1189 (1983) (explaining that, when a Form 3877 is not available, mailing of a deficiency notice in compliance with I.R.C. § 6212(b) may be established "as any other pertinent fact by other competent evidence such as the testimony of [the IRS's] agents"). *See also Butti*, 95 T.C.M. (CCH) 1321, 2008 WL 898882 at *2; *Coleman*, 94 T.C. at 90. But that evidence must directly corroborate the mailing of the specific notice of deficiency at issue on a date certain.
>
> **Where the parties dispute the existence of the notice of deficiency itself, the government bears the burden of establishing both the existence of the notice itself, as well as timely mailing of that specific notice**. *See, e.g., [United States v.] Zolla*, 724 F.2d [808], 810 [(9th Cir. 1984)]; *Ahrens*, 530 F.2d at 784-86. Evidence of a mere mailing absent corroboration that the notice of deficiency was actually created is insufficient to meet the government's burden. *Pietanza [v. Comm'r]*, 92 T.C. 729 [(T.C. 1989)]; *Butti*, 95 T.C.M. (CCH) 1321.

*Id.* at 1378-79 (emphasis added). Applying these standards here, as the Tenth Circuit did in *Cropper*, the Court finds no error in the Magistrate Judge's PFRD.

As for the 2005 tax year, it is undisputed that the United States produced a copy of the Notice of Deficiency. Doc. 68 at 2, ¶ 4 (Ex. 1.) Where, as here, the existence of a notice is not in dispute, and in the absence of a properly completed PS Form 3877, the government must come forward with evidence corroborating an actual timely mailing of the notice of deficiency. *Welch*, 678 F.2d at 1278. The evidence presented to prove timely mailing may include documentary

8

evidence as well as evidence of mailing practices corroborated by direct testimony. *Id.* Here, as noted in the Magistrate Judge's PFRD, the IRS produced a Form 4340 for the 2005 tax year, which is probative evidence in and of itself and "in the absence of contrary evidence, [is] sufficient to establish that notices and assessments were properly made." *United States v. Meyer*, 120 A.F.T.R.2d 2017-5217, 2017 WL 3016761, *4 (2017) (quoting *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) and citing *Laeger v. United States*, No. 08-1549, 2010 WL 1542173, at *5 (W.D. La. Apr. 12, 2010) (holding that Form 4340 is valid evidence that government mailed a notice of deficiency)); *see also United States v. Stevenson*, No. 09-3034, 2010 WL 2490756 (E.D. Pa. June 15, 2010) (finding that the government was able to satisfy its burden of proper mailing through a Form 4340 that stated "[a]dditional tax assessed by examination audit deficiency per default of 90 day letter" and through testimony from an IRS Technical Service Advisor that the Form 4340 shows that each notice of deficiency was sent more than 90 days prior to the dates of assessment); *U.S. v. O'Callaghan*, 500 F. App'x 843, 848 (11th Cir. 2012) (explaining that with the submission of a copy of the notice of deficiency in addition to declaration of an IRS officer explaining the absence of PS Form 3877, the presumption of regularity controls).

      Here, the Form 4340 that the United States produced for 2005 specifically states: "Additional tax assessed by examination audit deficiency, 90 day letter undeliverable."[5] Doc. 248-2 at 29. In addition, the IRS provided the Declaration of IRS Agent Brenda Garcia, who declared that the notice of deficiency was mailed by certified mail (Doc. 68 at 2, ¶ 4), and that according to the Form 4340, "the IRS sent Mr. Lunnon a [Statutory Notice of Deficiency] for the

---

[5] *"The IRS satisfies its obligation to mail a notice of deficiency if the notice is sent to the taxpayer's last known address, even if the taxpayer does not actually receive the notice." Guthrie v. Sawyer*, 970 F.3d 733, 737 (10th Cir. 1992).

tax year 2005, even though the SNOD was undeliverable." Doc. 248-2 at 3, ¶¶ 6, 10. The Magistrate Judge found that the evidence that the United States produced amounted to "otherwise sufficient" evidence, and that the burden therefore shifted to Plaintiff to show that the notice of deficiency for 2005 was not mailed. Doc. 272 at 22-23. The Magistrate Judge also found that Plaintiff presented no evidence to the contrary. *Id.*

As for the 1998 and 1999 tax years, because the existence of the notices of deficiency are in dispute, and the United States did not produce PS Forms 3877, the United States bears the burden of establishing both the existence of the notice itself, as well as timely mailing of that specific notice. *Welch*, 678 F.3d at 1379. Here, as noted in the Magistrate Judge's PFRD, the United States produced Forms 4340 for both years, in which they indicate that "[a]dditional tax assessed by examination audit deficiency per default of 90 day letter." Doc. 248-2 at 5, 17. The Tenth Circuit recognizes that a Form 4340 is "presumptive[] proof of a valid assessment." *Cropper*, 826 F.3d at 1287 (quoting *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992)); *see also United States v. Meyer*, 914 F.3d 592, 594-95 (5th Cir. 2019) (explaining that there is "substantial precedent" that Form 4340 is an "appropriate source[] evidencing the IRS's assessment and notice of tax arrears.") (collecting cases)); *Rivas v. Comm'r*, 113 T.C.M. (CCH) 1268, T.C.M. (RIA) 2017-056, 2017 RIA TC Memo 2017-056 (explaining that Form 4340 satisfies requirement to verify that a valid notice of deficiency was issued to a taxpayer). Additionally, the United States produced the declaration of IRS Agency Brenda Garcia, who declared that IRS Integrated Data Retrieval System reports, which were attached, verified that notices of deficiency for 1998 and 1999 were issued and mailed to Plaintiff. Doc. 68 at 2-3, ¶¶ 5-8. Ms. Garcia further declared that it is standard practice at the IRS that notices of deficiency are mailed by certified mail to a taxpayer's last known address. *Id.*

In light of the foregoing, the Magistrate Judge found that the evidence produced by the United States amounted to "otherwise sufficient" evidence to prove the existence and proper mailing of the notices of deficiency for 1998 and 1999, and that the burden therefore shifted to Plaintiff to show that the notices of deficiency did not exist and were not mailed.  Doc. 272 at 19-22.  The Magistrate Judge also found that Plaintiff presented no such evidence to the contrary.  *Id.*  The Court finds no fault with these findings.  As such, Plaintiff's Objections based on his argument that Tenth Circuit case law mandates the production of a PS Form 3877 before the Court may consider "otherwise sufficient" evidence to find that notices of deficiency existed and were properly mailed is not supported.  Plaintiff's Objections, therefore, are overruled.

      **B.**      **Plaintiff's Motion for Summary Judgment**

In his Motion for Summary Judgment, Plaintiff sought summary judgment against the United States on (1) Count II in the Amended Complaint, which seeks a refund under 26 U.S.C. § 6213(a); and (2) Count III, which seeks a return for surplus proceeds under 26 U.S.C. 6343 and 6342(b).  Doc. 251 at 1.

In his Objections, Plaintiff argues that the Magistrate Judge's PFRD failed to determine his right to claim a refund pursuant to § 6213(a), and that he has standing to make the refund claim.  Doc. 273 at 5.  Plaintiff also argues that the Magistrate Judge failed to determine what amounts were taken under the March 2011 Levy and whether the amounts levied were properly applied, and argues that the March 2011 Levy was continuous and never released once satisfied, as required.  *Id.* at 5-8.

Plaintiff's objections are unfounded.  Having found that the United States carried its burden of producing "otherwise sufficient" evidence that notices of deficiency for the tax years 1998, 1999 and 2005 existed and were properly mailed, and that Plaintiff failed to present any

evidence to the contrary, the Magistrate Judge found that the IRS did not violate the provisions of Section 6213(a) when it levied and collected funds pursuant to the March 2011 Levy. Doc. 272 at 26-27. In the absence of any statutory violation as alleged, the Magistrate Judge found that no reasonable factfinder could find that Plaintiff had carried his burden of proving that the IRS collected funds in violation of the provisions of 6213(a). *Id.* Thus, contrary to Plaintiff's Objections, the Magistrate Judge found that Plaintiff was not entitled to claim a refund. *Id.* As such, there was no need for the Magistrate Judge to address whether Plaintiff had standing to make a refund claim because any such argument was moot.

      As to Plaintiff's Objections regarding the amount, application of, and allegedly continuous nature of the March 2011 Levy, the Magistrate Judge explained that on January 29, 2020, and January 22, 2021, respectively, the Court addressed and disposed of Plaintiff's arguments in Count III of his Amended Complaint related to his alleged unauthorized collection pursuant to 26 U.S.C. § 7433, and addressed Plaintiff's arguments based on 26 U.S.C. §§ 6342(b) and 6343. Doc. 272 at 25 (citing Docs. 139, 143, 241, 253). The Magistrate Judge specifically noted that in the December 18, 2020, PFRD (Doc. 241), which the Court adopted on January 22, 2021 (Doc. 253), the Magistrate Judge found that Plaintiff had failed to present any evidence to support his allegation that the IRS collected excess funds based on the March 2011 Levy or that Plaintiff had suffered "actual, direct economic damages" as a result of the IRS's alleged failure to release the March 2011 Levy. *Id.* at 26, n. 11 (citing Doc. 241 at 25-30). Notably, Plaintiff did not seek relief from either of the Court's Orders adopting the Magistrate Judge's findings. Thus, the Magistrate Judge correctly found that Plaintiff's attempt to relitigate or raise new arguments related to Count III by way of his Motion for Summary Judgment was

improper.  The Court finds no fault with the Magistrate Judge's findings.  Plaintiff's Objections are thus overruled.

## CONCLUSION

In sum, following its *de novo* review and having addressed Plaintiff's Objections, the Court finds no fault with the Magistrate Judge's PFRD.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections are **OVERRULED** and the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 272) are **ADOPTED**;

**IT IS FURTHER ORDERED** that the United States' Motion for Partial Summary Judgment on the Section 6213 Action, filed January 19, 2021 (Doc. 247), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment Against the United States, filed January 21, 2021 (Doc. 251), is **DENIED**.

_____
MARTHA VAZQUEZ
United States District Judge